UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTDOOR ONE COMMUNICATIONS
LLC,

      Plaintiff,

v.

CHARTER TOWNSHIP OF CANTON,

      Defendant.

_____/

Case No. 23-cv-10492

Hon. Sean F. Cox
United States District Court Judge

### OPINION & ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR TO DISMISS COMPLAINT (ECF No. 17) AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 15)

Plaintiff Outdoor One Communications LLC ("Outdoor") applied for a permit to construct a billboard in Canton Township, Michigan, and Defendant Charter Township of Canton ("Canton") denied Outdoor's application because Outdoor's sign would have exceeded the size requirements imposed by Canton's ordinances. In 2020, Outdoor challenged Canton's sign ordinances as an unconstitutional prior restraint on its speech in this Court, which granted judgment for Canton after determining that Outdoor lacked Article III standing.

Outdoor now sues Canton for a second time and again challenges the same ordinances as an unconstitutional prior restraint on the same facts that existed when this Court made its jurisdictional determination in Outdoor's first suit. Thus, this Court's determination that Outdoor lacks standing to bring its prior-restraint claim is res judicata, and this Court lacks subject-matter jurisdiction over this action as a matter of law.

1

**BACKGROUND**

Outdoor initiated this action by filing a single-count complaint on February 28, 2023, which seeks damages under 42 U.S.C. § 1983 and injunctive and declaratory relief.  (ECF No. 1).  Outdoor's claim stems from Canton's denial of its application for a permit to construct a billboard under article 6A of the Canton Charter Township Code of Ordinances ("Sign Ordinance").  (*See* ECF No. 1-2).  Outdoor claims that the Sign Ordinance is an unconstitutional prior restraint on its speech.

## I.     Factual Background

The Sign Ordinance prohibits the construction of certain signs without a permit.  (*See* ECF Nos. 1-2, 1-3).  The Sign Ordinance exempts some signs from its permitting regime, but signs that qualify as "billboards" are not exempted.  (*See* ECF No. 1-2, PageID.43–45, 75).  And individuals who are denied a permit may appeal to Canton's zoning board of appeals or apply to the board for a variance.  (*See* ECF No. 1-4).

Article 6A.24 of the Sign Ordinance prescribes restrictions on billboards.  (*See* ECF No. 1-2, PageID.75).  As relevant here, article 6A.24 provides that "[t]he maximum permitted area of a billboard shall be 160 square feet, and the sign shall not exceed 12 feet in height."  (*Id.*).  Article 6A.24 further states that "[i]n the GI district, billboards may be permitted adjacent to limited access interstate freeways."  (*Id.*).

Outdoor applied for a permit to construct a sign with an area of 360 square feet and a height of thirty feet.  (*See* ECF No. 1-5).  Canton denied Outdoor's application because "the proposed sign violated the Sign Ordinance's size and height regulations for 'billboards.'"  (ECF No. 1, PageID.12).  Outdoor alleges that "there are no 'GI' zoning districts adjacent to the only limited access interstate freeway in [Canton]," and therefore the Sign Ordinance prohibits it from erecting its proposed billboard unless it obtains a variance.  (*Id.* at 1).

Outdoor did not appeal or apply for a variance. Instead, it filed suit against Canton in this Court on April 15, 2020, and that case was presided over by Judge Victoria A. Roberts. *See Outdoor One Commc'ns, LLC v. Charter Township of Canton* ("*Outdoor I*"), No. 20-cv-10934, 2021 WL 807870 (E.D. Mich. Mar. 3. 2021).[1] In that suit, Outdoor, among other things, "attacked the Sign Ordinance as a prior restraint on speech" and sought damages under § 1983 and injunctive and declaratory relief. (ECF No. 1, PageID.2).

"A 'prior restraint' exists when the exercise of a First Amendment right depends on the prior approval of public officials." *Bronco's Ent., Ltd. v. Charter Township of Van Buren*, 421 F.3d 440, 444 (6th Cir. 2005) (quoting *Deja Vu of Nashville, Inc. v. Nashville County*, 274 F.3d 377, 400 (6th Cir. 2001)). "To be constitutional, a prior restraint must be content-neutral, narrowly tailored to serve a significant governmental interest, and leave open alternative channels of communication." *Int'l Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 697 (6th Cir. 2020).

Canton moved to dismiss Outdoor's prior-restraint claim under Fed. R. Civ. P. 12(b)(1). *See Outdoor I*, 2021 WL 807870, at *1. In support of that motion, Canton argued that "[Outdoor] has no injury that is redressable because the size regulations contained in § 6A.24 of the Sign ordinance and on which it relied to deny [Outdoor]'s application, are 'content-neutral' and permissible under the First Amendment." *Id.*

The Sixth Circuit has instructed that where "an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should "*find that jurisdiction*

---

1. In considering a motion to dismiss, this Court may consider a matter that is "referred to in the pleadings and is integral to the claims" or that is contained in a "public record" without converting the motion to a motion for summary judgment. *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

*exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). This procedural rule "provides a 'greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim.'" *Id.*

Judge Roberts held that Canton's challenge to this Court's jurisdiction over the subject-matter of Outdoor's prior-restraint claim fit this description. *Outdoor I*, 2021 WL 807870, at *1. Consequently, Judge Roberts assumed that she had subject-matter jurisdiction over Outdoor's prior-restraint claim and denied Canton's 12(b)(1) motion to dismiss that claim. *Id.*

Outdoor subsequently moved for summary judgment. *See Outdoor I*, 2021 WL 807872, at *1. Judge Roberts concluded that regardless of whether other provisions of the Sign Ordinance were unconstitutional prior restraints, Outdoor's prior-restraint claim turned on article 6A.24 because that provision "stands on its own as a distinct provision of the Sign Ordinance" and therefore was "severable."[2] *Id.* at *5–6.

Judge Roberts concluded that article 6A.24 did not offend the First Amendment because its size provisions were content neutral, and therefore any injury that Outdoor had suffered as a result of Canton's enforcement of the Sign Ordinance was not redressable. *Id.* at *6. Judge Roberts consequently denied Outdoor's motion for summary judgment. *Id.* Because redressability is a necessary element of Article III standing, *see Buchholz v. Meyer Njus Tanick,*

---

2. It is clear that Judge Roberts did not apply a traditional severability analysis to article 6A.24 because those principles hold that "if *invalid or unconstitutional* language can be *deleted* from an ordinance and still leave it complete and operative then such remainder of the ordinance [should] be permitted to stand." *Eastwood Park Amusement Co. v. Stark*, 38 N.W.2d 77, 81 (Mich. 1949) (emphasis added). Judge Roberts detailed that article 6A.24 "does not violate the First Amendment," which does not comport with the conclusion that article 6A.24 should be severed from the remainder of the Sign Ordinance if possible under the traditional severability rubric. *Outdoor I*, 2021 WL 807872, at *6.

*PA*, 946 F.3d 855, 861 (6th Cir. 2020), Judge Roberts effectively determined that this Court lacks jurisdiction over Outdoor's prior-restraint claim.[3]

In the same opinion where Judge Roberts denied Outdoor's motion for summary judgment, she gave notice under Fed. R. Civ. P. 56(f) that she would grant summary judgment for Canton "for the reasons stated in this opinion and order" unless Outdoor objected. *Id.* Outdoor filed an objection, which Judge Roberts struck from the record for "fail[ing] to point out anything specific that [Outdoor] believes the Court got wrong or why it got it wrong." (Order Striking Objection [ECF No. 27], *Outdoor I*, 2021 WL 807872 (No. 20-cv-10934), ECF No. 28, PageID.734).

Judge Roberts subsequently granted judgment for Canton on March 15, 2021. (Judgment, *Outdoor I*, 2021 WL 807872 (No. 20-cv-10934), ECF No. 29). Judge Roberts later vacated her order striking Outdoor's objections but declined to vacate her judgment for Canton. (Order Vacating Order Striking Objections [ECF No. 28], *Outdoor I*, 2021 WL 807872 (No. 20-cv-10934), ECF No. 36). Outdoor appealed, and the Sixth Circuit affirmed. *See Outdoor One Commc'ns, LLC v. Charter Township of Canton*, No. 21-1323, 2021 WL 5974157 (6th Cir. Dec. 16, 2021). This action followed.

## II.    Procedural History

Outdoor asserts that the Sign Ordinance prohibits its desired speech unless it obtains a variance, and "Canton possesses unfettered discretion in the decision to grant variances to the Sign Ordinance because the scheme lacks narrow, objective, and definite standard [sic] to guide

---

3.   And Judge Roberts's focus on article 6A.24 of the Ordinance did not change the nature of Outdoor's claim: that the Sign Ordinance *as a whole* was an unconstitutional prior restraint on its speech.

its decision." (ECF No. 1, PageID.30).  Outdoor further alleges that Canton routinely grants variances from the Ordinance in exchange for cash payments.

Outdoor contends that the Complaint "asserts the necessary allegations that the Sixth Circuit requires in order to have standing to challenge Canton's variance as an unconstitutional restraint on speech." (ECF No. 1, PageID.3).  However, the Complaint does not allege any facts with respect to redressability that were unavailable to Judge Roberts in *Outdoor I*.

Canton answered the Complaint on June 6, 2023, and asserted a defense of res judicata. (ECF No. 7).  On December 11, 2023, Outdoor moved for judgment on the pleadings under Fed. R. Civ. P. 12(c).  (ECF No. 15).  Canton filed its own motion on January 5, 2024, which seeks dismissal of Outdoor's claim under Fed. R. Civ. P. 12(b)(1) and alternatively judgment on the pleadings.  (ECF No. 17).  Both parties' motions have been fully briefed, and the Court rules on them without a hearing.  *See* E.D. Mich. L.R. 7.1(f)(2).

### III.     Canton's Res Judicata Defense

In its motion, Canton argues that *Outdoor I* is preclusive in this case in two ways.  ***First***, Canton argues that Outdoor's prior-restraint claim is barred because the judgment in *Outdoor I* is res judicata with respect to that claim.  This argument relies on traditional principles of claim preclusion, which hold that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).

***Second***, Canton argues that even if the judgment in *Outdoor I* was not merits-based, Outdoor may not relitigate the issue of whether it has Article III standing to bring its prior-restraint claim because "even where a jurisdiction-related decision is not construed as merits-based, *res judicata* still applies relative to the jurisdictional issue." (ECF No. 17, PageID.870).  This argument lay at the confluence between res judicata and the so-called "bootstrap principle,"

which "states that federal courts ordinarily have the power to determine their jurisdiction over an action." *Commodities Exp. Co. v. U.S. Customs Serv.*, 957 F.2d 223, 225 (6th Cir. 1992). Res judicata and the bootstrap principle "intersect to produce the general rule that jurisdictional determinations are given *res judicata* effect." *Id.* at 226.

If *Outdoor I*'s jurisdictional determination concerning Outdoor's prior-restraint claim is preclusive, then this Court lacks jurisdiction over the subject matter that claim. Consequently, the Court construes Canton's jurisdictional res judicata argument as grounds for its 12(b)(1) motion and addresses it at the outset. For the reasons below, *Outdoor I*'s jurisdictional determination is preclusive here and the Court lacks subject-matter jurisdiction over this action as a matter of law.

## STANDARD OF REVIEW

Canton makes a "'facial attack' on jurisdiction" in its 12(b)(1) motion, which 'merely [tests] the sufficiency of the pleading.'" *Charlton-Perkins v. Univ. of Cincinnati*, 35 F.4th 1053, 1057 (6th Cir. 2022) (alteration in original) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). Consequently, the Court "take[s] the well-pleaded allegations as true, view them in the light most favorable to [Outdoor]," and determines whether they sufficiently allege jurisdiction.

## ANALYSIS

As discussed above, this Court entered judgment for Canton on Outdoor's prior-restraint claim in *Outdoor I* because it determined that any injury that Outdoor had suffered as a result of Canton's enforcement of the Sign Ordinance was not redressable. And this determination was jurisdictional because redressability is an element of Article III standing.

Regardless of whether the judgment in *Outdoor I* was merits based, it "constitute[s] a binding determination on the jurisdictional question, which is not subject to collateral attack" in a subsequent suit "asserting essentially the same claim[], citing the same jurisdictional basis" where, as here, mutuality is present. *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977); *see also Hooker v. FEC*, 21 F. App'x 402, 405–06 (6th Cir. 2001) ("Federal courts have used preclusion to bar litigants who had been found to lack standing in a prior suit from reasserting the same claim in a subsequent suit if the facts presented by the litigant to support standing had not changed.").

Here, Outdoor alleges that the injury it suffered as a result of Canton's enforcement of the Sign Ordinance is redressable because article 6A.24 of the Ordinance is not severable. But Outdoor alleges no facts that this Court did not consider in determining that any such injury was *not* redressable because article 6A.24 of the Ordinance *was* severable. Thus, Outdoor asserts the same claim here on the same jurisdictional facts that were litigated in *Outdoor I*. Consequently, this action is tantamount to an impermissible collateral attack on this Court's jurisdictional determination in *Outdoor I*.

However, the rule prohibiting collateral attack on jurisdictional determinations "is subject to certain exceptions," and the Sixth Circuit has articulated a "[t]wo-part bootstrap analysis" to resolve whether such an exception applies. *Commodities Exp. Co.*, 957 F.2d at 226. First, the Court must determine whether this Court had the "*power* to determine its jurisdiction" over the subject-matter of Outdoor's prior-restraint claim in *Outdoor I*, which raises "questions of legislative intent." *Id.* Second, the Court must analyze whether *Outdoor I*'s jurisdictional determination "should be binding," which "raises questions of judicial policy." *Id.*

With respect to the first prong of this test, federal courts have the power to determine their own jurisdiction as a consequence of "the confidence Congress and the Constitution have reposed in Article III courts." *Id.* Thus, this Court had the power to determine its jurisdiction over the subject matter of Outdoor's prior-restraint claim in *Outdoor I*.

Concerning the second prong of the bootstrap analysis, this Court should nevertheless ignore a valid jurisdictional determination if: (1) "[t]he subject matter of the [prior] action was so plainly beyond the court's jurisdiction that its entertaining the action was a *manifest abuse of authority*"; (2) "[a]llowing the [prior] judgment to stand would *substantially infringe* the authority of another tribunal or agency of government"; or (3) [t]he [prior] judgment was rendered by a court *lacking capability to make an adequately informed determination* of a question concerning its own jurisdiction over as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction."[4] *Id.* at 228 (quoting *Restatement (Second) of Judgments* § 12 (Am. L. Inst. 1982)).

The first factor does not apply here because the subject-matter of Outdoor's prior-restraint claim sounds in federal law, and thus this Court did not manifestly abuse its authority in addressing jurisdiction in *Outdoor I*. The second factor also not apply here because *Outdoor I* was decided by this Court, which is an Article III federal district court. And the third factor also does not apply here because this Court determined that it lacked jurisdiction over Outdoor's

---

4.  *Commodities Export Co.*'s broad command that "Section 12 of the *Restatement (Second) of Judgments* sets out factors to be examined in deciding whether, as a matter of judicial *policy*, *res judicata* should attach to a court's jurisdictional determination," 957 F.2d at 228, forecloses any argument that the section 12 factors are irrelevant unless a party seeks to collaterally attack a court's jurisdiction over the subject matter of a claim to avoid the otherwise preclusive effect of that court's judgment on the merits of that claim, or prevent an opposing party from relitigating a determination that a court *possessed* jurisdiction.

prior-restraint claim in *Outdoor I* after hearing both parties.  In sum, none of the public-policy

bootstrap factors support ignoring this Court's jurisdictional determination in *Outdoor I*.

Consequently, this Court's determination in *Outdoor I* that this Court lacks jurisdiction

over Outdoor's prior-restraint claim is res judicata.

### CONCLUSION & ORDER

Res judicata principles preclude Outdoor from collaterally attacking this Court's

determination in *Outdoor I* that it lacks Article III standing to challenge Canton's Sign Ordinance

as an unconstitutional prior restraint.

Accordingly, **IT IS HEREBY ORDERED** that "Defendant's Motion for Judgment on

the Pleadings and/or to Dismiss Complaint" (ECF No. 17) is **GRANTED**, to the extent that it

seeks dismissal of this action.

**IT IS FURTHER ORDERED** that "Plaintiff Outdoor One Communications LLC's

Motion for Judgment on the Pleadings" (ECF No. 15) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS SO ORDERED.**


Dated:  May 6, 2024                          s/Sean F. Cox
                                             Sean F. Cox
                                             U. S. District Judge


I hereby certify that on May 6, 2024, the document above was served on counsel and/or the
parties of record via electronic means and/or First Class Mail.

                                             s/Misty Neely
                                             Case Manager on behalf of Jennifer McCoy


10