**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Outdoor One Communications LLC,

      Plaintiff,

v.

Charter Township of Canton,

      Defendant.

Case No. 23-cv-10492

Hon. Shalina D. Kumar

**PLAINTIFF OUTDOOR ONE COMMUNICATIONS LLC's**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Outdoor One Communications LLC ("Outdoor") moves for partial summary judgment under Fed. R. Civ. P. 56. In support of its motion, Outdoor relies upon the record in this case and the accompanying brief.

In accordance with Local Rule 7.1(a), on March 12, 2026, there was a phone conference between the attorneys entitled to be heard on this motion in which Outdoor explained the nature of the motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.

WHEREFORE, for the reasons set forth more fully in the accompanying brief, Outdoor respectfully requests that the Court grant it the following relief:

1.     Entry of partial summary judgment as to liability under 42 U.S.C. § 1983 in favor of Outdoor.

2.      A determination that Outdoor is the prevailing party pursuant to 42 U.S.C. § 1988.

3.      Ordering that this matter proceed to trial for the purpose of quantifying Outdoor's damages for the period between December 17, 2021, and March 17, 2024.

4.      Grant any other further relief the Court may deem just, proper, and equitable.

Respectfully submitted,

By: /s/Donald R. Sheff II
    Donald R. Sheff II (P78262)
General Counsel
Outdoor One Communications LLC
Attorney for Plaintiff
220 South Main Street
Royal Oak, Michigan 48067
248-289-5895
dsheff@primesitellc.com

Date: March 13, 2026

2

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Outdoor One Communications LLC,

     Plaintiff,

v.

Charter Township of Canton,

     Defendant.

Case No. 23-cv-10492

Hon. Shalina D. Kumar

**BRIEF IN SUPPORT
OF PLAINTIFF OUTDOOR ONE COMMUNICATIONS LLC's
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................... i

INDEX OF AUTHORITIES ......................................................................................... ii

STATEMENT OF THE ISSUE ..................................................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................. v

STATEMENT OF MATERIAL FACTS....................................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................ 4

BACKGROUND............................................................................................................. 5

    I. Factual Background. ............................................................................................ 5

        A. The Sign Ordinance functions as a classic prior restraint on speech................. 5

        B. The Sign Ordinance is content based on its face.................................................. 7

        C. Outdoor required discretionary approval to display its billboards. ..................... 9

        D. The Sign Ordinance's scheme of prior restraint predictably produced favoritism and speaker discrimination........................................................................ 10

    II. Procedural Background. ..................................................................................... 12

        A. *Outdoor I*: The initial litigation and pleading defect.............................................. 12

        B. *Outdoor II*: The cure, the reversal, and the mandate............................................. 13

LEGAL STANDARD.................................................................................................... 15

ARGUMENT ................................................................................................................. 15

    I. Outdoor is entitled to partial summary judgment....................................................... 15

        A. The Sign Ordinance's constitutionality is tested on its face.............................. 15

        B. The Sign Ordinance is an unconstitutional prior restraint on speech.............. 16

        C. Facial invalidity is the cure under the substantive constitutional doctrine. ...... 20

        D. A change in law does not erase past injury. .......................................................... 22

CONCLUSION ............................................................................................................. 23

# INDEX OF AUTHORITIES

**Cases**

*Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381 (6th Cir. 2005) ..................................... 22

*Carter v. Carter Coal Co.*, 298 U.S. 238 (1936) ...................................................................... 21

CBS Outdoor, Inc. v. City of Royal Oak, No. 11-13887, 2012 WL 527720 (E.D. Mich.
Feb. 7, 2012) ........................................................................................................................ 19

*City of Austin, Texas v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464 (2022) ........ 8

*City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750 (1988) ..................... 16, 17, 20, 21

*Eastwood Park Amusement Co. v. Stark*, 38 N.W.2d 77 (1949) .......................................... 22

*Freedman v. State of Md.*, 380 U.S. 51 (1965) ....................................................................... 16

*Int. Outdoor v. Troy*, 974 F.3d 690 (6th Cir. 2020) ............................................................... 21

*King Enters., Inc. v. Thomas Twp.,*, 215 F.Supp.2d 891 (E.D. Mich. 2002) ...................... 15

*Macdonald Adver. Co. v. City of Pontiac*, 916 F.Supp. 644 (E.D.Mich.1995) ................ 19, 20

*Norton Outdoor Advert., Inc. v. Vill. of St. Bernard, Ohio*, 99 F.4th 840 (6th Cir. 2024) ....... 8

*Outdoor One Commc'ns LLC v. Charter Twp. of Canton, Michigan (Outdoor II)*, 155 F.4th 776
(6th Cir. 2) ....................................................................................................................passim

*Outdoor One Commc'ns, LLC v. Charter Twp. of Canton (Outdoor I)*, No. 21-1323, 2021 WL
5974157, at *3 (6th Cir. Dec. 16, 2021) ....................................................................... 7, 13

*Outdoor One Commc'ns, LLC. v. Charter Twp. of Canton (Outdoor I)*, No. 20-10934, 2021
WL 807872 (E.D. Mich. Mar. 3, 2021) ........................................................................ 7, 12

*Outdoor One Commc'ns LLC v. Charter Twp. of Canton (Outdoor II)*, No. 23-CV-10492,
2024 WL 6870077 (E.D. Mich. May 6, 2024) ............................................................... 14

*Outdoor One Communications LLC v. Charter Township of Canton, MI*, 142 S. Ct. 2874
(2022) .................................................................................................................................. 13

*Pletz v. Secretary of State*, 336 N.W.2d 789 (1983) ............................................................. 22

*Reed v. Town of Gilbert*, 576 U.S. 155 (2015) .......................................................................... 8

*Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546 (1975) ........................................................... 21

*Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147 (1969). ............................... 16, 17, 18

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) .............................................. 15

*Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021) .................................................................. 22

*Wineries of the Old Mission Peninsula Ass'n v. Peninsula Twp.*, No. 1:20-CV-1008, 2025 WL
1859905 (W.D. Mich. July 7, 2025) ............................................................................... 23

**Rules**

Fed. R. Civ. P. 56 .................................................................................................................... 15

**Treatises**

13C Wright & Miller, Fed. Prac. & Proc. Juris. § 3533.3 (3d ed.) ................................... 22

**Local Ordinances**

Canton Charter Township Code, Appendix A, Article 6A.00 ...............................passim

Canton Charter Township Code, Appendix A, Section 1.02.B. .................................... 3, 6
Canton Charter Township Code, Appendix A, Section 27.05. ............................ 4, 7, 18
Canton Charter Township Code, Appendix A, Section 27.09. .................................... 3, 6

**Case Documents**

Compl., *Outdoor One Commc'ns LLC v. Charter Twp. of Canton*, No. 20-10934 (E.D.
   Mich. Apr. 15, 2020), ECF 1 ...................................................................... 12
Order, *Outdoor One Commc'ns, LLC. v. Charter Twp. of Canton*, No. 20-10934 (E.D. Mich.
   Mar. 15, 2021), ECF 28 .............................................................................. 12
Pet. for Writ of Cert., *Outdoor One Communications LLC v. Charter Township of Canton,
   MI*, No. 21-1402, 2022 WL 1358834 ........................................................ 13

**Online Sources**

Andrew Hamm, *Petitions of the Week*, SCOTUSblog (May 20, 2022, 11:52 PM)
   https://tinyurl.com/56bhdya5 ...................................................................... 13

## STATEMENT OF THE ISSUE

**Prior Restraint**. A government approval before engaging in expression is a prior restraint that is unconstitutional if it permits the government to exercise unbridled discretion over the decision. The Sign Ordinance in this case incorporates a scheme by which the Township "may" (but is not required to) waive or vary *any* sign restriction on a case-by-case basis at the discretion of its zoning officials. Is this scheme unconstitutional on its face?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147 (1969) ("holding that a law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority" or which can be "withheld in the discretion of [government] official[s]" is unconstitutional).

*Freedman v. State of Md.*, 380 U.S. 51 (1965) (holding that the cure to an unconstitutional prior restraint's constitutional problem "is to incorporate" the required standards into the statutory scheme).

*City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750 (1988) (holding that "[o]nly standards limiting the licensor's discretion will eliminate" a prior restraint's constitutional defect "[a]nd only a facial challenge can effectively test the statute for these standards").

42 U.S.C. § 1983.

Fed. R. Civ. P. 56.

## STATEMENT OF MATERIAL FACTS

1.      During the period from December 17, 2021 to at least March 17, 2024, Canton regulated the display of signs through the version of the Canton Charter Township Code, Appendix A, Article 6A.00 – Signs attached as **Exhibit 1** (the "Sign Ordinance").[1]

2.      Under threat of criminal penalty, the Sign Ordinance made it "unlawful to construct, display, install, [or] change . . . any sign upon any property within the township in violation of the requirements of [the Ordinance]." *Id.* at § 6A.03.; § 27.09 (**Exhibit 2**).

3.      The Sign Ordinance states that "[i]f there is **believed** to be a conflict between the stated **intent** and **any** specific provisions of [the Sign Ordinance], the zoning board of appeals **may**, in accordance with established procedures, permit **modification** of such specific provisions while retaining the intent in such appealed instance." *Id.* at § 6A.04 (emphasis added); Compl., *see* ECF 1, PageID.11-12 ¶ 49 (**Exhibit 3**).

4.      Canton defines the word "may" in contrast to "shall" as follows: "[t]he word 'shall' is always mandatory and not discretionary" whereas "[t]he word 'may' is permissive." § 1.02.B (**Exhibit 4**); *see* ECF 15-5, PageID.445.

---

[1] Unless otherwise stated, all ordinance citations are to those in effect from December 17, 2021, to at least March 17, 2024.

5.     Under the Sign Ordinance, there was not a single location in the Charter Township of Canton where a billboard (i.e., a sign displaying an "off-premises" message) could be legally displayed – regardless of its size or height. *Compare* Canton Zoning Map Annotated, ECF 22-3, PageID.1070 (**Exhibit 5**), *with Outdoor One Commc'ns LLC v. Charter Twp. of Canton, Michigan (Outdoor II)*, 155 F.4th 776, 780 (6th Cir. 2025) (**Exhibit 6**) (observing that Canton's "contemporaneous town[ship] zoning map appears to show, that no GI zoning district borders a limited access interstate.").

6.     From December 17, 2021 to at least March 17, 2024, if Canton, in its discretion, chose to proceed with a modification under Section 6A.04, the criteria governing its review in an "appealed instance" was set forth in Canton Charter Township Code, Appendix A, Section 27.05.D.1. (**Exhibit 7**).

7.     The Section 27.05.D.1 "criteria" that Canton considers in "variances and appeals" include whether the request would be "unnecessarily burdensome," cause "mere inconvenience," serve "substantial justice," provide "substantial relief" that is "more consistent with justice," preserve the "spirit of the ordinance" and "public safety and welfare," whether it involves "exceptional or extraordinary circumstances or conditions," protects "substantial property rights," is "materially detrimental" to the "public welfare," or impairs "safety," "comfort," and "morals." § 27.05.D.1.

8.     Canton "**may** impose conditions with an affirmative decision." **Exhibit 7**, § 27.05.C.3 (emphasis added).

2

9. Outdoor has refused to submit itself to the Sign Ordinance's scheme of prior restraint – either by applying for a "modification" or a "variance" – to "erect future billboards" in the Township due to the arbitrary and standardless discretion Canton possesses in denying or approving such a request. Compl., ECF 1 at PageID.32-33; Compl., Ex. 14, ECF 1-15, PageID.271-74; First Supp. Decl. (**Exhibit 8**).

10. Outdoor's Complaint in this action states, among other things, the following: a) "49. The Sign Ordinance states that '[i]f there is believed to be a conflict between the stated intent and any specific provisions of [the Sign Ordinance], the zoning board of appeals may, in accordance with established procedures, permit modification of such specific provisions while retaining the intent in such appealed instance'"; b) "149. Canton's Sign Ordinance functions as an unconstitutional prior restraint on speech"; and c) "164. Due to the prospect of having to submit itself to the unchecked and unbridled discretion of Canton's officials, Outdoor is self-censoring its speech." Compl., ECF 1 at ¶¶ 49, 149, 164 (alterations in original).

11. The Sixth Circuit issued a published decision on October 8, 2025, holding that: a) "Outdoor has standing to bring its facial challenge" to Canton's Sign Ordinance; b) is entitled to seek relief based on "other billboards" it "did not apply to construct . . . in Canton due to the ordinance's allegedly subjective permitting scheme"; c) "[it] can't excise the discretionary provisions to make the prior restraint claim disappear"; and d) finding the prior restraint unconstitutional "would likely provide Outdoor with a remedy." *Outdoor II*, 155 F.4th at 783, 785-87 (6th Cir. 2025) (cleaned up).

3

12.     Outdoor's Complaint seeks, among other things, "damages in an amount to be determined at trial, together with attorney fees and other fees authorized by 42 U.S.C. § 1988, plus costs and interest, along with any other further relief the Court may deem just, proper, and equitable." Compl., ECF 1, PageID.33.

## SUMMARY OF THE ARGUMENT

The Sixth Circuit, in a 3-0 panel decision, held "Outdoor has standing to bring its facial challenge" to Canton's Sign Ordinance as an unconstitutional prior restraint on speech and is entitled to seek relief based on billboards it "did not apply to construct . . . in Canton due to the ordinance's allegedly subjective permitting scheme." *Outdoor II*, 155F.4th at 783, 785 (cleaned up). The panel rejected Canton's core defenses – severability and redressability – explaining, respectively, that "we can't excise the discretionary provisions to make the prior restraint claim disappear" and that finding the prior restraint unconstitutional "would likely provide Outdoor with a remedy." *Id.* at 786-87 (cleaned up). The Sixth Circuit's mandate streamlines the proceedings on remand, narrowing the case to two remaining issues: resolving the merits and ascertaining the damages Outdoor has sustained as a result of its self-censorship. The first is a question of law and the second a question of fact. This motion addresses the former and leaves the latter for trial.

The First Amendment categorically prohibits laws that vests government officials with unbridled discretion to decide whether a restriction on speech "may" or "may" not apply to a particular speaker. Canton's Sign Ordinance did exactly that. It

4

imposed a wide array of sign restrictions by default, but stated Township officials "may" wave or modify any restriction on a case-by-case basis. That's unconstitutional. The Sixth Circuit concluded Outdoor was "subject to Canton's ordinance scheme" and "is engaging in self-censorship" as a result. *Id.* at 785-86.

Because Count I is a facial challenge, Canton's discretion was codified, and the text of the Sign Ordinance is not in dispute, Outdoor is entitled to summary judgment on liability as a matter of law. Canton's mid-litigation amendment of its unconstitutional scheme does not alter this posture. A change in law may moot prospective relief in certain instances, but, as the Sixth Circuit explained, it does not erase Outdoor's injury during the period the scheme was in force. It's the availability of retrospective relief that keeps this controversy live. Outdoor is entitled to judgment on liability, leaving for trial determining the amount of damages arising from the Township's years of unconstitutional suppression of Outdoor's speech.

## BACKGROUND

### I. Factual Background.

#### A. The Sign Ordinance functions as a classic prior restraint on speech.

Canton regulates the display of signs through its Sign Ordinance. A speaker who violates the Sign Ordinance is subject to criminal penalties including imprisonment. **Exhibit 2** at §27.09.3.

Until at least March 17, 2024,[2] the Sign Ordinance imposed a prior restraint on speech in the form of a scheme which vested Township officials with open-ended discretion to modify *any* of its sign restrictions on a case-by-case basis. Anyone who wished to legally display a sign containing a limitless variety of off-premises speech – core protected speech like "Go Blue" "Save the Whales" or "End War" – anywhere in the Township, regardless of its size, height, or other characteristics, had only one way of doing so: to obtain the Township's discretionary approval.

**The Gateway**. Section 6A.04 of the Sign Ordinance states "[i]f there is believed to be a conflict between the stated intent and any specific provisions of this chapter, the zoning board of appeals **may**, in accordance with established procedures, *permit modification* of such specific provisions while retaining the intent in such appealed instance." § 6A.04 (emphasis added). The Ordinance defines the word "may" in contrast to "shall," stating: "[t]he word 'shall' is always mandatory and not discretionary" whereas "[t]he word 'may' is permissive." § 1.02.B. Section 6A.04 represents unbridled discretion in its purest form because Canton "may" or "may" not act in the first instance. § 6A.04. The Township may simply say no – or nothing at all.

**The Criteria**. If a speaker was lucky enough to find favor with Canton's speech licensing officials under Section 6A.04, the Section 27.05.D.1 "criteria" that Canton

---

[2] Unless otherwise stated, the "Sign Ordinance" as used herein refers to the version in effect until the amendment of March 17, 2024.

would invoke to justify its decision only come into play only *after* the threshold gateway – and even then, they are hopelessly subjective.

To take a few examples, Canton could justify granting relief in an "appealed instance" based on whether it "will not be *materially* detrimental to the *public welfare* or *materially* injurious to other nearby properties or improvements," whether it "can be granted *in such fashion* that *the spirit of the ordinance* will be observed and public safety and *welfare secured*," and whether it "would do *substantial justice* to the applicant." § 27.05.D.1 (emphasis added).

**The Conditions**. If that wasn't bad enough, Canton "*may* impose conditions with an affirmative decision." § 27.05.C.3 (emphasis added).

## B. The Sign Ordinance is content based on its face.

Both Judge Victoria Roberts and the Sixth Circuit recognized in prior litigation between the parties that Canton's Sign Ordinance is permeated with content-based distinctions. *Outdoor One Commc'ns, LLC v. Charter Twp. of Canton (Outdoor I)*, No. 21-1323, 2021 WL 5974157, at *3 (6th Cir. Dec. 16, 2021) (acknowledging "the content-based restrictions sprinkled throughout Canton's sign ordinance"); *Outdoor One Commc'ns, LLC. v. Charter Twp. of Canton (Outdoor I)*, No. 20-10934, 2021 WL 807872, at *5 (E.D. Mich. Mar. 3, 2021) (quoting *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 156 (2015)) ("Canton's Sign Ordinance . . . singles out specific subject matter for differential treatment. The Supreme Court in *Reed* labeled this treatment 'a paradigmatic example of content-based discrimination.'"). For instance, some of the content and speaker-

7

based categories regulated by the Sign Ordinance include "[p]olitical signs," § 6A.09.11, signs "for use by educational nonprofit institutions licensed by the state, houses of worship or other public entities," § 6A.09.8, "[s]igns of a primarily decorative nature, not used for any commercial purpose and commonly associated with any national, local or religious holiday," § 6A.09.10, real estate signs, § 6A.09.7, and "directional signs," § 6A.21, among others.

Even the regulations applicable to "billboard" speech – read in isolation from the rest of the content-based scheme – are also content-based on their face because they are subject to the caveat that "[o]ff-premises *directional* signs . . . *shall not* be considered billboards for the purpose of this chapter." § 6A.01.7 (emphasis added). In that way, the Sign Ordinance's definition of "billboard," even when read in isolation from the rest of the content-based scheme, "singles out specific subject matter [i.e., directional content] for differential treatment." *Reed*, 576 U.S. at 169; *accord City of Austin, Texas v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464, 1472 (2022) ("Unlike the sign code at issue in *Reed*, however, the City's provisions at issue here do not single out any topic or subject matter for differential treatment."); *see also Norton Outdoor Advert., Inc. v. Vill. of St. Bernard, Ohio*, 99 F.4th 840, 851 (6th Cir. 2024) (holding that a single content-based "public-service [sign] exemption operates to make [an entire] Chapter [of speech regulation] . . . a content-based law subject to strict scrutiny"). Thus, in Canton, a sign reading "God is Listening!" is regulated as a "billboard," while "God is Listening … at St. Paul's Parish, Next Exit!" is regulated as a "directional sign."

Worse still is the Sign Ordinance's practical operation as a ban on vast categories of core protected speech. Consider that the Sign Ordinance defines a "billboard" as a sign that is "erected for the purpose of advertising a product, event, person, or subject not related to the premises on which the sign is located." § 6A.01.7. That broad definition sweeps in an array of core protected expression. The Township then surreptitiously effects a prohibition by requiring all "billboard" signs to be located in a "GI" zoning district and situated "adjacent to limited access interstate freeways." § 6A.24. As the Sixth Circuit pointed out, there are no "GI" zoning districts adjacent to the only limited access interstate freeway in the Township. **Exhibit 5** (providing visual illustration); *Outdoor II*, 155 F.4th at 780. Consequently, there were no locations in the Township where such protected off-premises speech could lawfully be displayed on a sign unless the speaker obtained Canton's discretionary approval.[3]

**C. Outdoor required discretionary approval to display its billboards.**

Outdoor erects billboards to display a variety of noncommercial and truthful commercial content including, but not limited to, ideological speech, paid and unpaid religious speech, paid and unpaid memorial tributes, political speech, Amber Alerts, real-time weather warnings, and other time-sensitive emergency messages which can be

---

[3] The significance of this oppressive regulatory feature cannot be understated. A sign containing speech that happens to fall within the broad definition of a "billboard" sign, such as many forms of ideological, patriotic, social, and religious speech (but, oddly, not directional), could *never* lawfully be displayed in the Township – unless the speaker first obtains discretionary approval from Canton.

9

electronically communicated to the public instantly. Compl., ECF 1, PageID.28-29; **Exhibit 8**. Between December 17, 2021, and March 17, 2024, Outdoor could not legally erect its signage anywhere in Canton without first obtaining Canton's discretionary approval to do so – regardless of the sign's size, height, or other physical features. To add insult to injury, the size, height, or other characteristics of Outdoor's signs were ultimately provisional because Canton possessed the power to waive or vary restrictions for favored speakers while strictly enforcing them against disfavored ones. During that period, Outdoor desired to display billboards in Canton but was deterred from seeking discretionary approval needed from the Township because of the prospect of having to submit itself to the unfettered discretion Canton possessed under its arbitrary and discriminatory scheme of prior restraint. *Outdoor II*, 155 F.4th at 780 ("Outdoor is self-censoring its speech"). Therefore, the true "law" governing Outdoor's speech was not a set of objective rules, but rather the subjective whims of Township officials operating the Section 6A.04 gateway. To legally display its protected speech, Outdoor's only option was to submit itself to this unconstitutional scheme.

### D. The Sign Ordinance's scheme of prior restraint predictably produced favoritism and speaker discrimination.

The risk of arbitrary government censorship is not merely theoretical. The following facts are drawn from the (pubic) record and are undisputed.

1. In 2014, Canton solicited a six-figure payment from IKEA in exchange for sign variances. Both parties memorialized the arrangement in writing: Canton

10

guaranteed "certain variances from the requirements of the Canton Township Zoning Ordinance" including "[v]ariances to the sign ordinance requirements," and IKEA agreed to make "a one-time payment" of $242,000 to Canton. ECF 15-3, PageID.439. Unbelievably, both Canton and IKEA agreed that the payment represented "an enticement for the Township to exercise its discretion" in providing the variances. *Id.* (emphasis added).

2. When Art Van Furniture sought a variance for a nearly 300% increase in signage, Canton's planning staff agreed the request was justified because Art Van was experiencing "hardship as a competitor" – noting that the IKEA store across the street had even larger signs. ECF 15-8, PageID.456. A ZBA official stated that although the storefront was on a major road, "if [Art Van] feel[s] people will miss it, I am ok with [the variance]." *Id.* at PageID.457. A speaker's subjective feeling that it needed a bigger sign was sufficient – so long as Canton's officials shared that feeling.

3. Over the course of six years, Canton issued numerous sign permits – without any modification or variance – allowing the display of signs ranging from 675 to 1,000 square feet. To whom? If one had guessed, the same speaker that separately provided the $242,000 payment to Canton, they would be correct. Compl., ECF 1, PageID.18-22; Compl. Ex. 12, ECF 1-13.

Outdoor, lacking IKEA's resources or Art Van's commercial presence in the Township, was left to navigate this same scheme – one that dispensed speech rights based on cash and official whim.

11

## II. Procedural Background.

### A. *Outdoor I*: The initial litigation and pleading defect.

**1.** On April 15, 2020, Outdoor filed a lawsuit against Canton identifying four violations of the First Amendment arising from the enactment and enforcement of its Sign Ordinance and facially challenging its constitutionality under 42 U.S.C. § 1983. Compl., *Outdoor I*, No. 20-10934 (E.D. Mich. Apr. 15, 2020), ECF 1. Among the four claims, one asserted that Canton's Sign Ordinance violated the First Amendment by imposing an unconstitutional prior restraint on its speech. *Id.*

**2.** On March 3, 2021, the district court (Roberts, J.) ruled that it lacked subject matter jurisdiction over Outdoor's prior restraint claim because Outdoor lacked constitutional standing, *Outdoor I*, 2021 WL 807872, and entered summary judgment in favor of Canton, Order, *Outdoor I*, No. 20-10934 (E.D. Mich. Mar. 15, 2021), ECF 28. The district court agreed that "Canton's Sign Ordinance does function as a prior restraint" and "creates a cognizable injury to [Outdoor]," but concluded Outdoor lacked redress because the Sign Ordinance "provisions [that could otherwise be waved or varied by Canton] preclude [it] from erecting its signs." *Outdoor I*, 2021 WL 807872 at *5-*6.

**3.** On appeal, the Sixth Circuit issued an unpublished decision affirming the district court's judgment, but in doing so, articulated a different basis for affirmance. The Sixth Circuit held that Outdoor lacked standing to challenge the constitutionality of the Sign Ordinance as a prior restraint on speech *not* because Outdoor sustained an

12

injury it could not redress, but because *it had not pled* a sufficient Article III injury to begin with. *Outdoor I*, 2021 WL 5974157, at \*4 (citation omitted) (explaining that "Outdoor hasn't alleged that its speech was altered or deterred by any prior restraint or that it was otherwise impeded by those provisions of Canton's ordinance"). The court of appeals concluded that "[i]f Outdoor had alleged any such injury, it would doubtless have standing to challenge Canton's ordinance."[4] *Id.*

### B. *Outdoor II*: The cure, the reversal, and the mandate.

**1.** On February 28, 2023, Outdoor initiated the instant action by filing a new single-count complaint alleging the Sign Ordinance functioned as an unconstitutional prior restraint on speech. Compl., ECF 1. Outdoor has asserted a facial challenge. *Id.*, PageID.30 (¶ 148). In contrast to the previous litigation, it pled the required allegations that the Sixth Circuit held would "doubtless" supply Outdoor with "standing to challenge Canton's ordinance," *Outdoor I*, 2021 WL 5974157, at \*4 (citation omitted), as an unlawful prior restraint *see* Compl., ECF 1. Outdoor sought declaratory and injunctive relief, in addition to an award of damages and attorney fees. *Id.*, PageID.33.

---

[4] The Sixth Circuit denied rehearing en banc on January 28, 2022. Order, *Outdoor I*, No. 21-1323 (6th Cir. Jan. 28, 2022), Doc. 34-1. Outdoor then sought certiorari. Pet. for Writ of Cert., *Outdoor One Communications LLC v. Charter Township of Canton, MI*, No. 21-1402, 2022 WL 1358834; *see also* Andrew Hamm, *Petitions of the Week*, SCOTUSblog (May 20, 2022, 11:52 PM) https://tinyurl.com/56bhdya5. The Supreme Court denied certiorari on June 27, 2022, leaving the Sixth Circuit's judgment undisturbed. *Outdoor One Communications LLC v. Charter Township of Canton, MI*, 142 S. Ct. 2874 (2022).

**2.** The district court (Cox, C.J.) dismissed the action holding that "[r]es judicata principles preclude[d] Outdoor from collaterally attacking [the district court's prior] determination in *Outdoor I*." *Outdoor One Comm'ns LLC v. Charter Twp. of Canton (Outdoor II)*, No. 23-CV-10492, 2024 WL 6870077, at *5 (E.D. Mich. May 6, 2024). The district court reasoned that its own previous ruling – and not the Sixth Circuit's – "constitute[d] a binding determination on the jurisdictional question, which is not subject to collateral attack in a subsequent suit." *Id.* at *4 (cleaned up).

**3.** On appeal, the Sixth Circuit reversed in part, affirmed in part, and remanded for further proceedings. It held that res judicata precluded Outdoor from premising this action on its single permit application submitted in 2020. But Outdoor's claim survived as to billboards it "did not apply to construct . . . in Canton due to the ordinance's allegedly subjective permitting scheme." *Outdoor II*, 155 F.4th at 783. The court of appeals concluded that "Outdoor has standing to bring its facial challenge" to Canton's Sign Ordinance as an unconstitutional prior restraint on speech based Outdoor's self-censorship during the years the scheme remained in force following *Outdoor I*. *Id.* at 785. The court of appeals explained that "we can't excise the discretionary provisions to make the prior restraint claim disappear." *Id.* at 787. It likewise rejected Canton's position on redressability holding that finding the prior restraint unconstitutional "would likely provide Outdoor with a remedy." *Id.* at 786.

14

**4.** With the law of the case established as to preclusion, standing, and severability, the mandate returns this matter to the Court for a merits determination and, if decided in Outdoor's favor, a trial to quantify damages.

## LEGAL STANDARD

Summary judgment is available as to "the part of [a] claim" and is required where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Importantly, "the materiality of any fact should be determined by the substantive law of the case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (citation omitted). Partial summary judgment in favor of Outdoor is appropriate at this time because Outdoor has standing to adjudicate its facial challenge, the relevant ordinance language is a matter of public record, and the constitutionality of Canton's scheme may be answered by analyzing the law as written. *See e.g.*, *King Enters., Inc. v. Thomas Twp.*,, 215 F.Supp.2d 891, 907 (E.D. Mich. 2002) (citing *Belle Maer Harbor v. Harrison Township*, 170 F.3d 553, 556–57 (6th Cir.1999)) ("When First Amendment rights are implicated, the relevant scope of inquiry is focused on the text of the law, not the facts surrounding its application.").

## ARGUMENT

### I. Outdoor is entitled to partial summary judgment.

#### A. The Sign Ordinance's constitutionality is tested on its face.

The Sixth Circuit held that "Outdoor has standing to bring its facial challenge" to the Sign Ordinance. *Outdoor II*, 155 F.4th at 785. Unlawful prior restraints on speech

15

necessarily "engender identifiable risks to free expression that can be effectively alleviated only through a facial challenge." *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 757 (1988) (cleaned up). Because the Sign Ordinance "threaten[s] these risks to a significant degree" the Supreme Court's (and now the Sixth Circuit's) instructions are unambiguous: "courts must entertain an immediate facial attack on the law." *Id.* at 759.

## B. The Sign Ordinance is an unconstitutional prior restraint on speech.

As a prior restraint on speech, the Sign Ordinance "bear[s] a heavy presumption against its constitutional validity." *Freedman v. State of Md.*, 380 U.S. 51, 57 (1965) (cleaned up). The Sign Ordinance collapses under this presumption due to the unfettered discretion it confers upon the Township.

### 1. The Township possesses unfettered discretion in the licensing of speech.

The Sign Ordinance is devoid of "narrow, objective, and definite standards to guide," *Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 151 (1969), Canton in its decision to grant a "modification" to "any" of the Sign Ordinance's "specific provisions." § 6A.04. The Township possesses complete discretion – it "may" or "may" not permit a modification to the Sign Ordinance's speech restrictions. That is glaringly unconstitutional.

The scheme left Outdoor (and other speakers) at the mercy of the Township's arbitrary and unfettered discretion. As the Supreme Court has consistently held, when:

16

an ordinance which, like this one, makes the peaceful enjoyment of freedoms which the Constitution guarantees contingent upon the uncontrolled will of an official—as by requiring a permit or license which may be granted or withheld in the discretion of such official—is an unconstitutional censorship or prior restraint upon the enjoyment of those freedoms. *Id.* (citation omitted).

The scheme in this case is even more constitutionally offensive than the prior restraint held unconstitutional in *City of Lakewood v. Plain Dealer*. In *Lakewood*, the mayor could either issue a "denial or grant" of a newsrack permit. 486 U.S. at 769 (citation omitted). If the mayor denied a permit, "nothing in the law as written require[d] the mayor to do more than make the statement 'it is not in the public interest' when denying a permit application." *Id.* The scheme was held unconstitutional because "the face of the ordinance itself contain[ed] no explicit limits on the mayor's discretion." *Id.* The Sign Ordinance, here, goes a step further in opacity because, unlike the scheme in *Lakewood*, Canton "may" refuse to move forward with a modification *without having to provide any excuse*. As the Supreme Court observed, this is the very type of scheme "that the doctrine forbidding unbridled discretion disallows." *Id.* (citing *Freedman*, 380 U.S. 51).

### 2. The subjective and arbitrary "criteria" compound the constitutional flaw.

Even beyond Section 6A.04's threshold gateway, the constitutional defect only compounds further. The so-called "criteria" used for justifying a "modification" remain steeped in subjectivity. For instance, Canton considers if the modification "would do *substantial justice* to the applicant," if it "can be granted in such fashion that *the spirit of the*

17

*ordinance will be observed* and *public safety and welfare secured*," whether "[t]here are *exceptional or extraordinary* circumstances" at issue, or whether the modification "will not be *materially detrimental to the public welfare*." § 27.05.D.1. (emphasis added).

The Supreme Court has repeatedly flagged these criteria as unconstitutional. For example, in *Shuttlesworth*, a city commission was able to grant or deny a permit for public demonstrations based on its judgment of whether the "public welfare, peace, safety, health, decency, good order, morals or convenience" would be served. 394 U.S. at 150 (quotations omitted). The ordinance was unconstitutional *not* because the scheme lacked criteria, but – crucially – because the criteria were arbitrary. The Supreme Court explained that "[t]here can be no doubt that the [city] ordinance, as it was written, conferred upon the City Commission virtually unbridled and absolute power" in the licensing of protected expression because "in deciding whether or not to withhold a permit, the members of the Commission were to be guided only by their own ideas of 'public welfare, peace, safety, health, decency, good order, morals or convenience.'" *Id.* at 150. Likewise, ideas of what constitute "substantial justice," "the spirit of the ordinance," "exceptional or extraordinary circumstances," or speech that is "materially detrimental to the public welfare," § 27.05.D.1., are neither "narrow," nor "objective," nor "definite," but rather rest on the subjective judgment of Canton's officials. *Shuttlesworth*, 394 U.S. at 151. The grant of such broad and arbitrary power is patently unconstitutional under the First Amendment.

18

The Eastern District of Michigan alone "has found several city zoning ordinances that govern billboards to be unconstitutional prior restraints on free speech because they lack objective standards and placed too much discretion in the licensing officials." *See CBS Outdoor, Inc. v. City of Royal Oak*, No. 11-13887, 2012 WL 527720, at *3 (E.D. Mich. Feb. 7, 2012) (citing *Int'l Outdoor, Inc. v. City of Romulus*, No. 07–15125, 2008 WL 4792645 (E.D. Mich. Oct.29, 2008); *King Enters.*, 215 F.Supp.2d 891 (E.D.Mich.2002); *Macdonald Adver. Co. v. City of Pontiac*, 916 F.Supp. 644 (E.D.Mich.1995); *CBS Outdoor, Inc. v. City of Kentwood*, No. 09–CV–1016, 2010 WL 3942842 (W.D. Mich. Oct. 6, 2010)).

In particular, *Macdonald Advertising Co. v. City of Pontiac* is a comparable case because it applied the same constitutional principles to a prior restraint that bears a striking resemblance to the one at issue here. *Macdonald* examined a prior restraint where, like Canton's, the sign owner had to seek a "special exception" to erect a billboard. 916 F.Supp. at 649. Like Canton's scheme, the sign owner in *Macdonald* could only obtain a special exception "'if, **in the opinion of the Planning Commission,** adequate conditions exist or can be imposed that will make such uses compatible with the purposes of this Ordinance.'" *Id.* (emphasis in original). Unsurprisingly, this scheme was "facially invalid" under the First Amendment. *Id.* at 650. Applying *Lakewood*, the court explained that "[i]f the permit scheme involves appraisal of facts, the exercise of judgment, and the formation of an opinion by the licensing authority, the danger of censorship and of abridgment of our precious First Amendment freedoms is too great

19

to be permitted." *Id.* (cleaned up). Pontiac argued that its special exception scheme *did* contain review standards. But the court noted that the "standards" relied upon by the City were not "not narrowly drawn, objective standards" and were "substantially similar to the 'standards' at issue in *City of Lakewood*." *Id.* at 649-50. Importantly, the court reasoned that:

> [A]lthough the Lakewood ordinance **limited the conditions under which the mayor could grant a permit**, it contained no standards for the mayor to use when denying a permit.

> The same is true of the City of Pontiac's Special Permit Exception ordinance. **The ordinance "standards" relied upon by the City in this action come into play only when the Commission decides to issue a permit** . . . .

*Id.* at 649-50 (emphasis added) (citations omitted).

For precisely the same reasons articulated in *Lakewood*, as repeated in *Macdonald*, Canton's "ordinance is facially invalid." *Id.* at 650.

Having struck down the prior restraint as a matter of law, the *Macdonald* court ordered that "[t]he case will proceed on Plaintiff's claim for damages." *Id.* at 651. The procedural consequence should be identical here.

## C. Facial invalidity is the cure under the substantive constitutional doctrine.

An "ordinance providing for unbridled licensing discretion is void on its face." *Lakewood*, 486 U.S. at 756 (quoting *Lovell v. Griffin*, 303 U.S. 444, 452–453 (1938)). That's because the Supreme Court holds – as a matter of substantive doctrine – that an unlawful prior restraint's constitutional defect inheres in the "*absence* of express standards" to cabin the licensing officials' discretion. *Id.* at 758 (emphasis added). The

20

doctrine specifies that the cure to the constitutional problem "is to *incorporate*" the standards into the statutory scheme. *Freedman*, 380 U.S. at 60 (emphasis added). "Prior restraints are not unconstitutional per se," *Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 558 (1975), but they are void on their face when they lack "express standards" to constrain the government's discretion. *Lakewood*, 486 U.S. at 758. The Sign Ordinance is facially unconstitutional because it lacks any such standards.

Indeed, the Sixth Circuit squarely rejected Canton's pleas for severance. It held that "we can't excise the discretionary provisions" because "no matter what, [Outdoor] must obtain Canton's discretionary approval before it can lawfully put up a billboard." *Outdoor II*, 155 F.4th at 786. That's because "any" speech restriction in the Sign Ordinance is ultimately subject to change on a case-by-case basis at the Township's discretion. § 6A.04. By virtue of the plan text of the Ordinance, the "discretionary provisions" and the restrictions contained in the Sign Ordinance are "inextricably linked" *See Int. Outdoor v. Troy*, 974 F.3d 690, 702 (6th Cir. 2020) (holding that a "variance provision of [a] . . . Sign Ordinance . . . is not independent from other provisions of the ordinance, but rather inextricably linked to them by providing a way of relaxing the very restrictions imposed by the Sign Ordinance"). The Sixth Circuit rightly rejected severance because, as the Supreme Court has long held, "in order to hold one part of a statute unconstitutional and uphold another part as separable, they must not be mutually dependent upon one another." *Carter v. Carter Coal Co.*, 298 U.S. 238, 313 (1936); Michigan law requires the same. *See e.g.*, *Eastwood Park Amusement Co. v. Stark*, 38

21

N.W.2d 77, 82 (1949) (cleaned up) (holding that severance is expressly conditioned upon the provisions being "independent of each other"); *see Pletz v. Secretary of State*, 336 N.W.2d 789, 809 (1983) (same). Because Canton made protected speech contingent on discretionary approval, the prior restraint renders the Sign Ordinance facially invalid.

## D. A change in law does not erase past injury.

Canton amended its Sign Ordinance in March 2024. Rather than adding the criteria necessary to make its modification scheme constitutional, Canton eliminated it altogether.[5] Notwithstanding, "the existence of a damages claim ensures that this dispute is a live one and one over which Article III gives us continuing authority." *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 387 (6th Cir. 2005) (citations omitted); *see* 13C Wright & Miller, Fed. Prac. & Proc. Juris. § 3533.3 (3d ed.) (collecting cases) ("Untold numbers of cases illustrate the rule that a claim for money damages is not moot, no matter how clear it is that the claim arises from events that have completely concluded. . . ."); *see also Uzuegbunam v. Preczewski*, 592 U.S. 279, 290 (2021) (explaining that even "[nominal] damages [are to be] awarded by default until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages."). Because Outdoor seeks damages for the period it was forced into

---

[5] Canton never bothered to mention this development to Chief Judge Cox while the case was before him, nor in its Sixth Circuit briefing (even though the panel caught it anyway).

22

self-censorship, Canton's belated 2024 amendment has no bearing on the Court's Article III authority to resolve this dispute.

One recent case illustrates the rule. In *Wineries of the Old Mission Peninsula Ass'n v. Peninsula Twp.*, the district court held, prior to a trial, that Peninsula Township imposed "unconstitutional prior restraints on speech" on the local wineries "because the Township required the Wineries to seek township approval before hosting a meeting . . . while lacking definite criteria to make an approval determination." No. 1:20-CV-1008, 2025 WL 1859905, at *3 (W.D. Mich. July 7, 2025). Like this case, the ordinance "challenged by Plaintiffs in th[at] lawsuit were repealed or substantially revised" before the damages trial. *Id.* at *9. Notwithstanding repeal, the district court concluded that the "Plaintiffs suffered actual injuries – lost profits – stemming from an impossible to understand ordinance and arbitrary enforcement of the same." *Id.* at *27 (W.D. Mich. July 7, 2025). The mid-litigation repeal in *Wineries* didn't shield the municipality from liability for past harm. Likewise, Canton's March 2024 amendment doesn't absolve it of the obligation to compensate Outdoor for the years its speech was unlawfully suppressed.

## CONCLUSION

The Sixth Circuit's mandate makes a swift resolution of the merits straightforward. Liability now turns on applying settled law to undisputed ordinance text. The Sign Ordinance vested Canton with unbridled discretion to waive or vary any sign restriction on a case-by-case basis, placing Outdoor (and others) at the mercy of

23

Township officials. Because Canton's prior restraint is patently unconstitutional on its

face, Outdoor is entitled to partial summary judgment on liability as a matter of law.

                                        Respectfully submitted,
                                        By:/s/Donald R. Sheff II
                                            Donald R. Sheff II (P78262)
                                        General Counsel
                                        OUTDOOR ONE COMMUNICATIONS LLC
                                        Attorney for Plaintiff
                                        220 South Main Street
                                        Royal Oak, Michigan 48067
Date: March 13, 2026                    248-289-5895 │ dsheff@primesitellc.com

# CERTIFICATE OF SERVICE

I hereby certify that, on March 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

By:/s/Donald R. Sheff II
    Donald R. Sheff II (P78262)
General Counsel
OUTDOOR ONE COMMUNICATIONS LLC
Attorney for Plaintiff
220 South Main Street
Royal Oak, Michigan 48067

Date: March 13, 2026        248-289-5895 │ dsheff@primesitellc.com