# Exhibit 6

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Kelly L. Stephens
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov


Filed:  October 08, 2025


Mr. Donald Richard Sheff II
220 S. Main Street
Royal Oak, MI 48067

Mr. Matthew Jason Zalewski
Rosati Schultz Joppich & Amtsbuechler
27555 Executive Drive
Suite 250
Farmington Hills, MI 48331-5627

> Re:  Case No. 24-1496, *Outdoor One Communications LLC v. Charter Twp. of Canton, MI*
> Originating Case No. : 2:23-cv-10492

Dear Counsel,

The court today announced its decision in the above-styled case.

Enclosed is a copy of the court's published opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Yours very truly,

Kelly L. Stephens, Clerk


Cathryn Lovely
Deputy Clerk


cc:  Ms. Kinikia D. Essix

Enclosures

Mandate to issue.

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0275p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

OUTDOOR ONE COMMUNICATIONS LLC,
　　　　　　　　　　　　*Plaintiff-Appellant*,

　　*v.*

CHARTER TOWNSHIP OF CANTON, MICHIGAN,
　　　　　　　　　　　　*Defendant-Appellee*.

> No. 24-1496

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:23-cv-10492—Sean F. Cox, District Judge.

Decided and Filed: October 8, 2025

Before: SUHRHEINRICH, THAPAR, and LARSEN, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:** Donald R. Sheff, II, Royal Oak, Michigan, for Appellant. Matthew J. Zalewski, ROSATI SCHULTZ JOPPICH & AMTSBUECHLER, PC, Farmington Hills, Michigan, for Appellee.

_____

### OPINION

_____

LARSEN, Circuit Judge. Outdoor One Communications LLC (Outdoor) applied for a permit to put up a billboard in Canton Township, Michigan. Canton denied the application because the proposed sign violated the local sign ordinance's height and size restrictions. Outdoor then challenged Canton's sign ordinance in federal court on various First Amendment grounds, including that the ordinance was an unconstitutional prior restraint on speech. The district court denied Outdoor's claims for lack of standing, and this court affirmed. Outdoor has

No. 24-1496                    *Outdoor One Communications LLC v.*                    Page 2
                                   *Charter Twp. of Canton, Mich.*

since filed another suit, once again alleging that the ordinance acts as a prior restraint. The district court determined that res judicata precluded the action and dismissed it. Because issue preclusion bars only part of the claim, and Outdoor has otherwise alleged standing, we AFFIRM in part, VACATE in part, and REMAND for further proceedings.

I.

Outdoor is a billboard company in Michigan whose billboards convey a variety of messages. In 2020, it applied for a permit to erect a billboard in Canton. But the proposed sign violated the height and size restrictions for billboards contained in Section 6A.24 of the local sign ordinance. So Canton denied the application.

Rather than appealing the denial or seeking a variance, Outdoor challenged the sign ordinance in federal court. Outdoor didn't challenge the height and size requirements found in Section 6A.24. Instead, it alleged that the sign ordinance violated the First Amendment on three grounds: (1) it contained content-based restrictions; (2) it was an unconstitutional prior restraint on speech; and (3) it was unconstitutionally vague. Concluding that Outdoor lacked standing, the district court granted summary judgment to Canton.

On appeal, this court affirmed. *Outdoor One Commc'ns., LLC v. Charter Twp. of Canton* (*Outdoor I*), No. 21-1323, 2021 WL 5974157, at *1 (6th Cir. Dec. 16, 2021). We determined that Outdoor lacked standing because none of its claims met all three standing requirements— that Outdoor suffered an injury, caused by the challenged provision, and likely redressable by a favorable decision. *Id.* at *5. Outdoor lacked standing to bring its content-based challenge because the height and size restrictions of Section 6A.24 caused its injury, and Outdoor did not challenge those. *Id.* at *2–3. So, any finding of content-based discrimination would not redress its harm. *Id.* at *3. Outdoor lacked standing to bring its prior-restraint claim because it didn't allege an injury of self-censorship; it accepted the discretionary ordinance scheme and didn't allege plans to construct other signs in the future. *Id.* at *4. And Outdoor lacked standing for its vagueness challenge, since Outdoor couldn't show that the sign ordinance's vagueness, rather than the size restrictions, caused Outdoor's harm. *Id.*

No. 24-1496          *Outdoor One Communications LLC v.*          Page 3
                     *Charter Twp. of Canton, Mich.*

In 2023, Outdoor filed the present 42 U.S.C. § 1983 suit in the same district court. Outdoor modifies and revives its claim that Canton's ordinance scheme is a prior restraint on speech, in violation of the First Amendment. Specifically, Outdoor alleges that the local sign ordinance is effectively a prohibition on billboards. Section 6A.01.07 defines "[b]illboard" as "a nonaccessory ground sign erected for the purpose of advertising a product, event, person, or subject not related to the premises on which the sign is located," as opposed to "[o]ff-premises directional signs as permitted in this chapter." Canton Charter Twp., Mich., Code of Ordinances § 6A.01.07. Section 6A.24, apparently the sole provision governing billboards, permits them only "[i]n the GI [General Industrial] district . . . adjacent to limited access interstate freeways," and lists the height and size restrictions for billboards. *Id.* § 6A.24. But Outdoor alleges, and the contemporaneous town zoning map appears to show, that no GI zoning district borders a limited access interstate. So, even if Outdoor were to comport with the ordinance's height and size requirements, it would *still* need to obtain a variance or modification to construct a billboard in Canton.[1]

Outdoor alleges that the provisions governing variances and modifications grant officials "open-ended discretion" to approve or deny billboard requests. Appellant Br. at 3. In light of this, Outdoor alleges that it has not sought a variance to display its previously proposed sign—the subject of the initial lawsuit—or a "variance necessary to display other billboards in the Township." R. 1, Complaint, PageID 32. So Outdoor is "self-censoring its speech." *Id.*

In its answer to these allegations, Canton asserted the affirmative defense of res judicata. Outdoor moved for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Canton then moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) or, in the

---

[1]The version of the ordinances then in effect included two provisions for flexibility from its standard restrictions. First, where "there is believed to be a conflict between the stated intent and any specific provisions of this chapter, the zoning board of appeals may, in accordance with established procedures, permit modifications of such specific provisions while retaining the intent in such appealed instance." Canton Charter Twp., Mich., Code of Ordinances § 6A.04. Second, the zoning board of appeals may grant "variances" to alleviate "unnecessar[y] burden[s]" and do "substantial justice to the applicant as well as to other property owners in the district." *Id.* § 27.05(D)(1).

Outdoor's complaint states its claim as hinging on the necessity of utilizing the "variance" procedure in Section 27.05. Nonetheless, Outdoor appears to invoke both the "variance" and "modification" provisions in its brief on appeal, using the terms interchangeably. *See* Appellant Br. at 3 n.2.

No. 24-1496        *Outdoor One Communications LLC v.*        Page 4
*Charter Twp. of Canton, Mich.*

alternative, for a judgment on the pleadings. The district court held that res judicata precluded the suit and dismissed it. Outdoor appeals.

## II.

## A.

Outdoor challenges the district court's application of res judicata to bar its suit. We review this issue de novo. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

The term "res judicata" encompasses "two distinct doctrines regarding the preclusive effect of prior litigation." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411 (2020). One is claim preclusion (also known as res judicata), and the other is issue preclusion (also known as collateral estoppel). *Id.* at 411–12. Under claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Bragg*, 570 F.3d at 776 (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). And under issue preclusion, "a prior judgment . . . foreclos[es] successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Herrera v. Wyoming*, 587 U.S. 329, 342 (2019) (alteration in original) (citation omitted).

The Supreme Court and courts of appeals have long recognized that "principles of res judicata apply to questions of jurisdiction as well as to other issues." *Am. Sur. Co. v. Baldwin*, 287 U.S. 156, 166 (1932). And courts have repeatedly applied res judicata principles to suits dismissed for *lack* of jurisdiction. For instance, our sister circuits have applied the principles to cases previously dismissed for failure to meet the jurisdictional minimum amount in controversy, *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1191 (D.C. Cir. 1983) (Scalia, J.), failure to establish federal-question jurisdiction, *Zoriano Sanchez v. Caribbean Carriers Ltd.*, 552 F.2d 70, 73 (2d Cir. 1977), failure to satisfy Article III standing requirements, *Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 43 (D.C. Cir. 2015), and failure to bring a ripe claim, *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1134 (10th Cir. 2004).

No. 24-1496          *Outdoor One Communications LLC v.*          Page 5
*Charter Twp. of Canton, Mich.*

Though infrequently, our circuit has also applied res judicata principles to prior jurisdictional determinations. In *Shaw v. Merritt-Chapman & Scott Corporation*, we observed that "while a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack." 554 F.2d 786, 789 (6th Cir. 1977). And we found that the plaintiffs in *Shaw* were barred from "bringing a subsequent suit, asserting essentially the same claims, citing the same jurisdictional basis" after the district court had already concluded that it lacked jurisdiction. *Id.* Likewise, in *Hooker v. Federal Election Commission*, we applied issue preclusion to bar a third successive suit based on the same claim with unchanged facts, brought by the same plaintiff, and previously dismissed for lack of standing. 21 F. App'x 402, 405 (6th Cir. 2001); *see also Fletcher ex rel. Victory Baptist Church v. City of Paducah ex rel. Paducah Power Sys.*, 911 F.2d 732 at *2–*3 (6th Cir. 1990) (unpublished table decision) (applying res judicata to preclude a suit previously dismissed for lack of subject-matter jurisdiction).

When barring a subsequent suit after dismissal for lack of jurisdiction, courts have applied both claim and issue preclusion. *Compare Oglala Sioux Tribe v. Homestake Mining Co.*, 722 F.2d 1407, 1409 (8th Cir. 1983) (applying a claim preclusion theory), *with Bank of La. v. FDIC*, 33 F.4th 836, 838 (5th Cir. 2022) (applying an issue preclusion theory). In the opinion below, the district court applied claim preclusion. But in *Hooker*, our most recent case on this matter, we applied issue preclusion. 21 F. App'x at 405. We agree that issue preclusion is the more applicable doctrine. *See* 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4436 (3d ed. June 2024 Update) ("Ordinarily, issue preclusion on the subject-matter jurisdiction question takes the form of a direct estoppel against a second effort to assert the same basis of jurisdiction for the same claim."); *see also Bank of La.*, 33 F.4th at 838 ("Issue preclusion makes more sense for jurisdictional rulings because the dismissal of a complaint for lack of jurisdiction does not 'make the case res judicata on the substance of the asserted claim.'" (citation omitted)).

Accordingly, we assess whether the prior suit satisfies issue preclusion's elements: (1) the issue was raised and litigated in the prior proceeding; (2) determining the issue was necessary to that proceeding; (3) the prior decision was final and on the merits; and (4) the

No. 24-1496　　　　　*Outdoor One Communications LLC v.*　　　　　Page 6
　　　　　　　　　　　　*Charter Twp. of Canton, Mich.*

party against whom the prior decision will be applied had a full and fair opportunity to litigate the issue in the prior proceeding. *Ark. Coals, Inc. v. Lawson*, 739 F.3d 309, 320–21 (6th Cir. 2014) (quotation omitted). A change in facts, however, may cure the jurisdictional defect and deprive the prior ruling of its preclusive effect. *See Home Builders*, 786 F.3d at 42 ("Issue preclusion bars us from reconsidering whether [the plaintiff] suffered Article III injury, unless [it has] alleged that events after the original dismissal cure the jurisdictional inadequacy identified in [the prior case]."); *Park Lake*, 378 F.3d at 1137 (observing that a "change in circumstances" can "cure[] the jurisdictional defect" if it "occur[s] subsequent to the prior litigation").

We first consider whether the elements of issue preclusion are met here. The prior suit centered in part on whether Outdoor had standing to bring its prior-restraint claim, which means the issue was raised and litigated. *Outdoor I*, 2021 WL 5974157, at *4. Our determination that Outdoor lacked standing was necessary to our decision, as it was dispositive of the prior-restraint claim. *Id.* And, of course, Outdoor was a party to the previous case. *Id.* Though we did not "reach the underlying merits" in the prior suit, that is "irrelevant" because we "reached the merits of the issue in question—namely, whether [Outdoor] had standing to sue in the case." *Hooker*, 21 Fed. App'x at 405 n.2. So the decision was final and on the merits. Issue preclusion, therefore, bars relitigation of Outdoor's prior-restraint claim insofar as it is based on the same facts as the prior suit.

We must determine, then, whether a change in facts has cured the jurisdictional defect that plagued the prior suit. Outdoor provides two factual bases for its prior-restraint challenge: (1) that it refuses to seek a variance for its previously denied permit application, and (2) that it refuses to seek variances to display other billboards in Canton. The first factual allegation—that Outdoor refused to seek a variance for its first proposed billboard—was the basis for Outdoor's previous suit. *See Outdoor I*, 2021 WL 5974157, at *1. So, issue preclusion bars Outdoor from relitigating its prior-restraint claim based on those facts. As other circuits have observed, "it does not make sense to allow a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until it finally satisfies the jurisdictional requirements." *Park Lake*, 378 F.3d at 1138 (citation omitted).

No. 24-1496        *Outdoor One Communications LLC v.*        Page 7
*Charter Twp. of Canton, Mich.*

Issue preclusion, however, does not extend to Outdoor's claim based on its alleged refusal to seek "the variance necessary to display other billboards in the Township." R. 1, Complaint, PageID 32. Outdoor didn't make this allegation in the previous suit. And a few years have passed since our prior decision. It's therefore plausible that, within that period, Outdoor did not apply to construct other billboards in Canton due to the ordinance's allegedly subjective permitting scheme. Because this is a new factual development, issue preclusion does not bar our consideration of it. *See Hooker*, 21 F. App'x at 405–06 (observing that facts had to be "unchanged" for issue preclusion to apply); *see also Home Builders*, 786 F.3d at 36 (same).

Outdoor contests any application of res judicata. First, Outdoor argues that Canton "never asserted direct estoppel or collateral estoppel as an affirmative defense." Appellant Br. at 13. True, Canton did not expressly raise issue preclusion (or direct estoppel or collateral estoppel) as a defense. Instead, its defense was "*res judicata* / the doctrine of claim preclusion." R. 7, Answer, PageID 318. Yet relying on claim preclusion as a defense was understandable in light of this court's precedent. In *Shaw*, this court applied "res judicata," another term for claim preclusion (and, confusingly, also for issue preclusion, *see Lucky Brand*, 590 U.S. at 411), to bar relitigation of claims in similar circumstances to the present case. 554 F.2d at 789. And "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). It would seem unduly harsh to penalize Canton for raising a defense that *Shaw* arguably sanctioned. Also, it doesn't appear that Outdoor suffered prejudice by Canton's choice of words. Outdoor's response to Canton's claim preclusion defense—that preclusive principles do not apply when there was no "final judgment on the merits"—would apply as well to a defense of issue preclusion; both types of preclusion require a "final judgment on the merits." R. 15, PageID 380–82. We conclude that Canton adequately preserved its issue preclusion defense.

Outdoor also insists that the district court gave preclusive effect to the wrong decision— the district court's, rather than ours. Outdoor points out that when a court of appeals affirms a district court's judgment on alternative grounds, res judicata applies to the appellate court's opinion, not the district court's. *See Pogue v. Principal Life Ins. Co.*, 979 F.3d 534, 536 (6th Cir. 2020). And it states that our panel opinion affirmed the district court on an "alternative ground" that was "incommensurable" with the district court's rationale. Appellant Br. at 21. So,

according to Outdoor, the district court erred in giving preclusive effect to its prior determination.

Outdoor correctly observes that the district court gave its prior opinion preclusive effect. Arguably, this was error. Though both the district court and this court dismissed Outdoor's suit for lack of standing, we took different paths to reach that conclusion: this court determined that Outdoor hadn't alleged an injury, whereas the district court found that Outdoor had (but causation and redressability weren't met). *Compare Outdoor One Comms., LLC v. Charter Twp. of Canton*, 2021 WL 807872, at *6 (E.D. Mich. Mar. 3, 2021), *with Outdoor I*, 2021 WL 5974157, at *4. This court, however, may affirm a district court's judgment on any basis supported by the record. *United States v. Binford*, 818 F.3d 261, 267 (6th Cir. 2016). So, based on *this* court's reasoning in *Outdoor I*, we can consider whether res judicata principles bar reconsideration of Outdoor's prior-restraint claim arising out of its refusal to seek a variance for the previously denied billboard application. We conclude that our prior opinion does preclude that claim.

In *Outdoor I*, we determined that Outdoor failed to allege an injury for its prior-restraint claim. *Outdoor I*, 2021 WL 5974157, at *4. We explained that "Outdoor didn't self-censor because of the prospect of the permitting process. . . . In fact, Outdoor went through the permitting process . . . ." *Id.* The purpose of a prior-restraint challenge is to defend against the "*chilling effect* of the unconstitutional grant of standardless discretion." *Osediacz v. City of Cranston*, 414 F.3d 136, 141 (1st Cir. 2005) (emphasis added). In submitting its prior billboard application, Outdoor willingly submitted its speech to the allegedly unconstitutional discretion of Canton. In doing so, Outdoor did the opposite of engaging in self-censorship. And in the present case, Outdoor alleges no changed facts with respect to that initial application—just as before, Outdoor "has not applied for a variance" for the denied application. R. 1, Complaint, PageID 12; *see Outdoor I*, 2021 WL 5974157, at *1 (noting that Outdoor did not ask for a variance for its denied billboard application). Outdoor cannot now allege self-censorship based on the same facts simply because it has since uncovered a better theory. *See Home Builders*, 786 F.3d at 43 ("Our [prior opinion] cannot be used as a mere instruction manual on how [the

No. 24-1496        *Outdoor One Communications LLC v.*        Page 9
*Charter Twp. of Canton, Mich.*

plaintiff] might correct defects in its claim of standing by doing a better job of pleading preexisting facts and arguing the law more forcefully in a new case.").

Insofar as Outdoor attempts to refashion its prior-restraint claim by presenting recycled facts under a new theory, its claim is precluded. "[T]he change in circumstances that cures the jurisdictional defect must occur subsequent to the prior litigation." *Park Lake*, 378 F.3d at 1137. The district court properly determined that Outdoor cannot relitigate its prior-restraint claim based on its previously denied billboard application.

### B.

Outdoor's prior-restraint claim also rests on new facts, however—that Outdoor has been refusing to apply for any *other* billboard permits due to the sign ordinance's discretionary nature. Issue preclusion cannot apply to that aspect of its claim. *See Hooker*, 21 F. App'x at 405–06. So we consider the second jurisdictional issue in dispute—whether Outdoor has standing to assert a prior-restraint claim based on those new facts. To have standing, Outdoor must show that it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of [Canton], and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Because this case comes to us on appeal from a decision on the pleadings, we apply de novo review and accept all well-pleaded facts as true. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

Outdoor presents a new theory and some fresh facts for its constitutional injury. According to Outdoor, Section 6A.24 of the local sign ordinance is effectively a prohibition on billboards.[2] Section 6A.24 provides that billboards may be constructed in GI districts alongside limited access interstate freeways, so long as they meet neutral criteria. Ordinances § 6A.24. But Outdoor alleges that no GI zoning districts border a limited access interstate in Canton. So, any person seeking to put up a billboard anywhere in the township must obtain a variance

---

[2]It appears that, after the parties submitted their briefs, Canton amended its ordinances to substantially alter the criteria for granting variances. *Compare* Ordinances § 27.05.D (Dec. 2023), *with* Ordinances § 27.05.D (Oct. 2024). And Section 6A.04 no longer contains the modification clause that Outdoor invokes in its briefs on appeal, so it no longer grants Canton officials "power to relax compliance" with the sign ordinance's provisions. Appellant Br. at 40; *compare* Ordinances § 6A.04 (Dec. 2023), *with* Ordinances § 6A.04 (Oct. 2024). We leave it to the parties to address the implications of these changes on remand.

from Canton officials. And, per Outdoor's allegations, the provisions for granting variances or modifications—sections 6A.04 and 27.05—bestow on officials "complete discretion" to grant or deny such requests. Appellant Br. at 26. The pleadings don't state when the GI zoning districts allegedly stopped abutting any limited access interstate freeways. But the pleadings make clear that, since the prior lawsuit, Outdoor has been "self-censoring its speech due to the prospect of having to submit itself" to Canton officials' discretionary review. *Id.* at 34. At the very least, then, Outdoor's refusal to submit any billboard applications is a new factual development.

Outdoor's decision not to seek a billboard permit plausibly implicates its First Amendment rights. "Billboards . . . represent a medium of expression that the Free Speech Clause has long protected." *Prime Media, Inc. v. City of Brentwood*, 398 F.3d 814, 818 (6th Cir. 2005). And "when a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license." *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 755–56 (1988). Facial challenges are appropriate in this context because the self-censorship "derives from the individual's own actions, not an abuse of government power," making self-censorship "immune to an 'as applied' challenge." *Id.* at 757. Outdoor mounts a facial challenge to the ordinance here.

Outdoor has standing to bring its facial challenge. First, its injury. To sufficiently allege an injury in a prior-restraint claim based on self-censorship, a plaintiff must show that it is "*subject to* a prior restraint on protected expression." *Phillips v. DeWine*, 841 F.3d 405, 416 (6th Cir. 2016) (emphasis added) (quoting *Van Wagner Boston, LLC v. Davey*, 770 F.3d 33, 38 (1st Cir. 2014)). If a plaintiff previously applied for a permit or license under the challenged regulation to engage in the designated expressive activity, that "indicates that [the plaintiff] has been and will continue to be subject to [the challenged] ordinance." *MacDonald v. Safir*, 206 F.3d 183, 189 (2d Cir. 2000); *see also CAMP Legal Def. Fund v. City of Atlanta*, 451 F.3d 1257, 1275 (11th Cir. 2006) ("Because CAMP has applied for a permit, CAMP has established that it is subject to these requirements."); *Osediacz*, 414 F.3d at 141–42 (listing the fact that plaintiff did

"not assert that she has any interest in" speaking under the challenged local policy as evidence that the plaintiff did not suffer a cognizable Article III injury).

Outdoor has sufficiently alleged that it is subject to Canton's ordinance scheme. Outdoor is a billboard advertising company operating out of Royal Oak, Michigan, a township roughly thirty miles from Canton. As a billboard company, its business model relies on erecting and maintaining outdoor advertisements (i.e., billboards) on property that Outdoor leases for such purposes. Outdoor previously (and unsuccessfully) submitted an application to erect a billboard in Canton. Outdoor alleges that billboard advertising is speech that the First Amendment protects, yet it must obtain a variance from Canton to erect *any* billboard in the township. And Outdoor alleges that, in light of the "unchecked and unbridled discretion of Canton's officials," Outdoor has refused to submit any billboard applications in Canton. R. 1, Complaint, PageID 32. Together, these allegations plausibly show that Outdoor is "subject to" Canton's billboard ordinance requirements and is engaging in self-censorship. *See Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 351 (6th Cir. 2007).

Outdoor satisfies the other standing requirements—causation and redressability—as well. The looming "prospect of having to submit itself to the unbridled discretion of Canton's officials" has caused Outdoor's self-censorship. Appellant Br. at 34. And finding the discretionary provisions unconstitutional would likely provide Outdoor with a remedy. *See, e.g.*, *Uzuegbunam v. Preczewski*, 592 U.S. 279, 293 (2021) ("[F]or the purpose of Article III standing, nominal damages provide the necessary redress for a completed violation of a legal right."). Because Outdoor has satisfactorily alleged injury, causation, and redressability on the record before us, Outdoor has standing.

Canton contests this, insisting that Outdoor can't meet standing's third prong, redressability. According to Canton, striking down the discretionary provisions wouldn't redress Outdoor's harm—its inability to display its billboard that violates Canton's height and size requirements. But Canton mischaracterizes Outdoor's alleged injury. Outdoor's purported harm is self-censorship, and it is self-censoring because, no matter what, it must obtain Canton's discretionary approval before it can lawfully put up a billboard. This is not the same as being

unable to erect a billboard because it violates neutral height and size restrictions.  Also, contrary to Canton's suggestion, we don't even know whether Outdoor seeks to construct only signs that are "too big."  Appellee Br. at 39.  All we know about the "other billboards" is that Outdoor refuses to submit permit applications for them due to Canton officials' allegedly vast discretionary power—a classic example of self-censorship.  R. 1 Complaint, PageID 32; *see City of Lakewood*, 486 U.S. at 759.

Canton also relies on severability to argue that Outdoor can't meet the redressability prong, and it points to *International Outdoor, Inc. v. City of Troy, Michigan* as an example of how severability would work here.  974 F.3d 690 (6th Cir. 2020).  There, plaintiff International Outdoor sought to construct billboards.  *Id.* at 695.  Its proposed billboards exceeded the local height and size restrictions, however, so the city denied its permit application.  *Id.*  We held that International Outdoor lacked standing to challenge the variance provision itself, because the variance provision was "distinct" from the rest of the ordinance and International Outdoor would still be thwarted by the height and size restrictions.  *Id.* at 699.  But we held that International Outdoor nevertheless had standing to challenge a separate, allegedly content-based, provision, so we vacated the district court's dismissal.  *Id.* at 702, 709.  On remand, the district court found the content-based provision severable as well, and the height and size restrictions still prevented International Outdoor from erecting its billboards.  *Int'l Outdoor, Inc. v. City of Troy*, 77 F.4th 432, 437 (6th Cir. 2023).  So, the district court dismissed the case, and we affirmed.  *Id.* at 437, 440.

That reasoning doesn't apply here.  According to Outdoor's allegations, comporting with the height and size restrictions would not free it from submitting to Canton's variance or modification procedures.  And, again, its alleged injury is self-censorship—its refusal to even *try* to erect a billboard in an effort to evade standardless government oversight of its speech.  Its injury is not simply the inability to erect a billboard under Canton's ordinance.  What is more, given that anyone wishing to construct a billboard in Canton allegedly must apply for a variance, it's plausible that the variance provision is "inextricably linked" with the sign ordinance.  Appellant Br. at 40.  So, we can't excise the discretionary provisions to make the prior-restraint claim disappear.  *See International Outdoor*, 974 F.3d at 702.  Accordingly, the district court

No. 24-1496            *Outdoor One Communications LLC v.*            Page 13
                               *Charter Twp. of Canton, Mich.*

erred to the extent it dismissed Outdoor's prior-restraint claim stemming from its refusal to submit any billboard applications.

* * *

We AFFIRM in part and VACATE in part, and we REMAND for further proceedings consistent with this opinion.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 24-1496

OUTDOOR ONE COMMUNICATIONS LLC,

     Plaintiff - Appellant,

     v.

CHARTER TOWNSHIP OF CANTON, MICHIGAN,

     Defendant - Appellee.

> **FILED**
> Oct 08, 2025
> KELLY L. STEPHENS, Clerk

Before: SUHRHEINRICH, THAPAR, and LARSEN, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED IN PART, VACATED IN PART, and REMANDED for further proceedings consistent with the opinion of this court.

**ENTERED BY ORDER OF THE COURT**

_Kelly L. Stephens_

Kelly L. Stephens, Clerk