# Exhibit 8

## FIRST SUPPLEMENTAL DECLARATION OF JAY C. CARLL

I, Jay C. Carll, declare as follows:

1.      I am a Member of Outdoor One Communications LLC ("Outdoor"), a Michigan limited liability company. In that capacity, I am responsible for managing the operations of Outdoor One Communications LLC. The statements made herein are based on my personal knowledge.

2.      I have worked in the outdoor advertising industry for 43 years. During that period of time, I have been personally responsible for identifying and developing over 500 new billboard locations across the United States. When developing new billboard locations, I regularly conduct in-depth reviews of municipal regulations for signage, interact with municipal zoning and building officials, and am personally involved with the municipal permitting process.

3.      Outdoor desired (and desires) to erect signs in the Charter Township of Canton that display a variety of noncommercial and commercial content, including but not limited to ideological speech, paid and unpaid religious speech, paid and unpaid memorial tributes, political speech, Amber Alerts, real-time weather warnings, and other time-sensitive emergency messages that can be electronically communicated to the public instantly.

1

4. I have reviewed the Charter Township of Canton's Charter Township Code, Appendix A, Article 6A.00 – Signs in effect from December 17, 2021 through at least March 17, 2024 (the "Sign Ordinance").

5. For the period December 17, 2021 through March 17, 2024, Outdoor did not submit any application or request seeking discretionary permission from Canton to relax, waive, vary, or modify any provision of the Sign Ordinance – whether labeled a "modification" under § 6A.04, a "variance" under § 27.05, or otherwise (collectively, "Discretionary Relief").

6. Outdoor was deterred from seeking the Discretionary Relief it would have needed to display billboards in Canton between December 17, 2021, and March 17, 2024, because of the prospect of having to submit itself to the unfettered discretion Canton possessed under its arbitrary and discriminatory scheme of prior restraint.

7. As a result, Outdoor engaged in self-censorship for the entire period between December 17, 2021, and March 17, 2024; during that period, Outdoor desired to display billboards in Canton but was deterred from seeking the Discretionary Relief necessary to do so.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

2

Executed on the ___9___ day of ___MARCh___ , 2026.

_____

Jay C. Carll

3