UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTDOOR ONE COMMUNICATIONS, LLC,

                                                      Case No. 2:23-cv-10492

      Plaintiff,                          Hon. Shalina D. Kumar

v.

CHARTER TOWNSHIP OF CANTON,

      Defendant.

---

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

### **\*Oral Argument Requested\***

Defendant, CHARTER TOWNSHIP OF CANTON, by and through its counsel, moves this Honorable Court for summary judgment, pursuant to Fed. R. Civ. P. 56, for the reasons stated in the accompanying brief in support of this Motion.

The undersigned counsel certifies that Defense counsel conferred with Plaintiff's counsel about this motion through a phone conversation on March 12, 2026, through which Defense counsel explained the nature of the relief to be sought and requested concurrence in the relief, but concurrence was denied.

WHEREFORE, Defendant, CHARTER TOWNSHIP OF CANTON, respectfully requests that this Honorable Court grant its motion summary judgment, enter judgment in favor of Defendant, award costs and attorney's fees, and grant any other relief deemed appropriate.

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH, &
AMTSBUECHLER, P.C.

/s/ Matthew J. Zalewski_____
MATTHEW J. ZALEWSKI (P72207)
Attorney for Defendant
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331-3550
(248) 489-4100
mzalewski@rsjalaw.com

Dated:   March 13, 2026

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTDOOR ONE COMMUNICATIONS, LLC,

           Plaintiff,

v.

CHARTER TOWNSHIP OF CANTON,

           Defendant.

Case No. 2:23-cv-10492
Hon. Shalina D. Kumar

---

## **BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**\*Oral Argument Requested\***

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................. iii

STATEMENT OF ISSUES PRESENTED............................................................ vi

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF
SOUGHT...................................................................................................... vii

STATEMENT OF FACTS ..................................................................................1

    I.     Plaintiff's Initial Billboard Application and Applicable Regulations of the
Original Sign Ordinance. ...............................................................................1

    II.    *Outdoor One Communications v. Canton(1)* ..............................................4

    III.    *Outdoor One Communications v. Canton(2).* ...........................................8

    IV.    The New Sign Ordinance .........................................................................9

STANDARD OF REVIEW ...............................................................................12

ARGUMENT ...................................................................................................13

    I. Plaintiff's Request for Equitable and Prospective Relief is Moot. ..........13

    II. The Original Sign Ordinance's Variance Procedures were not an
    Unconstitutional Prior Restraint. ................................................................14

CONCLUSION & REQUEST FOR RELIEF ........................................................19

CERTIFICATE OF SERVICE ...........................................................................20

ii

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)......................................12

*Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir. 1991)....................................12

*Burger v. Cuyahoga Cnty. Bar Ass'n,* 983 F.2d 718, 724 (6th Cir. 1993) ..............13

*Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 2986).......................................13

*CBS Outdoor v. City of Royal Oak,* No. 11-13887, 2012 WL 3759306 at *6 (E.D. Mich. Aug 29, 2012) ...............................................................................................17

*CBS Outdoor v. Kentwood,* No. 1:09-CV-1016, 2010 WL 3942842 at *9 (Ex. 6) (W.D. Mich. Oct. 6, 2010) .................................................................................17

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986)...........................................12

*Demis v. Sniezek,* 558 F.3d 508, 512 (6th Cir. 2009) ...............................................13

*First National Bank of Arizona v. Cities Service Co,* 391 U.S. 253, 289 (1968)....13

*G&V Lounge v. Michigan Liquor Control Commission,* 2 F.3d 1071 (6th Cir. 1994)……………………………………………………………………………14

*International Outdoor v. City of Troy,* 974 F.3d 690 (6th Cir. 2020)……………..13

*International Outdoor v. Roseville,* No. 313153, 2014 WL 1778381 at *3 (E.D. Mich. May 1, 2014) ....................................................................................17

*Kerr for Kerr v. Comm'r of Soc. Sec.,* 874 F.3d 926, 930 (6th Cir. 2017)..............13

*Macdonald Advertising Co. v. City of Pontiac,* 916 F.Supp. 644, 646, 650 (1995)17

*Mastushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)12

*Midwest Media Pro. LLC v. Symmes Twp,* 503 F.3d 456 (6th Cir. 2007)…………14

*Outdoor One Communications, LLC v. Charter Township of Canton,* No. 20-10934, 2021 WL 807870 (E.D. Mich. March 3, 2021) .........................................5

*Outdoor One Communications, LLC v. Charter Township of Canton,* No. 20-10934, 2021 WL 807872 (E.D. Mich. March 3, 2021) .........................................5

*Outdoor One Communications, LLC v. Charter Township of Canton,* No. 21-1323, 2021 WL 5974157 (6th Cir. Dec. 16, 2021) ..........................................................7

*Outdoor One Communications, LLC v. Charter Township of Canton,* 155 F.4th 776 (6th Cir. 2025)……………………………………………………………...8, 9, 10

*Prime Media, Inc. v. Brentwood,* 485 F.3d 343 (6th Cir. 200&)…………………..15

*R.S.W.W., Inc. v. City of Keego Harbor,* No 98-40377, 2006 WL 1155228 (E.D. Mich. May 1, 2006)……………………………………………………………18

*Rzadkowolski v. Metamora Township,* No. 14-12480, 2016 WL 2756518 at *5 (E.D. Mich. May 12, 2016)..............................................................................16

*Shuttlesworth v. City of Birmingham. Ala,* 394 U.S. 147 (1969)……………….....14

*Thomas v. Chicago Park Dist.,* 534 U.S. 316, 324 (2002) ......................................18

*Uzuegbunam v. Preczewski,* 141 S.Ct. 792, 796 (2021)..........................................13

**STATUTES**

42 U.S.C. §1983 .......................................................................................................4

42 U.S.C. §1988 .......................................................................................................4

Mich. Comp. Laws § 125.3605………………………………………………...19

**RULES**

Fed. R. Civ. P. 12(b)(1)...........................................................................................5

Fed. R. Civ. P. 12(b)(6)........................................................................................5, 6

Fed. R. Civ. P. 12(c)............................................................................................5, 6

Fed. R. Civ. P. 56(a)...............................................................................................12

Fed. R. Civ. P. 56(c)...............................................................................................12

**ORDINANCES**

ZO §6A.01(17)..........................................................................................................3

ZO §6A.01(7)...............................................................................................................2

ZO §6A.04...................................................................................................................4

ZO §6A.04(J)………………………………………………………………...10

ZO §6A.05(G)………………………………………………………………….10

ZO §6A.09……………………………………………………………………...10

ZO §6A.13……………………………………………………………………...11

ZO §6A.15.................................................................................................................3

ZO §6A.24.............................................................................................................2, 3

ZO §6A.27.................................................................................................................2

ZO §27.05(D)………………………………………………………………….2, 10

ZO §29.01……………………………………………………………………….4

v

## **STATEMENT OF ISSUES PRESENTED**

I.      Should summary judgment of Plaintiff's request for declaratory and injunctive relief be granted for the Township, where the challenged Sign Ordinance has been amended, thus causing Plaintiff's claims for equitable relief and prospective relief to be moot?

Defendant answers:      Yes
Plaintiff answers:      No

II.     Should summary judgment of Plaintiff's First Amendment prior restraint claim be entered for the Township, where the challenged variance review procedures are sufficiently detailed so as not to give the Zoning Board of Appeals unbridled discretion, and where the Zoning Board of Appeals' decisions are subject to judicial review?

Defendant answers:      Yes.
Plaintiff answers:      No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY
### FOR RELIEF SOUGHT

*International Outdoor, Inc. v. City of Troy, Michigan,* 974 F.3d 690, 698 (6th Cir. 2020)

*Prime Media, Inc. v. Brentwood,* 485 F.3d 343, 351 (6th Cir. 2007)

*Rzadkowolski v. Metamora Township,* No. 14-12480, 2016 WL 3230535 (E.D. Mich. June 13, 2016)

## STATEMENT OF FACTS

**I.      Plaintiff's Initial Billboard Application and Applicable Regulations of the Original Sign Ordinance.**

This matter originated when Plaintiff attempted to submit a Sign Permit Application ("Application") on March 12, 2020, but was informed that, since an illuminated sign was proposed, the application could not be accepted unless it was submitted in the name of a licensed electrical engineer.[1]

The next day, March 13, 2020, the Township accepted Plaintiff's revised Application. (Plaintiff's Permit Application, ECF No. 16-3, PageID.587.) Plaintiff proposed a 2-sided permanent ground sign (billboard) measuring 30 feet high and 360 square feet in area. *Id.* It would be located on property owned by 274 Canton Development, LLC at 7280 N. Haggerty Road, Canton, MI 48187 [the "Subject Property"], which is zoned L-I, Light Industrial. *Id.*

The Township maintains a set of sign regulations in Zoning Ordinance ["ZO"] Article 6A.00 [the "Sign Ordinance" or "SO"]. The version of the Sign Ordinance in effect at the time of Plaintiff's initial application and at the time of filing this lawsuits has previously been entered into the record of this case. (Original Sign Ordinance, ECF No. 16-4, PageID.591.)  As stated in the Original SO, the purpose

---

[1] Application instructions specify that "Applicants [for an internally illuminated sign] must be a Michigan licensed/registered sign specialty contractor or electrical contractor." (Sign Permit Application Instructions, ECF No. 16-2, PageID.585.)

of the SO is "to promote the general safety and welfare of the public by regulating and controlling all public and private graphics communications and displays." ZO §6A.02, ECF No. 16-4, PageID.598.

On March 18, 2020, the Township denied Plaintiff's Application under ZO §6A.24 because it "[e]xceeds size and height allowed." (Plaintiff's Permit Application with Decision, ECF No.16-3, PageID.587.) The maximum permitted area of a billboard[2] under the ZO is 160 square feet, and it shall not exceed 12 feet in height. ZO §6A.24, ECF No. 16-4, PageID.646.

ZO §6A.27 of the Original SO provided that "Any component of this chapter [article] is subject to appeal by the zoning board of appeals in accordance with section 28.04.E.6." ZO §6A.27, ECF No. 16-4, PageID.648. Plaintiff admits that it did not appeal.

The variance review standards under the Original SO incorporated the general standards for all variances, which appear in ZO §27.05(D). (Variance Standards, ECF No. 16-6, PageID.653.) The review criteria called upon the Zoning Board of Appeals ("ZBA") to consider 18 criteria in determining whether or not to grant a variance. Such considerations included, but were not limited to, whether strict

---

[2] A "billboard" was defined in the Original SO as a "nonaccessory ground sign erected for the purpose of advertising a product, event, person, or subject not related to the premises on which the sign is located. ZO §6A.01(7), ECF No. 16-4, PageID.592.

2

compliance with the letter of the ZO's restrictions would prevent the use of property of a permitted purposes, or render conformity with restrictions unnecessarily burdensome; whether there are exceptional or extraordinary circumstances or conditions applicable to the property that do not apply generally to other properties or similar uses in the zoning district; whether the variance is necessary for the preservation of a substantial property right; whether the variance would be materially detrimental to public welfare, increase hazards; and whether the development seeking a variance would be harmonious in a physical and economic sense with adjacent land uses. *Id.*

Since the Subject Property is in an LI zoning district, even a billboard that conformed to the dimensional requirements of ZO §6A.24 was not permitted since ZO §6A.24 of the Original SO limited billboards to the GI district. ZO §6A.24 defines "billboard" as a type of "ground sign,"[3] which were allowed in the LI district at a maximum area of 24 square feet, and a maximum height of 6 feet. ZO §6A.15, ECF No. 16-4, PageID.630.

ZO §6A.15 listed a wide variety of other signs that are allowed in the LI district. Importantly, all the allowed signs are identified by *type,* not by content. ZO §6A.15 also sets height and area maximums for each, again without reference to

---

[3] A "ground sign" is "a sign which is mounted in the ground on a masonry base or monument." ZO §6A.01(17), ECF No. 16-4, PageID.593.

content. There was no other sign allowed in the LI District (or any district) at dimensions equal to the sign proposed by Plaintiff. ZO §6A.15, ECF No. 16-4, PageID.627-634.

Where any SO provisions conflict with each other or with other ordinances, the Original SO provided that "the most restrictive of such inconsistent or conflicting provisions shall control." ZO §6A.04, ECF No. 16-4, PageID.598. Furthermore, if any portion of the ZO/SO were to be declared invalid, the ZO's severability clause would control, as it provides,

> This ordinance and the various parts, sentences, paragraphs, sections and clauses it contains are hereby declared to be severable. Should any part, sentence, paragraph, section or clause be adjudged unconstitutional or invalid by any court for any reason, such judgment shall not affect the validity of this ordinance as a whole or any part thereof other than the part so declared to be unconstitutional or invalid.

ZO §29.01. (Severability Provision, ECF No. 16-5, PageID.651.)

## II.    *Outdoor One Communications v. Canton(1)*

Plaintiff filed its first lawsuit against the Township on April 15, 2020 (*Outdoor One Communications, LLC. v. Charter Township of Canton,* Eastern District of Michigan Case No. 20-cv-10934 [*Outdoor One(1)*]. (*Outdoor One(1)* Complaint, ECF No. 16-9, PageID.713.) *Outdoor One(1)* alleged four counts under the First and Fourteenth Amendments of the U.S. Constitution, via 42 U.S.C. §1983. The Complaint sought injunctive and declaratory relief, damages, and attorney fees. Count III was of particular note, as it alleged, like the instant Complaint, that the SO

4

constitutes an "Unconstitutional Prior Restraint" based on allegations that the ZO's variance procedures granted the Township's ZBA unfettered discretion in reviewing a variance request. *Id.,* at PageID.733-735 (¶¶ 89-100).

In lieu of an answer, the Township filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6) and/or for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). After the close of briefing on the Township's motion to dismiss, but before a hearing, Plaintiff filed a motion for summary judgment on November 27, 2020. The Court resolved the parties' motions through separate orders entered March 3, 2021 denying the Township's motion to dismiss *Outdoor One Communications, LLC v. Charter Township of Canton,* No. 20-10934, 2021 WL 807870 (E.D. Mich. March 3, 2021) ["*Outdoor One(1A)*"], ECF No 16-10, PageID.739, and denying Plaintiff's motion for summary judgment and giving notice of its intent to enter summary judgment in favor of the Township pursuant to Fed. R. Civ. P. 56(f). *Outdoor One Communications, LLC v. Charter Township of Canton,* No. 20-10934, 2021 WL 807872 (E.D. Mich. March 3, 2021) ["*Outdoor One(1B)*"], ECF No. 16-11, PageID.742.

Insofar as the Township's motion was brought under Fed. R. Civ. P. 12(b)(1), the Court denied it on the limited basis that the Township's factual attack on Plaintiff's standing required a ruling on the merits of Plaintiff's First Amendment claim that it could not make under Fed. R. Civ. P. 12(b)(1). *Outdoor One(1A),* at *1.

And, since the motion was brought in lieu of an answer, the Court determined that judgment on the pleadings under Fed. R. Civ. P. 12(c) was premature. *Id.*

With respect to the Township's arguments that the Complaint failed to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), the Court ruled that the Complaint alleged "sufficient facts to plausibly establish standing and to substantiate its challenges to the various provisions of Canton's Sign Ordinance," and observed that the Township's motion primarily relied on cases decided on summary judgment that required a higher standard of review than mere plausibility. *Id.* At *2. The Court did not reach any conclusion as to whether Plaintiff *actually established* standing.

The Court resolved the merits of Plaintiff's standing through its Order regarding Plaintiff's motion for summary judgment. The Court found that Plaintiff only stated an injury-in-fact relative to height and size limitations for billboards, which the Court found to be content-neutral time place manner regulations. *Outdoor One(1B),* at *3-4. It further found that Plaintiff lacked a redressable harm under any ordinance provisions, and that the height and area requirements were severable from other portions of the SO, including variance provisions challenged in the prior restraint claim. *Id,* at *4-6. Based on its legal conclusions, and because it found that the material facts upon which the issues raised in Plaintiff's Complaint were not disputed, the Court not only denied Plaintiff's motion for summary judgment, but

6

announced its intent to enter judgment for the Township pursuant to Fed. R. Civ. P. 56(f). *Id, at* 6. It ultimately did so. (Judgment, ECF No. 16-12, PageID.749.)

Plaintiff appealed to the U.S. Court of Appeals for the Sixth Circuit, which affirmed the Court on December 16, 2021. *Outdoor One Communications, LLC v. Charter Township of Canton,* No. 21-1323, 2021 WL 5974157 (6th Cir. Dec. 16, 2021) ("*Outdoor One(1C)*") (ECF No. 16-13, PageID.750.) The Sixth Circuit's Opinion was multifaceted, and reached the following conclusions: 1) Plaintiff lacked an injury-in-fact traceable to any challenged ordinance provision; 2) Plaintiff was not harmed by any allegedly content-based regulations in the Ordinance, but instead its sign was just too big under the dimensional requirements that it did not challenge; 3) Plaintiff was not harmed by the permitting requirement itself; 4) Plaintiff failed to allege facts sufficient to achieve standing for a prior restraint claim; and, 5) the Court correctly analyzed severability in conjunction with standing in determining that Plaintiff lacked a redressable harm since the height and area requirements were severable from the balance of the Ordinance. *Id.,* at *2-5.

Plaintiff attempted to obtain *en banc* review, but its petition was rejected. (Sixth Circuit *En Banc* Order, ECF No. 16-14, PageID.757.) Plaintiff then filed a petition for writ of certiorari to the United States Supreme Court on April 28, 2022. The Supreme Court swiftly denied the request by Order entered June 28, 2022. (Supreme Court Order, ECF No. 16-15, PageID.760.)

**III.**        *Outdoor One Communications v. Canton(2).*

Plaintiff filed the instant Complaint on February 28, 2023, but did not serve it until May 16, 2023. (ECF No. 1, PageID.1.) It pleads a single count alleging that the variance procedures constitute a prior restraint, as did Count III in the *Outdoor One(1)* Complaint. (*Accord,* ECF No 16-9, PageID.733-735, ¶¶ 89-100.) Plaintiff claimed that it had overcome its standing defect in *Outdoor(1)* by alleging that it has engaged in self-censorship by not applying for (or seeking variances) for other signs. Plaintiff filed a motion for judgment on the pleadings on December 11, 2023. (ECF No. 15, Page ID.356), to which the Township responded in opposition on January 2, 2024. (ECF No. 16, Page ID.546). The Township filed a cross-motion for judgment on the pleadings and/or to dismiss the Complaint for lack of subject matter jurisdiction. (ECF No. 17, Page ID.846.)  The motion was decided by Judge Sean Cox. Judge Cox determined that the Court lacked subject matter jurisdiction over this matter on the basis that Plaintiff's attempt to re-litigate its standing to bring this suit was barred by the doctrine of *res judicata.*

Plaintiff appealed to the Sixth Circuit, which affirmed in part and reversed in part in *Outdoor One Communications, LLC v. Charter Township of Canton, Michigan,* 155 F.4th 776 (6th Cir. 2025). In essence, the Sixth Circuit affirmed that any claims (including Plaintiff's claim to standing) relating to Plaintiff's *original* permit application were barred by the doctrine of *res judicata.* However, insofar as

8

Plaintiff alleges self-censorship relative to signs for which Plaintiff has not applied, it has standing to proceed with its prior restraint facial challenge to the Sign Ordinance's variance procedures. While the Township asserted that the variance procedures are severable from the height and area requirements, thus making Plaintiff's alleged harm non-redressable, the Sixth Circuit stopped short of ruling on this question, opining instead that, insofar as Plaintiff may have to pursue a billboard application directly through variance procedures in zoning districts which do not provide for billboards, "it's plausible that the variance provision is 'inextricably linked' with the sign ordinance" so as to defeat severability. *Id.,* at 784-787. Thus, the Sixth Circuit remanded Plaintiff's facial challenge to this Court for further proceedings.

## IV.      The New Sign Ordinance

During the time that this matter was working its way through this Court and the Sixth Circuit, the Township embarked on a comprehensive review of the Sign Ordinance. (Ex. 1, 1-13-26 Memo). As noted by the Sixth Circuit, several revisions had already taken effect as of the time of the Sixth Circuit's decision, including the variance criteria. *Outdoor One,* 155 F.4th at 784 fn. 2. The effort ultimately culminated in the adoption of a substantially revised version of the SO at the Township Board's January 13, 2026 meeting. (Ex. 2, 1-13-26 Board Minutes). The "New SO" took effect as of January 27, 2026. (Ex. 3, New SO.)  Among notable

revisions, the New SO specifically prohibits "billboard signs." (Ex. 3, ZO §

6A.05(G). "Billboard Signs" are defined as:

> a large sign erected, maintained, and used for the purpose of displaying messages that can be seen from a long distance or read from a vehicle traveling at high speeds. A Billboard is typically an off-site sign, erected for the purpose of advertising a product, service, activity event, person or subject not related to the premises on which the Billboard is located. A Billboard does not include an off-premises directional sign.

(Ex. 3, ZO § 6A.04((J).)

The New SO also sets forth an extensive set of content-neutral regulations

controlling the number, placement, and size of different types of signs within

different zoning districts. (Ex. 3, ZO § 6A.09.) For example, in the LI and GI zoning

districts, properties are limited to one ground sign per road frontage at a maximum

area of 32 square feet, and a maximum height of 6 feet. (Ex. 3, ZO § 6A.09(G).)

The New SO also introduces substantially revised variance review criteria

for SO-related appeals/variance requests that are specific to the SO and, for

purposes of the SO, supplanted the general variance review criteria of ZO §

27.05(D)(3) that the instant Complaint challenges. Under these new standards, the

presence of any of the following circumstances can support the grant of a variance:

(A)     A conforming sign could not be easily seen by passing motorists due to the configuration of existing buildings, trees, or other obstructions, which cannot be legally and/or practically removed.

(B)     A conforming sign could not be seen by passing motorists in sufficient time to permit safe deceleration and exit. In

10

determining whether such circumstances exist, the Zoning Board of Appeals shall consider the width of the road, the number of moving lanes, the volume of traffic, speed limits, and lines of sight.

(C)     Existing signs on nearby parcels would substantially reduce the visibility or advertising impact of a conforming sign on the subject parcel.

(D)     Construction of a conforming sign would require removal or severe alteration to natural features on the parcel, such as but not limited to removal of trees, alteration of the natural topography, filling of wetlands, or obstruction of a natural drainage course. In determining whether such circumstances exist, the Zoning Board of Appeals shall consider the environmental impact of the removal or severe alteration to natural features and potential mitigation to determine the appropriateness of conforming alternatives.

(E)     Construction of a conforming sign would obstruct the vision of motorists or otherwise endanger the health or safety of passers-by.

(F)     Variance from certain sign regulations would be offset by increased building setback, increased landscaping, or other such enhancements, so that the net effect is an improvement in appearance of the parcel, compared to the result that would be otherwise achieved with construction of a conforming sign.

(G)     A sign which exceeds the maximum permitted height or area standards of this Ordinance would be more appropriate in scale because of the large size or frontage of the parcel or building or within a building setback significantly greater than required by this Ordinance.

(Ex. 3, ZO § 6A.13.)

The New SO was enacted with an express severability clause. (Ex. 3, Part III.)

11

Plaintiff has not pursued any approvals under the New SO, and, to date, has not attempted to incorporate any challenge to the New SO into this action.

## STANDARD OF REVIEW

A motion for summary judgment shall be granted when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where the trier of fact could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Inferences from the underlying facts are viewed in a light most favorable to the nonmoving party. *Mastushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of identifying the basis of the summary judgment motion and portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Upon that showing, the nonmoving party must produce evidence supporting its claim and to make the case that a genuine question of material fact exists. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir. 1991). The nonmoving party can make this showing by citing to particular evidence or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). When the record as a whole could not lead the fact finder to find the for the

12

nonmoving party, there is no genuine issue for trial and the summary judgment should be granted for the moving party. *First National Bank of Arizona v. Cities Service Co,* 391 U.S. 253, 289 (1968).

## ARGUMENT

### I.      Plaintiff's Request for Equitable and Prospective Relief is Moot.

Insofar as the Complaint seeks prospective injunctive or declaratory relief relative to the enforcement of the Original SO that is the subject of this Complaint, Plaintiff's requests are mooted by the adoption of the New Sign Ordinance in 2026.

"Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Burger v. Cuyahoga Cnty. Bar Ass'n,* 983 F.2d 718, 724 (6th Cir. 1993) (quoting *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). "A federal court 'lacks jurisdiction to consider any case or issue that has lost its character as a present, live controversy and thereby becomes moot.'" *Kerr for Kerr v. Comm'r of Soc. Sec.,* 874 F.3d 926, 930 (6th Cir. 2017) (quoting *Demis v. Sniezek,* 558 F.3d 508, 512 (6th Cir. 2009).) "If in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot." *Uzuegbunam v. Preczewski,* 141 S.Ct. 792, 796 (2021).

In the specific context of sign ordinance challenges, the Sixth Circuit has instructed that where a challenged sign ordinance has been replaced by a new

ordinance, the challenge to the original sign ordinance is moot, except for any backward-looking damages claim. *International Outdoor, Inc. v. City of Troy, Michigan,* 974 F.3d 690, 698 (6th Cir. 2020), citing *Midwest Media Prop. LLC v. Symmes Twp.,* 503 F.3d 456, 460-61 (6th Cir. 2007). Here, as the 2026 SO revision fully replaced the Original SO that is at issue in this case, Plaintiff's Complaint is moot, and any surviving backward-looking damages claim cuts off as of the January 27, 2026 effective date of the New SO. *Id.* Accordingly, summary judgment of the Complaint should be entered for the Township relative to all requests for prospective relief and equitable relief.

## II. The Original Sign Ordinance's Variance Procedures were not an Unconstitutional Prior Restraint.

Plaintiff's sole cause of action asserts that the Original SO constituted a prior restraint in violation of the First Amendment of the U.S. Constitution. It specifically raises this allegation relative to the variance procedures within ZO §27.05(D) that were incorporated into the Original SO that existed at the time that Plaintiff filed its Complaint. Plaintiff claims that it would have had no choice but to pursue an appeal before the ZBA in order to obtain one of its never-applied-for signs, and that the variance review criteria provided the ZBA with unfettered discretion.

While Plaintiff asserts that being subjected to the variance process it itself a prior restraint, merely calling it a prior restraint does not make it an *unconstitutional* prior restraint. To succeed in establishing that the variance process relative to sign

14

permits under the Original SO is an unconstitutional prior restraint, Plaintiff must establish both the existence of the permitting requirement *and* unbridled discretion. *Prime Media, Inc. v. Brentwood,* 485 F.3d 343, 351 (6th Cir. 2007), citing *G&V Lounge v. Michigan Liquor Control Commission,* 2 F.3d 1071, 1075 (6th Cir. 1994). Thus, for as much as Plaintiff enlarged the size of its Complaint with extraneous allegations about other sign permits and other provisions of the Original SO, this is merely a facial challenge to the Original SO's variance procedures, and the only merits question pending before this Court on remand is whether the Original SO's variance procedures provided the ZBA with unbridled discretion. The Township asserts that the answer is unequivocally "no."

When evaluating whether a First Amendment-related permitting procedure passes constitutional muster, the courts look to whether the criteria for evaluating the permit application (or, in this situation, a variance/appeal), provide "narrow, objective, and definite standards to guide the licensing authority." *Shuttlesworth v. City of Birmingham, Ala.,* 394 U.S. 147, 150-151 (1969). Plaintiff alleges that the procedures do not adequately guide the ZBA in exercising discretion, and cherry-picks select words within the review criteria in an effort to portray them as lacking. But, as noted in the statement of facts, the ZBA review criteria that were applicable to variances/appeals under the Original SO consisted of 18 extensive considerations for the ZBA. (Original SO Variance Standards, ECF No. 16-6, PageID.653.)

15

While we lack case law setting forth any form of definitive or exhaustive list of constitutionally acceptable review criteria, the case law that we do have indicates that the Original SO's criteria are in line with criteria that have been upheld, and distinguishable from criteria that have been struck down as unconstitutional.

Viewed in total, the Original SO's variance review criteria Township's variance review language mirrors that of procedures upheld in *Rzadkowolski v. Metamora Township,* No. 14-12480, 2016 WL 3230535 (E.D. Mich. June 13, 2016) ("*Rzadkowolski(2)")* (ECF No. 16-21, PageID.839). In that case, the Court had initially found procedures to be unconstitutional based on an argument identical to the instant Plaintiff's claims; that is, that considerations such as "public interest," "special conditions" and "practical difficulty" are too subjective. *Rzadkowolski v. Metamora Township,* No. 14-12480, 2016 WL 2756518 at *5 (E.D. Mich. May 12, 2016) ("*Rzadkowoski(1)*") (ECF No. 16-20, PageID.829). On reconsideration, the Court addressed additional language that resolved the infirmities that it initially found:

> Defendant points out that the section is specific in the following ways: (1) the issuance of a variance requires the Commission to consider whether the circumstances at issue in the case before the them are unique to property being considered when compared with other property in the same district; (2) the Commission must consider whether the denial of the variance would deprive the applicant of rights enjoyed by others; (3) whether the circumstances surrounding the requirement of a variance were created by actions of the applicant; and (4) whether the granting of the variance would give privileges to the applicant that others do not enjoy. Defendant clarifies that the terms

16

that the Court found to be subjective, such as "special conditions," are in fact "further clarified, qualified, and/or explained by additional language in the ordinance." *Rzadkowolski(2),* at *3.

\*   \*   \*

For example, a "practical difficulty on the subject site" is defined as "exceptional narrowness, shallowness, shape or area, presence of floodplain, [or] exceptional topographic conditions." *Id.*

The language in the Township's ZO is more akin to the specific language in *Rzadkowoski(2)* than to that which was stricken down in any of the cases that Plaintiff has cited in past proceedings in this case or others. *Contrast, CBS Outdoor v. City of Royal Oak,* No. 11-13887, 2012 WL 3759306 at *6 (E.D. Mich. Aug 29, 2012) (itemizing problematic considerations that lacked details comparable to the Township's or *Rzadkowolski(2)'s* explanatory language); *International Outdoor v. Roseville,* No. 313153, 2014 WL 1778381 at *3 (E.D. Mich. May 1, 2014) (finding as inadequate standards that relied heavily on the concept of "harmony" and general criteria about property value and public health, safety and welfare); *Macdonald Advertising Co. v. City of Pontiac,* 916 F.Supp.644, 646, 650 (1995) (rejecting standards like "harmony" and "unreasonably injure," and which were similarly skeletal to those in *CBS Outdoor v. Royal Oak, supra.*); *CBS Outdoor v. Kentwood,* No. 1:09-CV-1016, 2010 WL 3942842 at *9 (W.D. Mich. Oct. 6, 2010) (rejecting standards related to harmony, aesthetics, and compatibility.)

Here, the Township's variance criteria do not rely on vague references to

17

harmony, compatibility, aesthetics, or unreasonable effects. Where other words like "practical difficulty" or "substantial justice" appear, they are joined with the type of "objective and specific definitions" or illustrative examples necessary for the standards to pass constitutional muster, as in *Rzadkowolski(2)*. And, as these are general zoning criteria were applicable to all types of variances, they do not have any content-based components. Accordingly, the Township's variance standards are "reasonably specific and objective to not leave the decision to the whim of the" ZBA. *Rzadkowoski(2),* 2016 WL 3230535 at *3, *citing Thomas v. Chicago Park Dist.,* 534 U.S. 316, 324 (2002).

Moreover, it is important to keep in mind that decisions of a ZBA are appealable to the state circuit court. Mich. Comp. Laws § 125.3605. Where, as here, the sign ordinance criteria (i.e. dimensional regulations and variance standards) are content-neutral, the availability of judicial review of the ZBA's decision mitigates against a claim that the permitting process is an unconstitutional prior restraint. *R.S.W.W., Inc. v. City of Keego Harbor,* No. 98-40377, 2006 WL 1155228 at *4 (E.D. Mich. May 1, 2006) (Ex. 4.)

Ultimately, as the variance review criteria are extensive, detailed, and content-neutral, and the zoning board of appeals' decisions are subject to judicial review, Plaintiff's Complaint fails to demonstrate that the Original SO constituted an

18

unconstitutional prior restraint, and summary judgment should be entered in favor of the Township.

## CONCLUSION & REQUEST FOR RELIEF

For these reasons, Defendant, CHARTER TOWNSHIP OF CANTON, respectfully requests that this Honorable Court grant its motion for summary judgment, enter judgment in favor of the Township, award costs and fees, and grant any other relief deemed appropriate.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/Matthew J. Zalewski
MATTHEW J. ZALEWSKI (P72207)
Attorney for Defendant
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331-3550
mzalewski@rsjalaw.com
(248) 489-4100

Dated: March 13, 2026

19

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email on March 13, 2026.

ROSATI, SCHULTZ, JOPPICH &
 AMTSBUECHLER, P.C.

/s/ Matthew J. Zalewski
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331-3550
(248) 489-4100

20