# EXHIBIT 1

**CANTON COMMUNITY**
**REQUEST FOR BOARD ACTION**

**MEETING DATE: January 13, 2026**                              **AGENDA ITEM #5**

| |
|---|
| **ITEM:   Consider Second Reading and Adoption of an Amendment to Appendix A-Zoning of the Code of Ordinances for Sign Regulations (MSD)** |

**PRESENTER:**   David Norwood, Municipal Services Director

**INDIVIDUALS IN ATTENDANCE:** None Anticipated

**EXECUTIVE SUMMARY:** In 2023, the Planning Division staff worked with other Township divisions and departments on proposed updates to the sign standards of the Zoning Ordinance. Many of the current standards are outdated, unclear, or, in some cases, unenforceable. Since the sign standards were last comprehensively updated in 2006, there have been many changes in case law, technology, and best practices that require a full analysis and update of the sign standards.

At the November 7, 2023 Joint Meeting between the Township Board of Trustees and the Planning Commission, Planning Division staff presented on the current issues with the sign regulations in the Zoning Ordinance and provided a summary of upcoming amendment recommendations.

After the Joint Meeting on November 7, 2023, the Planning Commission reviewed revisions to the sign regulations of the Zoning Ordinance at several of its meetings. At its meeting on May 5, 2025, the Planning Commission held a public hearing on the proposed amendments to Article 6A and other related sections of the Zoning Ordinance and adopted a motion to recommend approval. The Canton Township Board of Trustees held the First Reading of this Zoning Ordinance amendment on June 10, 2025. Since the First Reading, there have been proposed changes that are included in the ordinance and summarized in this Request for Board Action.

**BACKGROUND:** PROPOSED ZONING ORDINANCE AMENDMENT SUMMARY: Enclosed for your review are proposed amendments to Article 6A of the Zoning Ordinance. Also enclosed are several other sections of the Zoning Ordinance related to signage that are proposed for amendment.

The changes are summarized as follows, which include some recommended revisions made by Planning Division staff after May 5, 2025 (summarized later in this report):
• Section 6A.01: Intent and Purpose. The current purpose statement is one sentence, and the proposed section includes 18 different findings regarding why sign standards are beneficial and promote the public health, safety, and general welfare of the Township. These findings form the legal basis for regulating signs.
• Section 6A.02: Scope of Application. This statement affirms that signs must comply with Article 6A.
• Section 6A.03: Authority. This section provides clarity on the roles of the Community

Planner, Building Official, Ordinance Enforcement Officers, ZBA, and Township Board to administer and enforce sign standards. In the future, this section might eventually be relocated to Article 28, which includes roles and responsibilities of Township officials, boards, and commissions.

• Section 6A.04: Sign Type Definitions (Note: definitions unrelated to sign types will be relocated to Section 1.03, which is the general definition section for the entire Zoning Ordinance). This section defines signs based on sign type and includes many more graphics. There are fewer definitions proposed than there are currently due to relocating non-sign definitions to the general definition section of the Zoning Ordinance (Sec. 1.03) and removing some definitions that are not relevant. Many of the same definitions will be retained, with some modifications.

• Section 6A.05: Prohibited Signs. This section lists 28 sign types that will be prohibited, many of which are defined in Section 6A.04. The introductory sentence states, "The following signs are prohibited, unless otherwise specifically permitted in this Ordinance." Therefore, any exceptions to the prohibited signs listed are found elsewhere in the Zoning Ordinance. For example, banner signs are prohibited except in certain nonresidential districts noted in Section 6A.09.

• Section 6A.06: Signs Not Requiring a Sign Permit. This section lists 13 sign types that can be installed without a permit, subject to the signs meeting the requirements of the Zoning Ordinance. These signs include appurtenant signs, decorations, flags (commercial and noncommercial), maintenance activities, murals, portable signs, public agency signs, public notice signs, under-canopy signs, vehicle, window signs, and noncommercial yard signs.

• Section 6A.07: Substitution. This section states, "Non-commercial messages shall be permitted on any sign constructed, erected, and maintained in compliance with this Ordinance." This meets legal requirements by affirming that the sign standards do not favor commercial signage over noncommercial signage.

• Section 6A.08: General Sign Provisions. This section includes general provisions that apply to all signage, including construction, maintenance, location and clearance, methods for measuring area, height, and setback, illumination, and accessory nature. Specific standards for sign types and zoning districts are addressed in Section 6A.09.

• Section 6A.09: Specific Sign Standards. This section is, by far, the largest and will be the most frequently referenced by Township staff and the public. This section will include regulations by sign type, with the zoning districts included under each sign type. Sign types regulated by this section include awning signs, banner signs, canopy signs, commercial message flags, drive-through signs, entranceway monuments signs, ground signs, multiple-tenant signs, portable signs, projecting signs, support pole signs, under-canopy signs, wall signs, window signs, and yard signs. Some of the most significant changes include:

o Increasing the maximum size of ground signs from 24 sq. ft. to 32 sq. ft. but keeping the maximum height the same (6 feet). Therefore, the sign area increases will take place horizontally instead of vertically.

o Increasing the maximum size of multi-tenant ground signs from 30 sq. ft. to 42 sq. ft. in the O-1 and C-1 districts, and from 42 sq. ft. to 48 sq. ft. in the C-2, C-3, and C-4 districts but keeping the maximum height the same (8 feet). The maximum width is proposed to increase from 10 ft. to 12 ft., allowing for sign area increases to take place horizontally instead of vertically.

o Including provisions for temporary yard signs. For example, in residential districts, it is

proposed that yard signs be limited to 6 sq. ft. per sign, 24 sq. ft. total, and that yard signs be limited to 4 ft. in height. Since the First Reading, we have modified Section 6A.09(O) to remove the provisions for additional yard signage while a lot or unit is for sale or lease and during periods of elections due to their content-based nature. Instead, we proposed to regulate yard signs more broadly based on zoning district, use (residential vs. nonresidential), and whether the sign is a noncommercial message or commercial message. We recommend allowing residential zoning districts and/or residential land uses sites to have 1 on-site commercial message sign that does not exceed 6 sq. ft. in area and 4 ft. in height. This will allow a resident to put a real estate sign, a garage sale sign, or another on-site commercial sign such as the sign of a contractor affiliated with an on-site project under development. For signs during elections, they will be difficult to regulate due to the content- and event-based nature of them. We will continue to study this issue and may propose amendments later this year or early next year. In the meantime, any signage permitted by the Zoning Ordinance is permitted to have noncommercial content. For nonresidential zoning districts, we recommend allowing 1 yard sign per site that does not exceed 24 sq. ft. in area and 6 ft. in height; however, for commercial yard signs in nonresidential zoning districts, we recommend requiring permits, limiting duration (up to 6 permits at 30 days each), and requiring additional setbacks (10 feet from a front lot line and 50 feet from a driveway, side lot line, and any other sign on the site).

• Section 6A.10, Master Sign Plans. This section retains many of the Master Sign Plan provisions for multi-tenant centers, but many of the standards were relocated to Section 6A.09 for multi-tenant signs.

• Section 6A.11, Nonconforming Signs. This section includes provisions for any changes to nonconforming signs, including repairs, maintenance, structural changes, destruction, substitution, vacancy, etc.

• Section 6A.12, Sign Permit Process. This section describes the permitting process, including applications, plans, review, permitting, expiration, revocation, inspection, and compliance certificate.

• Section 6A.13, Violations and Enforcement. This section includes some of the same standards that currently exist, including provisions for removal and emergency removal.

• Section 6A.14, Appeals and Variances. This section was recommended by Township legal counsel, and it addresses appeals and variances that are unique to signs under Article 6A. Although the general procedures for appeals and variances in current Section 27.05 of the Zoning Ordinance apply, Section 6A.14 includes variance decision criteria unique to signs.

• Additional Items. In the proposed ordinance, there are amendments to other sections of the Zoning Ordinance that regulate signs. One of the objectives of the proposed amendment is to consolidate as many sign regulations into Article 6A as possible and to fix any other sign regulation issues located elsewhere in the Zoning Ordinance. However, there will still be some signage regulations proposed outside of Article 6A that will be specific to a use, circumstance, or application. The changes to other sections are summarized as follows:

o Section 1.03 (Definitions). Several definitions are revised, relocated from Article 6A, or added.

o Section 2.03(J) (Accessory Structures and Uses; Flagpoles). Standards for flagpoles added.

o Section 2.06 (Home Occupations). Clarification that the sign is accessory to the use.

o Section 2.09(A)(3)(a) (Yard and Bulk Regulations; Projections into Required Yards). Clarification of text applying to freestanding sign encroachments into a setback.

o Section 2.10(G)(3) (Streets, Roads, and Other Means of Access; Required Signage).

Reference to Michigan Manual on Uniform Traffic Control Devices added.
o   Section 2.13(E) (Lighting; Sign Lighting). Cross-reference to Article 6A.
o   Section 2.19(A)(4) (Sidewalks; General Requirements; Signage). Reference to Michigan Manual on Uniform Traffic Control Devices added.
o   Section 4.01(C)(4) (Off-Street Parking and Loading Requirements; Minimum Number of Spaces Required; Parking for the Physically Handicapped). Updated text to refer to accessible parking and barrier-free parking standards.
o   Section 4.01(D)(9) (Off-Street Parking and Loading Requirements; Layout and Construction; Signs). Deleted due to redundancy with Article 6A.
o   Section 6.02(C) (Automobile Filling Stations, Automobile Filling/Multiuse Stations, Automobile Service Stations, Automobile Repair Garages). Reference to Michigan Manual on Uniform Traffic Control Devices added, and standards added for electronic message center signs accessory to Filling Stations and Multiuse Stations.
o   Section 6.02(D.1)(5) (Bed and Breakfast Establishments; Signage). Deleted due to redundancy with Article 6A.
o   Section 6.02(M)(6) (Mini-Warehouses; On-Site Circulation and Parking). Reference to Michigan Manual on Uniform Traffic Control Devices added.
o   Section 6.03(A)(4) (Multiple-Family and Single-Family Attached Residential Requirements; Access and Circulation). Reference to Michigan Manual on Uniform Traffic Control Devices added.
o   Section 6.05(E)(5) (Site Development Standards for Village Shopping Districts; Signage). Deleted due to redundancy with Article 6A.
o   Section 6.08(F)(5) (Site Development Standards for the Corporate Park Overlay District; Signage). Deleted due to redundancy with Article 6A.
o   Section 6.10(E) and (E)(5) (Site Development Standards for the Central Business District Overlay; Signage). Section 6.10(E) has revised text references, and Section 6.10(E)(5) is deleted due to redundancy with Article 6A.
o   Section 21.03(A) (LI-R, Light Industrial Research District; Required Conditions). Master sign plan reference amended.
o   Section 27.02(F) (Site Plan Review; Application Data Requirements). Master sign plan reference amended.

NOTABLE CHANGES PROPOSED BY PLANNING DIVISION STAFF AND TOWNSHIP LEGAL COUNSEL AFTER PLANNING COMMISSION RECOMMENDATION AND PRIOR TO THE FIRST READING ON JUNE 10, 2025: At its meeting on May 5, 2025, the Planning Commission voted 7-0 to recommend approval of the amendment to the Zoning Ordinance to amend Article 5A, subject to any modifications to the article by Planning Division staff and legal counsel prior to Township Board review. Since the May 5, 2025 Planning Commission meeting, there have been some changes proposed to the text by staff and legal counsel, with major changes summarized as follows:
•   In Section 6A.03 (Authority), we made Planning Division staff the approving authority for master sign plans for new development instead of the Planning Commission, which is consistent with the recommended amendments to the master sign plan provisions of Section 6A.10. In Section 6A.03, we also provided the Township Board the approving authority for master sign plans on properties owned by Canton Township.
•   In Section 6A.04 (Sign Type Definitions), we relocated the definitions of "Accessory

Wayfinding Structure," "Add-On Sign," Air-Activated Sign," "Animated Sign," "Bench Sign," "Feather Sign," "Flag," "Flashing Sign," "Mural," "Projector Image Sign," "Support Pole Sign," and "Snipe Sign" into this section from other areas of the Zoning Ordinance in order to consolidate definitions as much as possible.

• In Section 6A.04 (Sign Type Definitions), we added definitions of "Appurtenant Sign" (e.g., signs on ATMs, gasoline pumps, cart corrals, bus shelters).

• In Section 6A.05 (Prohibited Signs), we added Murals except Murals permitted by Canton Township to be applied on buildings owned by Canton Township.

• In Section 6A.06 (Signs Not Requiring a Sign Permit), we added Appurtenant Signs (provided they don't exceed 2 sq. ft. per structure), Noncommercial Message Flags, and Murals on buildings owned by Canton Township, provided Canton Township has permitted the Mural, retains editorial control over the Mural's message, and retains ownership rights of the Mural.

• In Section 6A.09 (Specific Sign Standards), the following major changes were made:

o Allowing Banners to be placed on a wall face, which is consistent with current regulations.

o Reducing the area of Canopy Signs in commercial zoning districts from 20 sq. ft. to 8 sq. ft., which is the current standard. If there is a demonstrated demand for larger canopy signs, we may recommend a future amendment to increase the size.

o Increasing the maximum length of Entranceway Monument Signs from 8 feet to 12 feet to be consistent with the maximum length of Ground Signs.

o Increasing the minimum setback of Ground Signs from a right-of-way from 5 feet to 10 feet, which is the same as the current minimum setback. Although Planning Division staff previously recommended reducing this setback from 10 feet to 5 feet to improve visibility, this change, by itself, creates some issues with lines of sight of drivers entering or exiting a driveway. Therefore, we recommend keeping the minimum front yard setback at 10 feet for now, and Planning Division staff will continue to study whether a future amendment can allow for a lower front yard setback while maintaining sufficient lines of sight.

o Requiring the background color for all signs on a Multiple-Tenant Sign to be the same color. This is currently administered through design guidelines, but it should be in the ordinance.

o Increasing the minimum setback of Portable Signs from 0 feet to 3 feet, except in Cherry Hill Village where a setback is not required.

o The maximum area of Projecting Signs was reduced from 20 feet to 9 feet to be consistent with the current Zoning Ordinance, and the maximum length was set at 3 feet.

o For Support Pole Signs, the content provisions include a prohibition on commercial messages, which is consistent with the current Zoning Ordinance.

o For Wall Signs, a graphic was added for corner lots or corner/end units, which is consistent with the graphic in the current Zoning Ordinance. We also removed the provisions allowing them to extend over the wall, parapet, or roof.

• In Section 6A.10, we added provisions that allow the Township Board to approve master sign plans for Township-owned property. These master sign plans may include modifications to the signage standards of the ordinance, provided that Canton Township retains ownership of the signs, retains editorial control over the message of the signs, and permits only noncommercial messages on the signs.

• In Section 6A.12, the sign permit period was increased from 6 months to 12 months, and the extension period was increase from 30 days to 6 months.

• In Section 1.03, we included distinctions to the definition of "Commercial Message" and added the definition of "Site," which is currently in Article 6A.

• In Section 6.02(C)(14), we added a reference to the Michigan Weights and Measures Act regarding gas station signage.

NOTABLE CHANGES PROPOSED BY PLANNING DIVISION STAFF AND TOWNSHIP LEGAL COUNSEL AFTER THE TOWNSHIP BOARD'S FIRST READING ON JUNE 10, 2025 AND PRIOR TO THE SECOND READING ON JANUARY 13, 2026: At its meeting on June 10, 2025, the Township Board of Trustees voted unanimously to hold the First Reading. Since the June 10, 2025 Township Board meeting, there have been some changes proposed to the text by staff and legal counsel, with major changes summarized as follows:
• In Section 6A.04 (Sign Type Definitions), the following changes were made:
o The definition of "Billboard Signs" was added.
o The definition of "Commercial Statue" was added, which is mostly consistent with the existing definition of the Zoning Ordinance.
o The definition of "On-Site Sign" was modified to provide examples (e.g., real estate signs, garage sale and yard sale signs, signs advertising a permitted on-site commercial use, and signs of a contractor or other commercial entity affiliated with an on-site project under development).
o An image was added to the definition of "Support Pole Sign."
• In Section 6A.05 (Prohibited Signs), we added Billboard Signs. Although this section already prohibits Off-Site Commercial Message Signs and Pole Signs, we recommend including Billboard Signs in the list of prohibited signs to be more explicit for this sign type. This way, a Billboard Sign is classified as a sign type and not a land use.
• In Section 6A.06 (Signs Not Requiring a Sign Permit), the following changes were made:
o In Section 6A.06(F), for Murals, we added that murals on Township-owned buildings must comply with criteria adopted by the Township Board of Trustees that establish clear, non-discriminatory standards for mural selection, which shall be held on file with the Leisure Services Department. This addition was recommended by Township legal counsel, and the Township Board can consider establishing specific criteria at a later date.
o In Section 6A.06(H), for Public Agency Signs, we added the following, which is in the current Zoning Ordinance: "Pursuant to Chapter 247 of the Wayne County Code, Wayne County may permit the display of signs, banners, or decorations along or over county roads, pursuant to MCL 257.615."
• In Section 6A.09 (Specific Sign Standards), the following major changes were made:
o In Section 6A.09(G), for Ground Signs, we added the existing requirement that ground signs must be located at least 10 feet from the edge of the pavement of any driveway entrance off of the right-of-way.
o In Section 6A.09(K), for Support Pole Signs, we added language allowing Support Pole Signs on public property with the permission of the applicable public entity because we have these types of signs on the DDA light poles on Ford Rd. in the MDOT right-of-way. We also removed the limit on the maximum number of poles for support pole signs in a public right-of-way that are installed by a public agency. Attachment standards were also added to require that the method of attachment is consistent with the design of the pole and sufficiently durable to hold the sign.
o In Section 6A.09(O) for Yard Signs, we removed the footnote provisions that allowed for additional signage based on property sale or lease (implied to allow additional signage for real estate signs) and for additional signage based on election periods (implied to allow additional signage for election periods). Instead, we recommend allowing 1 on-site commercial message

sign per site for residential districts and uses. This will allow a resident to have a real estate sign, a garage sale sign, or the sign of a contractor working on the property. For signs during elections, they will be difficult to regulate due to the content- and event-based nature of them. We will continue to study this issue and may propose amendments later this year or early next year. In the meantime, any signage permitted by the Zoning Ordinance is permitted to have noncommercial content. For commercial signs in nonresidential districts, we recommend a limit of 1 yard sign per site, limited to 24 sq. ft. in area and 6 ft. in height; additionally, for commercial signs in nonresidential districts, we recommend requiring permits, limiting duration (up to 4 permits per calendar year at 90 days each), and requiring additional setbacks (10 feet from a front lot line and 50 feet from a driveway, side lot line, and any other sign on the site).
• Addition of Section 6A.14, Appeals and Variances, which was recommended by Township legal counsel and it addresses appeals and variances that are unique to signs under Article 6A. Although the general procedures for appeals and variances in current Section 27.05 of the Zoning Ordinance apply, Section 6A.14 includes variance decision criteria unique to signs.

- Community Planner's Recommendation: Approval.

- Planning Commission Recommendation: At its meeting on May 5, 2025, the Planning Commission voted 7-0 to recommend approval of the amendments to Article 6A, Section 1.03, Article 2, Article 4, Article 6, Article 21, and Section 27.02 of the Zoning Ordinance, as provided in the attached ordinance proposal for sign regulations, subject to any modifications by Planning Division staff and legal counsel prior to Township Board review. Since the May 5, 2025 Planning Commission meeting, there have been some changes to the text by staff and legal counsel, which are summarized earlier in this report.

**STRATEGIC PLAN/GOALS:**
Quality Infrastructure

**ACTION REQUESTED:** Remove consideration of the proposed amendment from the table and approve the proposed amendment to Appendix A – Zoning of the Code of Ordinances, which proposes amendments to the Article 6A (Signs), Section 1.03 (Definitions), Article 2 (General Provisions), Article 4 (Off-Street Parking and Loading Requirements), Article 6 (Site Development Standards Applicable to Specific Uses), Article 21 (Light Industrial Research District), and Section 27.02 (Site Plan Review).

**BUDGET IMPLICATIONS & ACCOUNT NUMBER:** N/A

**IMPLEMENTATION PLAN:** Upon adoption, the notice of adoption will be published in accordance with the Michigan Zoning Enabling Act and the ordinance amendment will be sent to Municode for codification.

**FINANCE AND BUDGET DIRECTOR'S RECOMMENDATION:** New

**SUPERVISOR'S RECOMMENDATION:** New

**PROPOSED MOTION:** remove from the table and hold a second reading of the proposed

amendments to Appendix A – Zoning of the Code of Ordinances of the Charter Township of Canton as provided in the attached ordinance, which amends Article 6A (Signs), Section 1.03 (Definitions), Article 2 (General Provisions), Article 4 (Off-Street Parking and Loading Requirements), Article 6 (Site Development Standards Applicable to Specific Uses), Article 21 (Light Industrial Research District), and Section 27.02 (Site Plan Review) and adopt and publish the ordinance amending Article 6A (Signs), Section 1.03 (Definitions), Article 2 (General Provisions), Article 4 (Off-Street Parking and Loading Requirements), Article 6 (Site Development Standards Applicable to Specific Uses), Article 21 (Light Industrial Research District), and Section 27.02 (Site Plan Review) of Appendix A – Zoning of the Code of Ordinances of the Charter Township of Canton.

**ATTACHMENTS:**
1. Draft Ordinance
2. PC Minutes of 5-5-25
3. PC Memo of May 5, 2025