Case 2:23-cv-10492-SDK-DRG   ECF No. 37-5, PageID.1490   Filed 03/13/26   Page 1 of 5

# EXHIBIT 4

2006 WL 1155228
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

R.S.W.W., INC., et al., Plaintiffs,

v.

CITY OF KEEGO
HARBOR, et al., Defendants.

Civil No. 98-40377.
|
May 1, 2006.

**Attorneys and Law Firms**

Hugh M. Davis, Jr., Constitutional Litigation Associates, Detroit, MI, Robert D. Horvath, Troy, MI, for Plaintiffs.

James I. DeGrazia, James E. Tamm, Timothy Mulligan, O'Connor, DeGrazia, Bloomfield Hills, MI, Thomas J. Ryan, Sylvan Lake, MI, Irene M. Mead, Michigan Department Of Attorney General, Alcohol and Gambling Enforcement, Nancy A. Piggush, Consumer Protection and Charitable Trust, Lansing, MI, for Defendants.

Chris M. Parfitt, Deneweth, Dugan, Troy, MI, for Movants.

***ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT***

PAUL V. GADOLA, District Judge.

**\*1** Before the Court are Plaintiffs' and Defendants' cross motions for summary judgment, on which a hearing was held on November 30, 2005. For the following reasons, the Court will deny Plaintiffs' motion and grant in part Defendants' motion.

**I. Background**
Plaintiffs R.S.W.W., Inc., d/b/a Goose Island Brewery ("Goose Island"), and its sole shareholder, Richard Skinner, owned and operated a brew pub in Keego Harbor. Plaintiffs obtained a liquor license from the State of Michigan that allowed it to sell alcohol until 2:00 a.m. Plaintiffs charge in their complaint that, in 1997, Keego Harbor city officials set out on an unlawful harassment campaign to force Plaintiffs to close the brew pub at 11:00 p.m., instead of at 2:00 a.m. as allowed by Michigan Law.

The complaint asserts a claim under 42 U.S.C. § 1983 against the city of Keego Harbor, its city manager, its chief of police, and various members of the city council. Two city police officers were added by an amended complaint. The individuals were sued in their individual and official capacities. The Court discerned various constitutional claims from the complaint. Through several decisions, the Court dismissed Plaintiffs' claims and ultimately dismissed the action in its entirety on November 7, 2001. Plaintiffs timely appealed. On February 10, 2005, the Sixth Circuit issued its opinion affirming in part this Court's decision to dismiss Plaintiffs' claims. The Sixth Circuit, however, reversed this Court's decision regarding two claims, which were remanded to this Court for further proceedings. *R.S.W.W., Inc. v. City of Keego Harbor,* 397 F.3d 427, 441 (6th Cir.2005). Those claims are 1) that Defendants violated Goose Island's rights to due process by way of unconstitutional conditions, and 2) that the city's sign ordinance violated the First Amendment. *Id.* at 438 ("The only claims that remain in this action are the unconstitutional conditions claim and the Sign Ordinance claims."). Currently, there are three Defendants still remaining, the city of Keego Harbor, and the City Manager and the Police Chief at the time of the events in question, Michael Steklac and Jack Beach, respectively.

On March 29, 2005, this Court ordered the parties to submit briefs regarding the remaining issues and any necessary proceedings. After receiving the parties' submissions, the Court determined that dispositive motions should be filed by the parties and ordered the parties to do so. On September 1, 2005, both Plaintiffs and Defendants filed motions for summary judgment. Plaintiffs' motion seeks summary judgment on the limited issues of 1) whether the city's sign ordinance is facially unconstitutional because it lacks procedural safeguards and grants city officials too much discretion, and 2) whether Steklac is liable for placing an unconstitutional condition that Goose Island close at 11:00 p.m. on the city's approval of Plaintiffs' request to change Goose Island's business sign. Defendants' motion seeks summary judgment on the issues of 1) whether Defendants are entitled to dismissal of Plaintiffs' claim that the city's sign ordinance is facially unconstitutional, in violation of the First Amendment; 2) whether Defendants are entitled to dismissal of Plaintiffs' claim that Defendants violated due

process through unconstitutional conditions; and 3) whether Chief Beach is entitled to dismissal because this Court has already dismissed the underlying claims of unconstitutional activity by the individual police officers and that dismissal was affirmed on appeal.

## II. Standard

**\*2** Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); *Martin v. Ohio Turnpike Comm'n,* 968 F.2d 606, 608 (6th Cir.1992); *60 Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987); *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984); *Feliciano v. City of Cleveland,* 988 F.2d 649, 654 (6th Cir.1993); *Cox v. Ky. Dep't of Transp.,* 53 F.3d 146, 150 (6th Cir.1995); *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990) (Gadola, J.), *aff'd,* 929 F.2d 701 (6th Cir.1991).

## III. Analysis

### A. Unconstitutional Conditions

"Under the unconstitutional conditions doctrine, 'a state actor cannot constitutionally condition the receipt of a benefit, such as a liquor license or an entertainment permit, on an agreement to refrain from exercising one's constitutional rights....' " *R.S.W.W., Inc. v. City of Keego Harbor,* 397 F.3d 427, 434 (6th Cir.2005) (quoting *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n,* 23 F.3d 1071, 1077 (6th Cir.1994). The doctrine, though traditionally applied to protect First Amendment rights, also protects due process rights. *Id.* The Sixth Circuit found that Plaintiffs had a protected property interest in its liquor license which included the right to serve alcohol until 2:00 a.m., and that the right could not be revoked without due process. *Id.* at 436. "The due process violation at issue is the city's alleged requirement that Goose Island choose between its due process rights in certain hours of operation and the desired city approvals." *Id.*

Plaintiffs' claim that Defendants violated their due process rights by placing the unconstitutional condition that Goose Island close at 11:00 p.m. on the city's approval of Plaintiffs' request for 1) a site plan amendment, 2) a zoning variance, and 3) a sign change. *Id.* at 438. Plaintiffs argue that they are entitled to summary judgment on their unconstitutional conditions claim regarding the city's sign change approval because Steklac delayed the approval of the sign change, told Plaintiff that they could solve their problems by closing Goose Island at 11:00 p.m., and declined to approve the sign change when Plaintiffs refused to close Goose Island at 11:00 p.m.

Defendants, however, argue that the city's delay in approving the sign change request was due to its cautious and deliberate approach which it developed in response to Plaintiffs' previous disregard of the city's zoning ordinances. Defendants state that Plaintiff ignored city ordinances when it enlarged Goose Island beyond its approved site plan. When Plaintiffs were denied a variance for the enlargement by the Zoning Board of Appeals, Plaintiffs appealed to the city in Oakland County Circuit Court, which upheld the city's actions. Defendants state that Steklac expressly stated that the sign change approval would await the resolution of Plaintiffs' other building issues and that the city's response would have been the same regardless of Goose Island's closing time.

**\*3** Whether the city's delay in approving Plaintiffs' sign change request was a result of Defendants' alleged attempt to force Goose Island to close early or Defendants' prior dealing with Plaintiffs is an issue of fact material to Plaintiffs' claim. Therefore, it is inappropriate for summary judgment, and the Court will deny both Plaintiffs' and Defendants' motion on this issue. Regarding Plaintiffs' unconstitutional conditions claims regarding the city's approval of the site plan amendment and the zoning ordinance, Plaintiffs have wholly failed to address Defendants arguments through briefing or at the hearing. Accordingly, summary judgment for Defendants is appropriate on those claims. *See Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989); *Celotex Corp .,* 477 U.S. at 327.

### B. Sign Ordinance

Plaintiffs argue that Keego Harbor's sign ordinance violates the First Amendment because it lacks procedural safeguards in that it grants overly broad licensing discretion, lacks time limits on decision-making, and lacks assurances for accelerated judicial review. Defendants argue that the sign ordinance is a valid content-neutral time, place and manner restriction and not an invalid prior restraint. The Court agrees with Defendants.

A valid time, place, or manner restriction must meet three requirements: (1) it must be content-neutral; (2) it must be narrowly tailored to further substantial government interests; and (3) it must leave open ample alternative means for communicating the desired message. *Perry Education Ass'n. v. Perry Local Educators' Ass'n.,* 460 U.S. 37, 44 (1983).

The sign ordinance meets the first requirement because it does not regulate a sign's content and makes no distinction between commercial and non-commercial speech. *See City of Cincinnati v. Discovery Network, Inc.,* 507 U.S. 410 (1993) (discussing content-neutral speech restrictions). Instead, the ordinance is more akin to a building code which regulates the construction and installation of signs. It is permissible for a city to regulate the location, size, placement, and physical characteristics of signs. *See City of Ladue v. Gilleo,* 512 U.S. 43 (1994).

The sign ordinance meets the second requirement that it be narrowly tailored to further substantial government interests. The ordinance states:
It is hereby determined that regulation of the location, size, placement and certain features of signs is necessary to enable the public to locate goods, services and facilities without difficulty and confusion, to promote traffic safety, safeguard public health and welfare and prevent wasteful use of natural resources in competition among businesses for attention.

In addition, it is the intent of this Ordinance to assure the continued attractiveness of the total community environment through the adoption of discretionary controls designed to preserve scenic, aesthetic and economic values within the City.

City of Keego Harbor Zoning Ordinance, § 14.00. These are sufficiently substantial government interests to justify the content-neutral regulation at issue here. *See Members of City Council v. Taxpayers for Vincent,* 466 U.S. 789, 806-07 (1984) (finding that precedent establishes that "municipalities have a weighty, essentially esthetic interest in proscribing intrusive and unpleasant formats for expression," and that a "city's esthetic interests" could be "sufficiently substantial to provide an acceptable justification for a content-neutral prohibition"); *Rzadkowolski v. Lake Orion,* 845 F.2d 653 (6th Cir.1988). "[T]he requirement of narrow tailoring is satisfied 'so long as the ... regulation promotes a substantial government interest that would be achieved less effectively absent the regulation.' " *Ward v. Rock Against Racism,* 491 U.S. 781, 799 (1989) (quoting *United States v. Albertini,* 472 U.S. 675, 689 (1985)).

The regulation "need not be the least restrictive or least intrusive means." *Id.* at 798. It is clear that the purposes of the sign ordinance would be achieved less effectively without the regulation.

**\*4** The third requirement that the ordinance leave open ample alternative means for communication is also met. The ordinance contains exceptions to the permit requirement for many types of signs, including small and temporary signs. Sign Ordinance, § 14.04. A permit is also not required for repainting or changing an existing sign message, so long as the change does not involve a structural change or a new permanent face. *Id.* § 14.03. Thus, Keego Harbor's sign ordinance is a valid time, place and manner restriction.

Furthermore, the sign ordinance's permit requirement is not a invalid prior restraint. "A 'prior restraint' exists when the exercise of a First Amendment right depends on the prior approval of public officials." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County,* 274 F.3d 377, 400 (6th Cir.2001). Because the sign ordinance is content-neutral, it is not required to contain the strict procedural safeguards enunciated by *Freedman v. Maryland,* 380 U.S. 51 (1965): "(1) any restraint prior to judicial review can be imposed only for a specified brief period during which the status quo must be maintained; (2) expeditious judicial review of that decision must be available; and (3) the censor must bear the burden of going to court to suppress the speech and must bear the burden of proof once in court." *FW/ PBS, Inc. v. Dallas,* 493 U.S. 215, 227 (1990) (principal opinion of O'Connor, J .) (citing *Freedman,* 380 U.S. at 58-60). *Thomas v. Chi. Park Dist.,* 534 U.S. 316, 322 (2002) ("We have never required that a content-neutral permit scheme regulating speech in a public forum adhere to the procedural requirements set forth in *Freedman.*"). Instead, a valid time, place and manner restriction must contain "adequate standards to guide the official's decision and render it subject to effective judicial review." *Id.* at 323.

Here, the sign ordinance contains objective criteria to guide the building inspector's decision to grant a permit. *See* Sign Ordinance, § 14.05-06. The sign ordinance does not grant overly broad discretion. Further, the decision is subject to effective judicial review through an appeal to the Zoning Board of Appeals, which must set a reasonable time for a hearing within 45 days and issue a written decision. *Id.* § 17.04. That decision is appealable in state circuit court. M.C.L. § 125.585(11). The sign ordinance provides "narrowly drawn, reasonable and definite standards" which

"are enforceable on review." *Thomas,* 534 U.S. at 324 (quotations and citations omitted). Assurances of accelerated review are not necessary, especially for a content-neutral regulation. A state's "ordinary judicial review procedures suffice as long as the courts remain sensitive to the need to prevent First Amendment harms and administer those procedures accordingly." *City of Littleton v. Z.J. Gifts D-4, L.L.C.,* 541 U.S. 774, 781-782 (2004) (holding that a state judicial review procedures were sufficient protection against abuses of the city's adult business zoning ordinance). *See also Deja Vu of Cincinnati,* 411 F.3d at 786 (holding that specific time limits for judicial review are not necessary). Finally, the sign ordinance need not require the city to process a permit application within a specified period of time. *See Granite State Outdoor Adver., Inc. v. City of St. Petersburg,* 348 F.3d 1278, 1280-83 (11th Cir.2003) (noting that "the [Supreme] Court never stated time limits were *per se* required for a permitting scheme to be valid" and holding that a sign ordinance's "lack of time limits is constitutionally acceptable"). Consequently, the sign ordinance is not an invalid prior restraint.

### C. Police Chief Beach

**\*5** Defendants maintain that Chief Beach must be dismissed because there are no claims remaining in the case which relate to Chief Beach. The Court agrees. The Sixth Circuit expressly stated, "The only claims that remain in this action are the unconstitutional conditions claim and the Sign Ordinance claims." R.S.W.W., *Inc.,* 397 F.3d at 438. Neither claim contains any allegation which relates to Chief Beach. Plaintiffs contend that the police were used as an instrument of coercion to force Goose Island to close early and that

Chief Beach sanctioned the conduct. Nevertheless, this Court dismissed the claims against the individual police officers. All retaliation or vindictive enforcement claims were likewise dismissed. These dismissals were either upheld on appeal or not appealed at all. Chief Beach cannot be held liable for constitutional injuries that did not occur. *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986); *Doe v. Sullivan County, Tenn.,* 956 F.2d 545, 554 (6th Cir.1992). Thus, the Court will grant summary judgment to Defendants on this issue and dismiss Chief Beach from the lawsuit.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the Defendants' motion for summary judgment [docket entry 326] is **GRANTED** in that 1) Plaintiffs' sign ordinance claim is **DISMISSED;** 2) Plaintiff's unconstitutional conditions claims relating to the approval of Plaintiffs' site plan amendment and zoning variance are **DISMISSED;** and 3) Chief Beach is **DISMISSED** from the action. Defendant's motion for summary judgment is **DENIED** in connection with Plaintiffs' unconstitutional conditions claim relating to the approval of Plaintiff's request for a sign change.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for summary judgment [docket entry 325] is **DENIED.**

**SO ORDERED.**

### All Citations

Not Reported in F.Supp.2d, 2006 WL 1155228

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.