UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTDOOR ONE COMMUNICATIONS, LLC,

        Plaintiff,

v.

CHARTER TOWNSHIP OF CANTON,

        Defendant.

Case No. 2:23-cv-10492
Hon. Shalina D. Kumar

---

## DEFENDANT'S RESPONSE TO PLAINTIFF OUTDOOR ONE COMMUNICATIONS LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### *Oral Argument Requested*

Defendant, CHARTER TOWNSHIP OF CANTON, by and through its counsel, responds in opposition to Plaintiff Outdoor One Communications LLC's Motion for Partial Summary Judgment (ECF No. 36) for the reasons stated in the accompanying Brief in Support of this response.

WHEREFORE, Defendant, CHARTER TOWNSHIP OF CANTON, respectfully requests that this Honorable Court deny Plaintiff's Motion for Partial Summary Judgment, grant Defendant's cross-motion for summary judgment, enter judgment in Defendant's favor, award costs and attorney's fees, and grant any other relief deemed appropriate.

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH, & AMTSBUECHLER, P.C.

/s/ Matthew J. Zalewski
MATTHEW J. ZALEWSKI (P72207)
Attorney for Defendant
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331-3550
(248) 489-4100
mzalewski@rsjalaw.com

Dated:   April 3, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTDOOR ONE COMMUNICATIONS, LLC,

        Plaintiff,

v.

CHARTER TOWNSHIP OF CANTON,

        Defendant.

Case No. 2:23-cv-10492
Hon. Shalina D. Kumar

---

**DEFENDANT'S RESPONSE TO PLAINTIFF OUTDOOR ONE COMMUNICATIONS LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**\*Oral Argument Requested\***

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF ISSUES PRESENTED............................................................. vi

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF
SOUGHT............................................................................................................ vii

COUNTER-STATEMENT OF MATERIAL FACTS ...............................................1

ADDITIONAL FACTUAL BACKGROUND ........................................................5

    I.    Plaintiff's Initial Billboard Application and Applicable Regulations
        of the Sign Ordinance. ...............................................................................5

    II.   *Outdoor One Communications v. Canton(1)* ............................................9

    III.  *Outdoor One Communications v. Canton(2)*. ..........................................12

    IV.  The New Sign Ordinance .........................................................................13

STANDARD OF REVIEW ................................................................................14

ARGUMENT ....................................................................................................15

    I.  Plaintiff's standing for a facial challenge based on alleged self-
       censorship is limited to its challenge to ZO § 6A.04 and ZO § 27.05;
       Plaintiff has not established standing to challenge other Original SO
       provisions, and any such challenge would fail on the merits..................15

    II. The Original Sign Ordinance's variance procedures are
       constitutional. .........................................................................................17

CONCLUSION & REQUEST FOR RELIEF .......................................................22

CERTIFICATE OF SERVICE ...........................................................................23

ii

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)....................................14

*Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir. 1991)..................................15

*CBS Outdoor v. City of Royal Oak,* No. 11-13887, 2012 WL 3759306 at *6
(E.D. Mich. Aug 29, 2012) .................................................................................20

*CBS Outdoor v. Kentwood,* No. 1:09-CV-1016, 2010 WL 3942842 at *9
(Ex. 6) (W.D. Mich. Oct. 6, 2010)......................................................................20

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986)...........................................15

*City of Austin, Texas v. Reagan National Advertising of Austin, LLC,* 142
S.Ct. 1464 (2022)................................................................................................17

*G&V Lounge v. Michigan Liquor Control Commission,* 2 F.3d 1071 (6th
Cir. 1994) ...........................................................................................................18

*International Outdoor v. Roseville,* No. 313153, 2014 WL 1778381 at *3
(E.D. Mich. May 1, 2014)...................................................................................20

*Macdonald Advertising Co. v. City of Pontiac,* 916 F.Supp. 644, 646, 650
(1995) ..................................................................................................................20

*Mastushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.,* 475 U.S. 574, 587
(1986) ..................................................................................................................14

*Members of the City Council of City of Los Angeles v. Taxpayers for
Vincent,* 466 U.S. 789 (1984)..............................................................................17

*Metromedia, Inc. v. City of San Diego,* 453 U.S. 490 (1981)..................................17

*Outdoor One Communications v. Canton,* 155 F.4th 776 (6th Cir. 2025) ... 5, 13, 14,
16

*Outdoor One Communications, LLC v. Charter Township of Canton,* No.
20-10934, 2021 WL 807870 (E.D. Mich. March 3, 2021).................. 9, 10, 12, 17

*Outdoor One Communications, LLC v. Charter Township of Canton,* No.
20-10934, 2021 WL 807872 (E.D. Mich. March 3, 2021).............................9, 10

*Outdoor One Communications, LLC v. Charter Township of Canton,* No.
21-1323, 2021 WL 5974157 (6th Cir. Dec. 16, 2021)..........................................11

*Prime Media, Inc. v. Brentwood,* 485 F.3d 343 (6th Cir. 2007).......................... vi, 18

*R.S.W.W., Inc. v. City of Keego Harbor,* No. 98-40377, 2006 WL 1155228 at *4 (E.D. Mich. May 1, 2006)..................................................................22

*Rzadkowolski v. Metamora Township,* No. 14-12480, 2016 WL 2756518 at *5 (E.D. Mich. May 12, 2016)..................................................................19

*Rzadkowolski v. Metamora Township,* No. 14-12480, 2016 WL 3230535 (E.D. Mich. June 13, 2016)........................................................ vi, 19, 20, 21

*Shuttlesworth v. City of Birmingham, Ala.,* 394 U.S. 147 (1969) ...........................18

*Thomas v. Chicago Park Dist.,* 534 U.S. 316, 324 (2002) ................................ vi, 21

## STATUTES

42 U.S.C. §1983 ....................................................................................................9

Mich. Comp. Laws § 125.3605..........................................................................21

## RULES

Fed. R. Civ. P. 12(b)(1)....................................................................................9, 10

Fed. R. Civ. P. 12(b)(6)....................................................................................9, 10

Fed. R. Civ. P. 12(c)........................................................................................9, 10

Fed. R. Civ. P. 56(a)............................................................................................14

Fed. R. Civ. P. 56(c)............................................................................................15

## ORDINANCES

SO § 6A.04.................................................................................... 1, 2, 3, 4

ZO § 1.02.B...........................................................................................1

ZO § 6A.01(7)........................................................................................6

ZO § 6A.02 ...........................................................................................6

ZO § 6A.04 .......................................................................................8, 15

ZO § 6A.01(17).....................................................................................8

ZO § 6A.15 ...........................................................................................8

ZO § 6A.24 .......................................................................................6, 7

ZO § 6A.27 .......................................................................................6, 7

v

ZO § 27.05 ........................................................................................................15

ZO § 27.05.C.3..................................................................................................3

ZO § 27.05.D ......................................................................................................2

ZO § 27.05.D.1 ...................................................................................................2

ZO § 27.05(D)....................................................................................................7

ZO § 27.09 ..........................................................................................................1

ZO § 29.01 ..........................................................................................................8

## STATEMENT OF ISSUES PRESENTED

I.      Should Plaintiff's motion for partial summary judgment be denied relative to any arguments other than those raised pertaining to the Original Sign Ordinance's variance procedures, where such challenges are barred by Plaintiff's lack of standing, and otherwise fail on the merits?

    Defendant answers:      Yes
    Plaintiff answers:       No

II.     Should Plaintiff's motion for partial summary judgment be denied, where the challenged variance review procedures are sufficiently detailed so as not to give the Zoning Board of Appeals unbridled discretion, and where the Zoning Board of Appeals' decisions are subject to judicial review?

    Defendant answers:      Yes.
    Plaintiff answers:       No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY
## FOR RELIEF SOUGHT

*Prime Media, Inc. v. Brentwood,* 485 F.3d 343, 351 (6th Cir. 2007)

*Rzadkowolski v. Metamora Township,* No. 14-12480, 2016 WL 3230535 (E.D. Mich. June 13, 2016)

*Thomas v. Chicago Park District,* 534 U.S. 316 (2002)

## COUNTER-STATEMENT OF MATERIAL FACTS

As Plaintiff chose to structure its Statement of Material Facts using numbered paragraphs, the Township offers the following response to each enumerated alleged fact, while offering additional factual background thereafter:

1.     Admitted that Exhibit 1 represents the Township's Sign Ordinance ("SO") as it existed from December 17, 2021 through March 17, 2024, but that version has since been superseded. (Hereinafter, the Sign Ordinance as it existed in Exhibit 1 will be referred to as the "Original SO.")  Notably, Plaintiff concedes that, as of the March 2024 amendment, the challenge provision has been removed, rendering the SO constitutional. (Plaintiff's Brief, ECF No. 36, PageID.22.)  The Township has since adopted a comprehensively re-written SO at its January 13, 2026 Township Board meeting. (New SO, ECF No. 37-4, PageID.1432.)

2.     Admitted only that, as the Sign Ordinance is contained within the Township's Zoning Ordinance, the provisions of Zoning Ordinance ("ZO") § 27.09 "Violations and Penalties," are applicable to violations of its provisions, and that one of the potential penalties for a violation is prosecution for a misdemeanor.

3.     Admitted that the paragraph accurately quotes an excerpt of the Original SO §6A.04.

4.     Admitted that the paragraph accurately summarizes the definitions of "may" and "shall" as contained in ZO § 1.02.B.

5.      Neither admitted nor denied, but denied that it is material for purposes of this motion. For further answer, Defendant affirmatively states that, despite the limitations of the Original SO that Plaintiff attempts to raise, when it applied for an actual sign permit (as opposed to merely contemplating future signs as it has claimed to achieve standing in this case), its application was processed with reference to the height and area standards for billboards in Original SO 6A.24, despite the fact that it could have merely been denied on the basis that Plaintiff's Property is in an LI zoning district, where billboards are not allowed. (Plaintiff's Permit Application with Decision, ECF No.16-3, PageID.587.)

6.      Admitted only that ZO § 27.05.D contains the standards for Zoning Board of Appeals decisions. Defendant denies, however, Plaintiff's insinuation that the Township "in its direction" can "choose to proceed with a modification under Section 6A.04, as it misinterprets Section 6A.04. The ZBA's authority under that provision comes in to play only when there is an asserted conflict between the stated intent and specific provisions of this chapter, the existence of which Plaintiff has neither alleged nor provided any evidence of in attempting to challenge this provision.

7.      Admitted only that the paragraph accurately references selected words contained in ZO § 27.05.D.1.

2

8.   Admitted only that the paragraph selectively quotes a few words from ZO § 27.05.C.3, but denied that paragraph 8 completely and accurately represents the content of the provision quoted. The full quotation reads, "The board may impose conditions with an affirmative decision, *pursuant to section 603 of the Michigan Zoning Enabling Act (P.A. 110 of 2006) as amended.* (ZO § 27.05.C.3, ECF No. 36-8, PageID.1379, emphasis added.)

9.   Admitted only that, to date, despite having the opportunity to pursue an appeal or variance available, Plaintiff has refused to do with respect to its sign permit that was actually applied for and denied (and which, under the Sixth Circuit's ruling on *res judicata* in this matter is not properly before this Court). With respect to any other contemplated signs, Plaintiff has failed to provide any evidence supporting its contention that it wished to display other signs in the Township but somehow "self censored" due to its purported fear of the SO's requirements.

10.   Admitted only that the paragraph accurately quotes portions of the referenced paragraphs of the Complaint. For further answer, Defendant denies that Plaintiff has provided any evidence that it actually is "self-censoring," as it has failed to present any evidence of other contemplated signs that it wished to display, or locations where it may have wished to display them. Moreover, Plaintiff has not presented any evidence of any prospect of "having to submit itself" to the provision of Original SO § 6A.04 (as referenced in Paragraph 10's reference to Paragraph 49

3

of the Complaint). The full text of Original SO § 6A.04 provides the context that the "zoning board of appeals my permit . . . modification of such specific provisions" "if there is believed to be a conflict between the stated intent and any specific provisions of this chapter." Plaintiff has not pled any facts, or pointed to any evidence in its motion, to indicate that the Township "believed to be a conflict between the stated intent and any specific provisions of this chapter" that would in any way affect Plaintiff so as to trigger review with respect to any undefined future sign applications of Plaintiff. To the extent that Plaintiff had an actual sign application previously denied (the re-litigation of which is *res judicata*), it was because it was too large under the content-neutral height and area limitations of the Original SO. (Plaintiff's Permit Application with Decision, ECF No.16-3, PageID.587.)

11.    Admitted only that, on October 8, 2025, the Sixth Circuit issued a published decision holding that "Outdoor has standing to bring its facial challenge" (*only* with respect to alleged non-applied for signs it allegedly did not construct that post-date the actual sign application denial that was at issue in Plaintiff's prior lawsuit); that it "can't excise the discretionary provisions to make the prior-restraint claim disappear;" and that finding the challenged "provisions unconstitutional would likely provide Outdoor with a remedy." For further answer, despite holding that it could not "excise the discretionary provisions to make the prior-restraint claim

4

disappear," the Sixth Circuit preceded that by stating only that "it's *plausible* that the variance provision is 'inextricably linked' with the sign ordinance." *Outdoor One Communications v. Canton,* 155 F.4th 776, 787 (6th Cir. 2025), emphasis added. Accordingly, it did not affirmatively hold that the variance provision is "inextricably linked."

12. Admitted only that Plaintiff's Complaint seeks the relief cited in Paragraph 12, but denied that Plaintiff is entitled to the relief that it seeks.

## ADDITIONAL FACTUAL BACKGROUND

**I. Plaintiff's Initial Billboard Application and Applicable Regulations of the Sign Ordinance.**

This matter originated when Plaintiff attempted to submit a Sign Permit Application ("Application") on March 12, 2020, but was informed that, since an illuminated sign was proposed, the application could not be accepted unless it was submitted in the name of a licensed electrical engineer.[1]

The next day, March 13, 2020, the Township accepted Plaintiff's revised Application. (Plaintiff's Permit Application, ECF No. 16-3, PageID.587.) Plaintiff proposed a 2-sided permanent ground sign (billboard) measuring 30 feet high and 360 square feet in area. *Id.* It would be located on property owned by 274 Canton

---

[1] Application instructions specify that "Applicants [for an internally illuminated sign] must be a Michigan licensed/registered sign specialty contractor or electrical contractor." (Sign Permit Application Instructions, ECF No. 16-2, PageID.585.)

Development, LLC at 7280 N. Haggerty Road, Canton, MI 48187 [the "Subject Property"], which is zoned L-I, Light Industrial. *Id.*

The Township maintains a set of sign regulations in Zoning Ordinance ["ZO"] Article 6A.00 [the "Sign Ordinance" or "SO"]. The version of the Sign Ordinance in effect at the time of Plaintiff's initial application and at the time of filing this lawsuits has previously been entered into the record of this case. (Original Sign Ordinance, ECF No. 16-4, PageID.591.) As stated in the Original SO, its purpose is "to promote the general safety and welfare of the public by regulating and controlling all public and private graphics communications and displays." ZO §6A.02 ECF No. 16-4, PageID.598.

On March 18, 2020, the Township denied Plaintiff's application under ZO §6A.24 because it "[e]xceeds size and height allowed." (Plaintiff's Permit Application with Decision, ECF No.16-3, PageID.587.) The maximum permitted area of a billboard[2] under the ZO is 160 square feet, and it shall not exceed 12 feet in height. ZO §6A.24, ECF No. 16-4, PageID.646.

ZO §6A.27 of the Original SO provided that "Any component of this chapter [article] is subject to appeal by the zoning board of appeals in accordance with

---

[2] A "billboard" was defined in the Original SO as a "nonaccessory ground sign erected for the purpose of advertising a product, event, person, or subject not related to the premises on which the sign is located. ZO §6A.01(7), ECF No. 16-4, PageID.592.

6

section 28.04.E.6." ZO §6A.27, ECF No. 16-4, PageID.648. Plaintiff admits that it did not appeal.

The variance review standards under the Original SO incorporated the general standards for all varieties of zoning variances, which appear in ZO §27.05(D). (Variance Standards, ECF No. 16-6, PageID.653.) The review criteria called upon the Zoning Board of Appeals ("ZBA") to consider 18 criteria in determining whether or not to grant a variance. Such considerations included, but were not limited to, whether strict compliance with the letter of the ZO's restrictions would prevent the use of property of a permitted purposes, or render conformity with restrictions unnecessarily burdensome; whether there are exceptional or extraordinary circumstances or conditions applicable to the property that do not apply generally to other properties or similar uses in the zoning district; whether the variance is necessary for the preservation of a substantial property right; whether the variance would be materially detrimental to public welfare, increase hazards; and whether the development seeking a variance would be harmonious in a physical and economic sense with adjacent land uses. *Id.*

Since the Subject Property is in an LI zoning district, even a billboard that conformed to the dimensional requirements of ZO §6A.24 was not permitted since ZO §6A.24 of the Original SO limited billboards to the GI district. ZO §6A.24

7

defines "billboard" as a type of "ground sign,"[3] which were allowed in the LI district at a maximum area of 24 square feet, and a maximum height of 6 feet. ZO §6A.15, ECF No. 16-4, PageID.630.

ZO §6A.15 listed a wide variety of other signs that are allowed in the LI district. Importantly, all the allowed signs are identified by *type,* not by content. ZO §6A.15 also sets height and area maximums for each, again without reference to content. There was no other sign allowed in the LI District (or any district) at dimensions equal to the sign proposed by Plaintiff. ZO §6A.15, ECF No. 16-4, PageID.627-634.

Where any SO provisions conflict with each other or with other ordinances, the Original SO provided that "the most restrictive of such inconsistent or conflicting provisions shall control." ZO §6A.04, ECF No. 16-4, PageID.598. Furthermore, if any portion of the ZO/SO were to be declared invalid, the ZO's severability clause would control, as it provides,

> This ordinance and the various parts, sentences, paragraphs, sections and clauses it contains are hereby declared to be severable. Should any part, sentence, paragraph, section or clause be adjudged unconstitutional or invalid by any court for any reason, such judgment shall not affect the validity of this ordinance as a whole or any part thereof other than the part so declared to be unconstitutional or invalid.

ZO §29.01 (Severability Provision, ECF No. 16-5, PageID.651.)

---

[3] A "ground sign" is "a sign which is mounted in the ground on a masonry base or monument." ZO §6A.01(17), ECF No. 16-4, PageID.593.

## II.   *Outdoor One Communications v. Canton(1)*

Plaintiff filed its first lawsuit against the Township on April 15, 2020 (*Outdoor One Communications, LLC. v. Charter Township of Canton,* Eastern District of Michigan Case No. 20-cv-10934 [*Outdoor One(1)*]. (*Outdoor One(1)* Complaint, ECF No. 16-9, PageID.713.) *Outdoor One(1)* alleged four counts under the First and Fourteenth Amendments of the U.S. Constitution, via 42 U.S.C. §1983. The Complaint sought injunctive and declaratory relief, damages, and attorney fees.

In lieu of an answer, the Township filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6) and/or for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). After the close of briefing on the Township's motion to dismiss, but before a hearing, Plaintiff filed a motion for summary judgment on November 27, 2020. The Court resolved the parties' motions through separate orders entered March 3, 2021 denying the Township's motion to dismiss *Outdoor One Communications, LLC v. Charter Township of Canton,* No. 20-10934, 2021 WL 807870 (E.D. Mich. March 3, 2021) ["*Outdoor One(1A)*"], ECF No 16-10, PageID.739, and denying Plaintiff's motion for summary judgment and giving notice of its intent to enter summary judgment in favor of the Township pursuant to Fed. R. Civ. P. 56(f). *Outdoor One Communications, LLC v. Charter Township of Canton,* No. 20-10934, 2021 WL 807872 (E.D. Mich. March 3, 2021) ["*Outdoor One(1B)*"], ECF No. 16-11, PageID.742.

9

Insofar as the Township's motion was brought under Fed. R. Civ. P. 12(b)(1), the Court denied it on the limited basis that the Township's factual attack on Plaintiff's standing required a ruling on the merits of Plaintiff's First Amendment claim that it could not make under Fed. R. Civ. P. 12(b)(1). *Outdoor One(1A),* at *1. And, since the motion was brought in lieu of an answer, the Court determined that judgment on the pleadings under Fed. R. Civ. P. 12(c) was premature. *Id.*

With respect to the Township's arguments that the Complaint failed to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), the Court ruled that the Complaint alleged "sufficient facts to plausibly establish standing and to substantiate its challenges to the various provisions of Canton's Sign Ordinance," and observed that the Township's motion primarily relied on cases decided on summary judgment that required a higher standard of review than mere plausibility. *Id.* At *2. The Court did not reach any conclusion as to whether Plaintiff *actually established* standing.

The Court resolved the merits of Plaintiff's standing through its Order regarding Plaintiff's motion for summary judgment. The Court found that Plaintiff only stated an injury-in-fact relative to height and size limitations for billboards, which the Court found to be content-neutral time place manner regulations. *Outdoor One(1B),* at *3-4. It further found that Plaintiff lacked a redressable harm under any ordinance provisions, and that the height and area requirements were severable from

10

other portions of the Original SO, including variance provisions challenged in the prior restraint claim. *Id,* at *4-6. Based on its legal conclusions, and because it found that the material facts upon which the issues raised in Plaintiff's Complaint were not disputed, the Court not only denied Plaintiff's motion for summary judgment, but announced its intent to enter judgment for the Township pursuant to Fed. R. Civ. P. 56(f). *Id, at* 6. It ultimately did so. (Judgment, ECF No. 16-12, PageID.749.)

Plaintiff appealed to the U.S. Court of Appeals for the Sixth Circuit, which affirmed the Court on December 16, 2021. *Outdoor One Communications, LLC v. Charter Township of Canton,* No. 21-1323, 2021 WL 5974157 (6th Cir. Dec. 16, 2021) ("*Outdoor One(1C)*") (ECF No. 16-13, PageID.750.) The Sixth Circuit's Opinion was multifaceted, and reached the following conclusions: 1) Plaintiff lacked an injury-in-fact traceable to any challenged ordinance provision; 2) Plaintiff was not harmed by any allegedly content-based regulations in the Ordinance, but instead its sign was just too big under the dimensional requirements that it did not challenge; 3) Plaintiff was not harmed by the permitting requirement itself; 4) Plaintiff failed to allege facts sufficient to achieve standing for a prior restraint claim; and, 5) the Court correctly analyzed severability in conjunction with standing in determining that Plaintiff lacked a redressable harm since the height and area requirements were severable from the balance of the Ordinance. *Id.,* at *2-5.

11

Plaintiff attempted to obtain *en banc* review, but its petition was rejected. (Sixth Circuit *En Banc* Order, ECF No. 16-14, PageID.757.) Plaintiff then filed a petition for writ of certiorari to the United States Supreme Court on April 28, 2022. The Supreme Court swiftly denied the request by Order entered June 28, 2022. (Supreme Court Order, ECF No. 16-15, PageID.760.)

**III.        *Outdoor One Communications v. Canton(2).***

Plaintiff filed the instant Complaint on February 28, 2023, but did not serve it until May 16, 2023. (ECF No. 1, PageID.1.) It pleads a single count alleging that the variance procedures constitute a prior restraint, as did Count III in the *Outdoor One(1)* Complaint. (*Accord,* ECF No 16-9, PageID.733-735, ¶¶ 89-100.) Plaintiff claimed that it had overcome its standing defect in *Outdoor(1)* by alleging that it has engaged in self-censorship by not applying for (or seeking variances) for other signs. Plaintiff filed a motion for judgment on the pleadings on December 11, 2023. (ECF No. 15, Page ID.356), to which the Township responded in opposition on January 2, 2024. (ECF No. 16, Page ID.546). The Township filed a cross-motion for judgment on the pleadings and/or to dismiss the Complaint for lack of subject matter jurisdiction. (ECF No. 17, Page ID.846.)  The motion was decided by Judge Sean Cox. Judge Cox determined that the Court lacked subject matter jurisdiction over this matter on the basis that Plaintiff's attempt to re-litigate its standing to bring this suit was barred by the doctrine of *res judicata.*

12

Plaintiff appealed to the Sixth Circuit, which affirmed in part and reversed in part in *Outdoor One Communications, LLC v. Charter Township of Canton, Michigan,* 155 F.4th 776 (6th Cir. 2025) (*"Outdoor One(2)"*). In essence, the Sixth Circuit affirmed that any claims (including Plaintiff's claim to standing) relating to Plaintiff's permit application were barred by the doctrine of *res judicata.* However, insofar as Plaintiff alleges self-censorship relative to signs for which Plaintiff has not applied, the Sixth Circuit held that Plaintiff has standing to proceed with its prior restraint facial challenge to the Sign Ordinance's variance procedures. While the Township asserted that the variance procedures are severable from the height and area requirements, thus making Plaintiff's alleged harm non-redressable, the Sixth Circuit stopped short of ruling on this question, opining instead that, insofar as Plaintiff may have to pursue a billboard application directly through variance procedures in zoning districts which do not provide for billboards, "it's plausible that the variance provision is 'inextricably linked' with the sign ordinance" so as to defeat severability. *Id.,* at 784-787. Thus, the Sixth Circuit remanded Plaintiff's facial challenge to this Court for further proceedings.

## IV.      The New Sign Ordinance

During the time that this matter was working its way through this Court and the Sixth Circuit, the Township embarked on a comprehensive review of the Sign Ordinance. (1-13-26 Memo, ECF No. 37-2, PageID.1417). As noted by the Sixth

13

Circuit, several revisions had already taken effect as of the time of the Sixth Circuit's decision, including the variance criteria. *Outdoor One(2),* 155 F.4th at 784 fn. 2. The effort ultimately culminated in the adoption of a substantially revised version of the SO at the Township Board's January 13, 2026 meeting, including the adoption of specific comprehensive variance review standards for sign-related matters. (1-13-26 Board Minutes, ECF No. 37-3, PageID.1426). The New SO took effect as of January 27, 2026. (New SO, ECF No. 37-4, PageID.1432.) Plaintiff has not pursued any approvals under the New SO, and does not raise any issues pertaining to the New SO in the instant Complaint or Motion.

## STANDARD OF REVIEW

A motion for summary judgment shall be granted when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where the trier of fact could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Inferences from the underlying facts are viewed in a light most favorable to the nonmoving party. *Mastushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of identifying the basis of the summary judgment motion and portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24

14

(1986). Upon that showing, the nonmoving party must produce evidence supporting its claim and to make the case that a genuine question of material fact exists. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir. 1991). The nonmoving party can make this showing by citing to particular evidence or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

## **ARGUMENT**

I.      **Plaintiff's standing for a facial challenge based on alleged self-censorship is limited to its challenge to ZO § 6A.04 and ZO § 27.05; Plaintiff has not established standing to challenge other Original SO provisions, and any such challenge would fail on the merits.**

The issues raised in the totality of Plaintiff's brief go far beyond the scope of the Complaint and the Sixth Circuit's pleadings-stage finding of standing based on self-censorship, as Plaintiff makes a series of apparent legal arguments within the section of its brief labeled as "factual background." It is important for the discussion of Plaintiff's motion be grounded in what is actually pled in the Complaint, and what the Sixth Circuit has said that this case is about on remand. The Complaint contains only a single count alleging a prior restraint. To the extent that Plaintiff has claimed standing in this case based on alleged self-censorship, it expressly defines that self-censorship as follows: "Due to the prospect of having to submit itself to the unchecked and unbridled discretion of Canton's officials, Outdoor **has not sought**

15

**the variance** necessary to display its proposed sign and, as a result its intended speech has been altered and deterred by Canton's unlawful variance scheme." (Compl. ¶¶ 163-164, ECF No. 32, emphasis added.)

Following suit, the Sixth Circuit analyzed Plaintiff's claim to standing relative to "its alleged refusal 'to seek the variance necessary to display other billboards in the Township.'" *Outdoor One,* 155 F.4th at 783. The Sixth Circuit observed Plaintiff's allegation that "any person seeking to put up a billboard anywhere in the township must obtain a variance." *Id.,* at 785. It ultimately tied its holding that Plaintiff had standing relative to self-censorship with express reference to Plaintiff's desire (or lack thereof) to obtain a variance. *Id.,* at 787. Thus, this case boils down to one issue and one issue only: that is, whether the variance procedures pass constitutional muster.

Accordingly, to the extent that Plaintiff attempts to present legal arguments within its "factual background" regarding alleged content-based elements of the Township's Original SO, its attempt to do so is without standing and/or unavailing on the merits. First, while the Sixth Circuit correctly observed that, given the opacity of Plaintiff's claim of contemplating other signs, "we don't even know whether Outdoor seeks to construct only signs that are too big." *Outdoor One,* 155 F.4th at 786, we can plausibly presume that any sign would be of some size and in some place, and thus subject to height, area, and locational requirements which, even if

16

they resulted in prohibiting Plaintiff's signs, are the epitome of constitutional content-neutral regulations. See, e.g. *Prime Media Inc. v. City of Brentwood,* 398 F.3d 814 (6th Cir. 2005). Moreover, insofar as Plaintiff attempts to characterize the Original SO's distinction between off-premises and on-premises sign as content-based, the Supreme Court has expressly held such distinctions to be content-neutral location regulations. *City of Austin, Texas v. Reagan National Advertising of Austin, LLC,* 142 S.Ct. 1464 (2022). And, as we know that Plaintiff's interest is in erecting a billboard, not a *de minimus* permit-exempt sign, it lacks standing, as it did in *Outdoor One(1), supra,* to challenge those provisions. Moreover, even if the result of the Original SO is a complete prohibition on billboards, such prohibition is narrowly tailored to addressing a community's aesthetic interests. *Prime Media,* 386 F.3d at 822, citing *Metromedia, Inc. v. City of San Diego,* 453 U.S. 490 (1981) and *Members of the City Council of City of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789 (1984). Thus, while Plaintiff's arguments within the "factual background" should not even be entertained, they otherwise fail to provide a basis for granting Plaintiff's motion for partial summary judgment.

## II.     The Original Sign Ordinance's variance procedures are constitutional.

Plaintiff's sole cause of action asserts that the Original SO constituted a prior restraint in violation of the First Amendment of the U.S. Constitution. It specifically raises this allegation relative to the variance procedures within ZO §27.05(D) that

were incorporated into the Original SO. Plaintiff claims that it would have had no choice but to pursue an appeal before the ZBA in order to obtain one of its never-applied-for signs, and that the variance review criteria provided the ZBA with unfettered discretion.

While Plaintiff asserts that being subjected to the variance process it itself a prior restraint, merely calling it a prior restraint does not make it an *unconstitutional* prior restraint. To succeed in establishing that the variance process relative to sign permits under the Original SO is an unconstitutional prior restraint, Plaintiff must establish both the existence of the permitting requirement *and* unbridled discretion. *Prime Media, Inc. v. Brentwood,* 485 F.3d 343, 351 (6th Cir. 2007), citing *G&V Lounge v. Michigan Liquor Control Commission,* 2 F.3d 1071, 1075 (6th Cir. 1994).

When evaluating whether a First Amendment-related permitting procedure passes constitutional muster, the courts look to whether the criteria for evaluating the permit application (or, in this situation, a variance/appeal), provide "narrow, objective, and definite standards to guide the licensing authority." *Shuttlesworth v. City of Birmingham, Ala.,* 394 U.S. 147, 150-151 (1969). Plaintiff alleges that the procedures do not adequately guide the ZBA in exercising discretion, and cherry-picks select words within the review criteria in an effort to portray them as lacking. But, as noted in the statement of facts, the ZBA review criteria that were applicable to variances/appeals under the Original SO consisted of 18 extensive considerations

18

for the ZBA. (Original SO Variance Standards, ECF No. 16-6, PageID.653.)

While we lack case law setting forth any form of definitive or exhaustive list of constitutionally acceptable review criteria, the case law that we do have indicates that the Original SO's criteria are in line with criteria that have been upheld, and distinguishable from criteria that have been struck down as unconstitutional.

Viewed in total, the Original SO's variance review criteria Township's variance review language mirrors that of procedures upheld in *Rzadkowolski v. Metamora Township,* No. 14-12480, 2016 WL 3230535 (E.D. Mich. June 13, 2016) ("*Rzadkowolski(2)*") (ECF No. 16-21, PageID.839). In that case, the Court had initially found procedures to be unconstitutional based on an argument identical to the instant Plaintiff's claims; that is, that considerations such as "public interest," "special conditions" and "practical difficulty" are too subjective. *Rzadkowolski v. Metamora Township,* No. 14-12480, 2016 WL 2756518 at *5 (E.D. Mich. May 12, 2016) ("*Rzadkowoski(1)*") (ECF No. 16-20, PageID.829). On reconsideration, the Court addressed additional language that resolved the infirmities that it initially found:

> Defendant points out that the section is specific in the following ways: (1) the issuance of a variance requires the Commission to consider whether the circumstances at issue in the case before the them are unique to property being considered when compared with other property in the same district; (2) the Commission must consider whether the denial of the variance would deprive the applicant of rights enjoyed by others; (3) whether the circumstances surrounding the requirement of a variance were created by actions of the applicant; and

19

(4) whether the granting of the variance would give privileges to the applicant that others do not enjoy. Defendant clarifies that the terms that the Court found to be subjective, such as "special conditions," are in fact "further clarified, qualified, and/or explained by additional language in the ordinance." *Rzadkowolski(2),* at *3.

\*     \*     \*

For example, a "practical difficulty on the subject site" is defined as "exceptional narrowness, shallowness, shape or area, presence of floodplain, [or] exceptional topographic conditions." *Id.*

The language in the Township's ZO is more akin to the specific language in *Rzadkowolski (2)* than to that which was stricken down in any of the cases that Plaintiff has cited in past proceedings in this case or others. *Contrast, CBS Outdoor v. City of Royal Oak,* No. 11-13887, 2012 WL 3759306 at *6 (E.D. Mich. Aug 29, 2012) (itemizing problematic considerations that lacked details comparable to the Township's or *Rzadkowolski (2)'s* explanatory language); *International Outdoor v. Roseville,* No. 313153, 2014 WL 1778381 at *3 (E.D. Mich. May 1, 2014) (finding as inadequate standards that relied heavily on the concept of "harmony" and general criteria about property value and public health, safety and welfare); *Macdonald Advertising Co. v. City of Pontiac,* 916 F.Supp.644, 646, 650 (1995) (rejecting standards like "harmony" and "unreasonably injure," and which were similarly skeletal to those in *CBS Outdoor v. Royal Oak, supra.*); *CBS Outdoor v. Kentwood,* No. 1:09-CV-1016, 2010 WL 3942842 at *9 (W.D. Mich. Oct. 6, 2010) (rejecting standards related to harmony, aesthetics, and compatibility.)

Here, the Original SO's variance criteria do not rely on vague references to harmony, compatibility, aesthetics, or unreasonable effects. Where other words like "practical difficulty" or "substantial justice" appear, they are joined with the type of "objective and specific definitions" or illustrative examples necessary for the standards to pass constitutional muster, as in *Rzadkowolski (2)*. And, as these are general criteria were applicable to all types of zoning variances, they do not have any content-based components. Accordingly, the Township's variance standards are "reasonably specific and objective to not leave the decision to the whim of the" ZBA. *Rzadkowoski (2),* 2016 WL 3230535 at *3, *citing Thomas v. Chicago Park Dist.,* 534 U.S. 316, 324 (2002).

Plaintiff also argues that, notwithstanding these standards, the ZBA is granted discretion insofar as it "may" grant a variance, and that this discretion renders ZBA to have "unbridled discretion," that could result in denying relief to "unfavored speakers." This exact line of reasoning has been firmly rejected by the Supreme Court in *Thomas v. Chicago Park District,* 534 U.S. 316 (2002), which opined that the permissive use of "may" in relation to speech-related waiver criteria "furthers, rather than restricts, speech." *Id.,* at 325.

Moreover, it is important to keep in mind that decisions of a ZBA are appealable to the state circuit court. Mich. Comp. Laws § 125.3605. Where, as here, the sign ordinance criteria (i.e. dimensional regulations and variance standards) are

21

content-neutral, the availability of judicial review of the ZBA's decision mitigates against a claim that the permitting process is an unconstitutional prior restraint. *R.S.W.W., Inc. v. City of Keego Harbor,* No. 98-40377, 2006 WL 1155228 at \*4 (E.D. Mich. May 1, 2006) (ECF No. 37-5, PageID.1491.)

Ultimately, as the variance review criteria are extensive, detailed, and content-neutral, and the zoning board of appeals' decisions are subject to judicial review, Plaintiff's Complaint fails to demonstrate that the Original SO constituted an unconstitutional prior restraint, and summary judgment should be entered in favor of the Township.

## CONCLUSION & REQUEST FOR RELIEF

For these reasons, Defendant, CHARTER TOWNSHIP OF CANTON, respectfully requests that this Honorable Court grant its motion for summary judgment, enter judgment in favor of the Township, award costs and fees, and grant any other relief deemed appropriate.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/Matthew J. Zalewski
MATTHEW J. ZALEWSKI (P72207)
Attorney for Defendant
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331-3550
mzalewski@rsjalaw.com
Dated: April 3, 2026        (248) 489-4100

22

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email on April 3, 2026.

ROSATI, SCHULTZ, JOPPICH &
 AMTSBUECHLER, P.C.

/s/ Matthew J. Zalewski
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331-3550
(248) 489-4100

23