# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Outdoor One Communications LLC,

      Plaintiff,

v.

Charter Township of Canton,

      Defendant.

Case No. 23-cv-10492

Hon. Shalina D. Kumar

## PLAINTIFF OUTDOOR ONE COMMUNICATIONS LLC's RESPONSE TO DEFENDANT CHARTER TOWNSHIP OF CANTON'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Outdoor One Communications LLC ("Outdoor") respectfully requests that the Court deny Defendant Charter Township of Canton's Motion for Summary Judgment for the reasons set forth in the accompanying brief.

Respectfully submitted,

By: /s/Donald R. Sheff II
    Donald R. Sheff II (P78262)
General Counsel
Outdoor One Communications LLC
Attorney for Plaintiff
220 South Main Street
Royal Oak, Michigan 48067
248-289-5895
dsheff@primesitellc.com

Date: April 3, 2026

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Outdoor One Communications LLC,

      Plaintiff,

v.

Charter Township of Canton,

      Defendant.

Case No. 23-cv-10492

Hon. Shalina D. Kumar

**PLAINTIFF OUTDOOR ONE COMMUNICATIONS LLC'S
RESPONSE BRIEF IN OPPOSITION TO DEFENDANT CHARTER
TOWNSHIP OF CANTON'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................ i

INDEX OF AUTHORITIES.................................................................................... ii

COUNTERSTATEMENT OF THE ISSUE.................................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................. iv

COUNTERSTATEMENT OF MATERIAL FACTS ...................................................... 1

    I. Canton's material factual omissions and immaterial bloat........................................ 1

    II. Outdoor's response to Canton's proffered material facts. ...................................... 3

SUMMARY OF THE ARGUMENT .......................................................................... 13

ARGUMENT ........................................................................................................... 15

    I. Canton's motion does not exhibit the discipline Rule 56 requires. ........................ 15

    II. Canton's motion fails to defend the Sign Ordinance's principal constitutional defect. ................................................................................................................ 17

    III. The subjective and arbitrary "criteria" compound the constitutional flaw. ....... 18

        A. They are not "narrow, objective, and definite," but arbitrary, subjective, and open-ended. ...................................................................................................... 19

        B. The two unpublished opinions Canton offers in its defense are of no help. .... 21

    IV. The "conditions" clause adds an independent basis for facial invalidity which Canton never addresses. ....................................................................................... 22

    V. Canton misunderstands the mootness doctrine. ................................................... 23

CONCLUSION ....................................................................................................... 23

# INDEX OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................... 16

*Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381 (6th Cir. 2005) .................................... 23

*Carter v. Carter Coal Co.*, 298 U.S. 238 (1936) .......................................................... 9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................ 16

*Chafin v. Chafin*, 568 U.S. 165 (2013) .................................................................... 23

*Church of Scientology of Cal. v. United States*, 506 U.S. 9 (1992) ..................................... 23

*City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750 (1988) .................................. passim

*Eastwood Park Amusement Co. v. Stark*, 38 N.W.2d 77 (1949) .............................................. 9

*Freedman v. State of Md.*, 380 U.S. 51 (1965) ......................................................... 3, 16

*Int. Outdoor v. City of Troy*, 974 F.3d 690 (6th Cir. 2020) ............................................. 9

*Macdonald v. City of Pontiac*, 916 F. Supp. 644 (E.D. Mich. 1995) ..................................... 19

*New York Times Co. v. United States*, 403 U.S. 713 (1971) .............................................. 17

*Outdoor One Commc'ns LLC v. Charter Twp. of Canton, Michigan (Outdoor II)*, 155 F.4th 776
(6th Cir. 2025) ................................................................................... passim

*Outdoor One Commc'ns, LLC v. Charter Twp. of Canton (Outdoor I)*, No. 21-1323, 2021 WL
5974157 (6th Cir. Dec. 16, 2021) ....................................................................... 6

*Outdoor One Commc'ns, LLC. v. Charter Twp. of Canton (Outdoor I)*, No. 20-10934, 2021
WL 807872 (E.D. Mich. Mar. 3, 2021) .................................................................... 6

*Pletz v. Secretary of State*, 336 N.W.2d 789 (1983) .................................................... 9

*R.S.W.W., Inc. v. City of Keego Harbor*, No. 98-40377, 2006 WL 1155228 (E.D. Mich.
May 1, 2006) ...................................................................................... 14, 22

*Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147 (1969) ..................................... passim

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) ......................................... 16

## Rules

Fed. R. Civ. P. 56 .................................................................................... 16

Hon. Shalina D. Kumar, Practice Guidelines, Motion Practice, § F. Summary
Judgment (E.D. Mich.), available at https://tinyurl.com/2k7ashxz. .................................... 1

## Local Ordinances

Canton Charter Township Code, Appendix A, Article 6A.00 ............................................ passim

Canton Charter Township Code, Appendix A, Section 1.02.B. .......................................... passim

Canton Charter Township Code, Appendix A, Section 27.05 ................................... 13, 20, 21, 22

ii

## COUNTERSTATEMENT OF THE ISSUE

**Prior Restraint**. A government approval before engaging in expression is a prior restraint that is unconstitutional if it permits the government to exercise unbridled discretion over the decision. The Sign Ordinance in this case incorporates a scheme by which the Township "may" (but is not required to) waive or vary "any" sign restriction on a case-by-case basis at the discretion of its zoning officials. Is this scheme unconstitutional on its face?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147 (1969) ("holding that a law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority" or which can be "withheld in the discretion of [government] official[s]" is unconstitutional).

*Freedman v. State of Md.*, 380 U.S. 51 (1965) (holding that the cure to an unconstitutional prior restraint's constitutional problem "is to incorporate" the required standards into the statutory scheme).

*City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750 (1988) (holding that "[o]nly standards limiting the licensor's discretion will eliminate" a prior restraint's constitutional defect "[a]nd only a facial challenge can effectively test the statute for these standards").

42 U.S.C. § 1983.

Fed. R. Civ. P. 56.

## COUNTERSTATEMENT OF MATERIAL FACTS

### I. Canton's material factual omissions and immaterial bloat.

The vast majority of Canton's "Statement of [Material] Facts"[1] is immaterial to the question the Sixth Circuit remanded for this Court's resolution. The mandate returns this matter for a decision on the merits – whether the Sign Ordinance[2] functioned as an unconstitutional prior restraint on speech. Instead of presenting the material facts needed to answer that question, Canton's presentation largely concerns matters that have nothing to do with the merits while conspicuously omitting the facts that do.

The Township dedicates seven of this eleven-page section of its brief parsing the details of Outdoor's 2020 sign permit application and the proceedings in *Outdoor I*. Canton Br., ECF 37, PageID.1395-1401. Neither is material following the Sixth Circuit's recent decision on the preclusive effect of *Outdoor I*. The court of appeals held that Outdoor may not seek relief based on its original denied application, but may seek

---

[1] Following the filing of its motion for summary judgment, Canton informed Outdoor that it wished for Outdoor to treat all eleven pages of its "Statement of Facts" as its "Statement of Material Facts." *Compare* Canton Br., ECF 37, PageID.1395-1406, *with* Hon. Shalina D. Kumar, Practice Guidelines, Motion Practice, § F. Summary Judgment (E.D. Mich.), available at https://tinyurl.com/2k7ashxz. Outdoor agreed to do so.

[2] Canton Charter Township Code, Appendix A, Article 6A.00 (available at ECF 36-2). Unless otherwise stated, all ordinance citations are to those in effect from December 17, 2021, to at least March 17, 2024.

relief based on billboards it "did not apply to construct . . . in Canton due to the ordinance's allegedly subjective permitting scheme." *Outdoor One Commc'ns LLC v. Charter Twp. of Canton, Michigan (Outdoor II)*, 155 F.4th 776, 783 (6th Cir. 2025). With the res judicata question decided, the first seven pages of Canton's Statement of Material Facts provide no help to the Court given the case's current posture.

Of the remaining four pages, Canton devotes more than two to a 2026 "New SO" – a law Canton concedes Outdoor has not challenged. Canton Br., PageID.1403-06. The Township's (further) legislative revisions have no bearing on whether the Sign Ordinance Canton enforced until at least March 2024 imposed an unconstitutional prior restraint. That leaves fewer than two pages in which Canton actually addresses the Sign Ordinance that it bears the burden of defending – and even those pages obscure the operative provisions.

The most obvious example is Canton entirely omitting Sign Ordinance text that it previously conceded was "material" to resolving this case. As the record reflects, Canton formally "[a]dmitted" that the Section 6A.04 modification gateway – the clause vesting the Township with complete discretion to "permit modification" of "any" sign restriction "in such an appealed instance" — constitutes a material fact necessary to resolve the prior restraint claim. *Compare* Pl.'s Statement of Material Facts not in Dispute, ECF 15-18, PageID.543, ¶4 (Outdoor stating the "modification" gateway language is material), *with* Def.'s Resp. to Pl.'s Statement of Material Facts not in Dispute, ECF 16-22, PageID.844, ¶4 (Canton responding "Admitted"). Yet that key

2

language not only appears nowhere in Canton's Statement of Material Facts – it appears nowhere in Canton's brief. *See generally* Canton Br. Consequently, Canton never addresses the effect of the operative word "may" within that discretionary gateway, § 6A.04, let alone the Ordinance's own definition of that word as "permissive." § 1.02.B (available at ECF 36-5). Canton cannot overcome the "heavy presumption" a prior restraint bears against its validity, *Freedman v. State of Md.*, 380 U.S. 51, 57 (1965), while declining to mention – let alone defend – the provision it has already conceded is material to the claim in this case.

Outdoor would have preferred to address only genuinely material facts. But because Canton's lengthy presentation of "material" facts blends immaterial background with material mischaracterizations, a similarly lengthy response is, regretfully, necessary. What follows is Outdoor's good-faith response to Canton's proffered material facts in the order they were presented to Outdoor.

## II. Outdoor's response to Canton's proffered material facts.

Outdoor denies that "[t]his matter originated when Plaintiff attempted to submit a Sign Permit Application . . . on March 12, 2020." Canton Br., PageID.1395 (no citation). This matter originated on February 28, 2023, when Outdoor initiated this action. Compl., ECF 1. Outdoor admits that it applied to the Township for a sign permit on March 12, 2020, that its application was refused, was further informed that any application made by Outdoor would not be accepted based on ad hoc department "instructions" rather than the text of the Sign Ordinance, but Outdoor contests that

3

these facts – and the other facts Canton's proffered relating to Outdoor's original sign permit application – are material. Following the Sixth Circuit's mandate in this case, Outdoor may not seek relief based on its original denied application, but may seek relief based on billboards it "did not apply to construct . . . in Canton due to the ordinance's allegedly subjective permitting scheme." *Outdoor II*, 155 F.4th at 783. Canton's material facts surrounding Outdoor's original application therefore concern a theory that is no longer part of this case by virtue of the Sixth Circuit's decision.

Outdoor admits that Canton Charter Township Code, Appendix A, Article 6A.00 – Signs was the Sign Ordinance in effect until at least March 17, 2024, is a material fact, is a part of this case's record, and that Section 6A.02 of the Sign Ordinance states its purpose is "to promote the general safety and welfare of the public by regulating and controlling all public and private graphics communications and displays." Canton Br., PageID.1395-96. However, Outdoor denies that Canton's quote of a salutary statement of legislative purpose is material to the question of whether the prior restraint in this case is constitutional. In any event, the words which Canton cites here would be no help in defining constitutional criteria. *See e.g.*, *Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 149-50 (1969) (holding that "public welfare, peace, safety, health, decency, good order, morals or convenience" vested City with "unbridled and absolute power to prohibit" protected expression).

Outdoor admits that "[a]ny component" of the Sign Ordinance "is subject to appeal," Canton Br., PageID.1396, but Canton stops short and omits that a) the

4

Township "may, in accordance with established procedures, permit modification of such specific provisions while retaining the intent in such appealed instance," § 6A.04, and b) the Township defines the word "may" as "permissive." § 1.02.B. Canton is not candid with the Court regarding the language of how the Sign Ordinance handles such "appealed instance[s]" because doing so would be fatal to its defense.

Canton misrepresents how the variance standards fit into this case. First, discretionary relief does not begin at Section "27.05(D) [sic]", but with Section 6A.04 of the Sign Ordinance itself. By the Ordinance's plain text, it is Section 6A.04 which vests Canton with unbridled discretion as a threshold matter – it "may" or "may" not permit a modification before any criteria come into play. Section 27.05.D does not eliminate that threshold discretion. Canton omits this fact in its entirety because it constitutes the principal constitutional defect which Canton cannot (and does not) defend. Second, the Sign Ordinance routes the path for discretionary relief in an "appealed instance." § 6A.04. Canton's material facts concede this structure, but then go on to conflate the Section 27.05.D criteria – mixing those that apply in an "appealed instance" with those that do not. Canton Br., PageID.1396-97. But more disastrous for Canton is that it has long admitted that this structure allows it to exercise "the

5

**subjective** application of the remedial powers vested in the ZBA." Compl. Ex.9, ECF 1-10, PageID.128. (emphasis added).[3]

Outdoor denies Canton's assertion that signs under the Sign Ordinance are "identified by type, not by content" – which has already been rejected by both courts in *Outdoor I*. Canton Br., PageID.1397 (cleaned up). In *Outdoor I* the district court found that "Canton's Sign Ordinance . . . singles out specific subject matter for differential treatment. The Supreme Court in *Reed* labeled this treatment 'a paradigmatic example of content-based discrimination.'"). *Outdoor One Commc'ns, LLC. v. Charter Twp. of Canton (Outdoor I)*, No. 20-10934, 2021 WL 807872, at *5 (E.D. Mich. Mar. 3, 2021) (quoting *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 156 (2015)). The Sixth Circuit in *Outdoor I* likewise recognized "the content-based restrictions sprinkled throughout Canton's sign ordinance." *Outdoor One Commc'ns, LLC v. Charter Twp. of Canton (Outdoor I)*, No. 21-1323, 2021 WL 5974157, at *3 (6th Cir. Dec. 16, 2021). Canton is estopped from asserting the opposite in this case. The Sign Ordinance distinguishes sign regulation based on the content displayed on the sign: "[p]olitical signs," § 6A.09.11; signs "for use by educational nonprofit institutions licensed by the state, houses of worship or other public entities," § 6A.09.8; "[s]igns of a primarily decorative nature . . . commonly associated with any national, local or religious holiday," § 6A.09.10; and "directional

---

[3] Canton's omission is devastating at this stage of this case. It's more than Canton merely failing to grapple with adverse ordinance text. Canton is admitting the very scheme that is targeted by this litigation is "subjective" – and thereby unconstitutional.

6

signs," § 6A.21. The billboard definition itself is content-based because it makes clear that: "[o]ff-premises directional signs . . . shall not be considered billboards," § 6A.01.7, meaning a sign reading "Adopt a Pet!" is regulated as a billboard while "Adopt a Pet . . . at the Michigan Humane Society, Next Exit!" is regulated as a directional sign.

Outdoor denies that "[t]here was no other sign allowed in the LI District (or any district) at dimensions equal to the sign proposed by Plaintiff" as patently untrue – and Canton knows it because they approved them. *Compare* Compl. Ex.B, *Outdoor I*, Case No. 20-cv-10934 (E.D. Mich. Apr. 14, 2020), ECF 1-3, PageID.79 (Outdoor's application seeking a 360 square foot sign), *with* Compl. Ex.12., ECF 1-13, PageID.158-166, 171-74, 183-194, 207-64 (Canton issuing at least **17 approvals** for **1000 square foot signs** and **two approvals** for **675 square foot signs**). Under Section 6A.04, Canton possesses the unbridled discretion to "permit modification" of "**any**" sign restriction – including, but not limited to, height and size. § 6A.04 (emphasis added). As a result, the baseline "dimensions" Canton cites are subject to a discretionary waiver by Canton. Canton Br., PageID.1398. Outdoor has already provided numerous examples of Canton permitting discretionary relief – at least one time in exchange for a six-figure sum of cash as "an enticement for the Township to **exercise its discretion**." Compl. Ex.6, ECF 1-12, PageID.138.

It is undisputed that Section 6A.04 contains a text conflict-resolution provision, but it's Canton's selective citation to only *part* of that section that should give the Court pause. If Canton were more candid, it would have gone on to quote the very next

7

sentence of that same section, which states: "If there is believed to be a conflict between the stated intent and any specific provisions of [the Sign Ordinance], the zoning board of appeals may, in accordance with established procedures, permit modification of such specific provisions while retaining the intent in such appealed instance." § 6A.04. The practical effects of this provision are devastating. When confronted with an "appealed instance," "[i]f" the ZBA "believe[s]" there is a "conflict" between "any" provision and the Sign Ordinance's "stated intent" – which Canton concedes is merely the promotion of "general safety and welfare," § 6A.02 – the Township "may" decide whether to grant relief. That is a paradigmatic example of layer upon layer upon layer of standardless discretion.

For a frank exposition of how Canton – itself – explains its powers to vary signage regulations, the Court can simply turn to ECF 1-10 at the bottom of PageID.127 and the top of PageID.128. There, in approving an appeal seeking (massive) variances from its Sign Ordinance, Canton cites the Sign Ordinance's "general safety and welfare" purpose, then explains that its ZBA "is authorized . . . to review appeals such as this presented by the Appellant under a standard of review which does not require demonstration of any practical difficulty as otherwise required for variances, but seeks to effectuate the spirit, objectives and intent of the Sign Ordinance based on objective findings of fact and the subjective application of the remedial powers vested in the ZBA." ECF 1-10, PageID.127-28. Canton's own admission confirms two key facts: when it came to the Sign Ordinance, the applicant's "variance" requests were

8

routed and decided as an "appeal" and the ZBA understood itself to be exercising "subjective" remedial powers. It is difficult to fathom a more constitutionally offensive scheme than the one Canton describes in its own words.

Outdoor denies that a severability clause "would control" if the "ZO/SO were declared invalid." Canton Br., PageID.1398. The Sixth Circuit explicitly held that "we can't excise the discretionary provisions" because "no matter what, [Outdoor] must obtain Canton's discretionary approval before it can lawfully put up a billboard." *Outdoor II*, 155 F.4th at 786-87. Canton's invocation of a general severability clause is foreclosed by the law of the case – not to mention federal and state severance doctrine. *See Int. Outdoor v. City of Troy*, 974 F.3d 690, 702 (6th Cir. 2020) (emphasis added) (holding that a "variance provision of [a] . . . Sign Ordinance . . . is **not independent** from other provisions of the ordinance, but rather **inextricably linked** to them **by providing a way of relaxing the very restrictions** imposed by the Sign Ordinance"); *Carter v. Carter Coal Co.*, 298 U.S. 238, 313 (1936) (holding that "in order to hold one part of a statute unconstitutional and uphold another part as separable, they must not be mutually dependent upon one another"); *Eastwood Park Amusement Co. v. Stark*, 38 N.W.2d 77, 82 (1949) (cleaned up) (holding that severance is expressly conditioned upon the provisions being "independent of each other"); *see Pletz v. Secretary of State*, 336 N.W.2d 789, 809 (1983) (same).

Outdoor admits it filed its four-count complaint in *Outdoor I* on April 15, 2020, but denies that this fact is material or that its prior restraint claim was "based on

9

allegations that the ZO's variance procedures granted the Township's ZBA unfettered discretion in reviewing a variance request." Canton Br., PageID.1399. The *Outdoor I* prior restraint claim was more detailed and robust than Canton's imprecise description; though the allegations upon which the claim in that case was based were numerous, it can probably best be summed up by paragraph 98 of the complaint: "The Sign Ordinance provides unchecked and unbridled discretion to the zoning board of appeals to modify any of its provisions." Compl., ECF 1, PageID.23.

Outdoor admits that the record in *Outdoor I* reflects the content and sequences of the motions filed by parties and orders entered by the district court in *that case*, but Outdoor denies those facts are material to *this case*. Now that the res judicata issue has been resolved by the Sixth Circuit, the appellate proceedings in *Outdoor I*, including its opinion which addressed the justiciability of Outdoor's claims in that case, are not material to whether Canton's scheme of prior restraint is unconstitutional on the merits in this case.

Outdoor admits that the complaint date and service date in this action are accurate. Outdoor denies those dates are material. Without citation or quoting from Outdoor's complaint, Canton inaccurately claims the prior restraint claim in this case "alleg[es] that the variance procedures constitute a prior restraint." Canton Br., PageID.1402. The phrase "variance procedures" appears nowhere in Outdoor's complaint. Outdoor's prior restraint claim is more robust and detailed than Canton's imprecise description; though the allegations upon which the claim is based were

10

numerous, it is more accurately summed up by the following complaint paragraphs: a) "49. The Sign Ordinance states that '[i]f there is believed to be a conflict between the stated intent and any specific provisions of [the Sign Ordinance], the zoning board of appeals may, in accordance with established procedures, permit modification of such specific provisions while retaining the intent in such appealed instance"; b) "149. Canton's Sign Ordinance functions as an unconstitutional prior restraint on speech"; and c) "164. Due to the prospect of having to submit itself to the unchecked and unbridled discretion of Canton's officials, Outdoor is self-censoring its speech." Compl., ECF 1 at ¶¶ 49, 149, 164 (alterations in original) (citation omitted); *see* Carll Decl., ECF 36-9, PageID.1384 (explaining that "Outdoor engaged in self-censorship"). Outdoor states that its complaint and subsequent sworn declarations are material.

Outdoor admits the previous district court motions were "decided by [Chief] Judge Sean Cox." Canton Br., PageID.1402. Outdoor denies that fact is material. Outdoor admits that its complaint was dismissed at the district court level and that the Sixth Circuit affirmed in part and reversed in part holding that a) "Outdoor has standing to bring its facial challenge" to Canton's Sign Ordinance; and b) is entitled to seek relief based on "other billboards" it "did not apply to construct . . . in Canton due to the ordinance's allegedly subjective permitting scheme." *Outdoor II*, 155 F.4th at 783, 785. Outdoor admits that, on appeal, Canton argued that "the variance procedures [we]re severable from the height and area requirements, thus making Plaintiff's alleged harm non-redressable," but Outdoor denies "the Sixth Circuit stopped short of ruling on this

11

question." Canton Br., PageID.1403. The Sixth Circuit squarely confronted and rejected Canton's pleas for severance holding that c) "[it] can't excise the discretionary provisions to make the prior restraint claim disappear"; and d) finding the prior restraint unconstitutional "would likely provide Outdoor with a remedy." *Outdoor II*, 155 F.4th at 786-87 (6th Cir. 2025) (cleaned up).

Outdoor admits that Canton further amended its Sign Ordinance in 2026. Outdoor denies that this fact (along with its March 2024 amendment) is material to the merits question the Sixth Circuit remanded to this Court for resolution – namely, whether the Sign Ordinance enforced until at least March 2024 functioned as an unconstitutional prior restraint. *Id.* at 786 (holding that "finding the discretionary provisions unconstitutional would likely provide Outdoor with a remedy"). The 2026 or 2024 amendments have no bearing on that question. Outdoor admits that it "has not pursued any approvals under the New SO" and "has not attempted to incorporate any challenge to the New SO into this action." Canton Br., PageID.1406. The constitutionality of Canton's current version of its Sign Ordinance is a question for another day. Canton's decision to devote more than a page of its Statement of Material Facts to block quoting the 2026 ordinance language is nonetheless instructive – though not in the way Canton intends. *See* Canton Br., PageID.1404-05. The extent of Canton's own revision illustrates the extent of the prior Sign Ordinance's constitutional deficiency. The block quote of revised variance language that presumably Canton thought would impress the Court now functions as a before-and-after comparison that

12

further highlights the underlying constitutional deficiencies alleged in this case. It also begs the question of why Canton chose *not* to quote almost any (only four words) of the relevant provisions it has the burden of defending in this case. Canton Br., PageID.1412. Indeed, Canton's response to this litigation was not to make its licensing of billboard speech constitutional – but to eliminate this category of speech entirely.

## SUMMARY OF THE ARGUMENT

Canton's motion for summary judgment does not address (much less defend) the principal constitutional defect in its Sign Ordinance. Its scheme of prior restraint sets up a three-layer structure. First, Section 6A.04 vests Canton with unbridled discretion: it "may" permit a "modification" of "any" sign restriction or it "may" not – a threshold gateway that Canton itself defines as "permissive." § 1.02.B. Second, only if Canton chose to proceed with a request for relief under Section 6A.04 in an "appealed instance," do the Section 27.05.D.1. "criteria" come into the picture. ECF 36-8. And those criteria, by Canton's own admission, are hopelessly "subjective." Compl. Ex.9, ECF 1-10, PageID.128 (Canton admitting it exercises "the **subjective** application of the remedial powers vested in the ZBA."). Third, even a speaker who cleared both steps was still not free to speak, because Canton "may impose conditions with an affirmative decision." ECF 36-8, § 27.05.C.3. Canton quietly sidestepped the Section 6A.04 gateway, never addressed the conditions clause at all, and then offered a defense of the downstream criteria which consisted of quoting four words from the text and citing two unpublished opinions – neither of which supports its position.

13

To prevail, Canton needed to show that Section 6A.04's "may" – the word that gives Canton threshold discretion over whether to even *entertain* relief –  is cabined by "narrow, objective, and definite standards." *Shuttlesworth*, 394 U.S. at 151. It offered nothing. By ignoring the very mechanism that forces Outdoor to seek discretionary approval in the first place, Canton functionally concedes the principal constitutional infirmity in this case.

When Canton finally addresses the downstream "criteria," the only two (unpublished) authorities it cites end up harming rather than helping its case. First, Canton relies on *Rzadkowolski v. Metamora Township* for the proposition that its subjective "criteria" can be considered constitutional if backed by "'objective and specific definitions.'" Canton Br., PageID.1412 (quoting No. 14-12480, 2016 WL 3230535, at *3 (E.D. Mich. June 13, 2016)). Canton never identifies any such definitions in the Ordinance – because there are none. Next, Canton cites *R.S.W.W., Inc. v. City of Keego Harbor* for the (incorrect) proposition that as-applied judicial review of its ZBA decisions "mitigates against" its unconstitutional prior restraint. *Id.* at PageID.1412 (citing No. 98-40377, 2006 WL 1155228 at *4 (E.D. Mich. May 1, 2006)). *R.S.W.W.* said no such thing. The district court upheld that scheme because "the sign ordinance d[id] not grant overly broad discretion" *in addition* to containing "effective judicial review." *R.S.W.W.*, 2006 WL 1155228, at *4. In any event, the Supreme Court previously rejected Canton's defense in *Lakewood* holding that "[e]ven if judicial review were relatively speedy, such review cannot substitute for concrete standards to guide

14

the decision-maker's discretion." *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 771 (1988).

The balance of Canton's motion is misfocused, textually imprecise, and careless in its handling of the Ordinance text at issue in this case. The Township dedicates pages of its brief to block-quoting language from its 2026 "New SO" – a  law that it expressly concedes Outdoor has not challenged in this case. Canton Br., PageID.1405-06. When Canton finally addresses the prior restraint, it carelessly treats the variance criteria as fungible when the plain text makes clear that only a subset (27.05.D.1, not D.2) apply in an "appealed instance." And after spending still more pages on "mootness," Canton then turns around and concedes that Outdoor's "backward-looking damages claim" remains live. Canton Br., PageID.1408. In the end, Canton's motion only makes two things clear: the Township cannot defend the Section 6A.04 gateway – it doesn't even try – and has effectively conceded the whole scheme was indefensible when it abandoned it. Because Canton does not confront the text that vests it with threshold discretion, and because it points to no textual definitions that convert its, admittedly, subjective criteria into objective standards, the Township falls far short of carrying its burden on summary judgment.

## ARGUMENT

### I. Canton's motion does not exhibit the discipline Rule 56 requires.

The purpose of summary judgment is to isolate those facts "material" to the case, assess whether there is a "genuine dispute" as to the material facts at issue, and, if no

15

genuine dispute exists, to evaluate whether the moving party "is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56. But contrary to Canton's approach, materiality is not self-defining. Rather, "the materiality of any fact should be determined by the substantive law of the case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). Canton's motion fails out of the gate because it never confronts the challenged text that the substantive doctrine deems outcome-determinative.

Outdoor facially challenges the Sign Ordinance as a prior restraint on speech. Under the substantive doctrine, the question is whether the Sign Ordinance's text vested Canton with "unbridled discretion" in the permitting of speech in the Township. *Lakewood*, 486 U.S. at 755–59. By Canton's own admission, the text of Section 6A.04 is the starting point material to that inquiry. Facts about Outdoor's 2020 permit application, the procedural history of *Outdoor I*, and the 2026 ordinance Outdoor has not challenged are not material under the substantive law or the law of the case. Because Canton never addresses the text which it has already admitted is material under the substantive doctrine, it has not carried its initial burden under Rule 56. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (the movant "bears the initial responsibility of informing the district court of the basis for its motion"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the substantive law will identify which facts are material").

Canton's burden is heavier still because this is a prior-restraint case. The substantive doctrine requires it to defend a scheme of prior restraint that "bear[s] a heavy presumption against its constitutional validity." *Freedman*, 380 U.S. at 57 (cleaned

16

up). Because the materiality of Section 6A.04 is not in dispute, Canton cannot establish entitlement to summary judgment when its motion fails to defend the very text whose constitutionality must be adjudicated.

**II. Canton's motion fails to defend the Sign Ordinance's principal constitutional defect.**

Given the essence of Outdoor's constitutional challenge and the burden Canton carries to justify the scheme, one would expect it to carefully analyze the text of Section 6A.04, its relationship to the other Ordinance provisions, and (at the very least) *attempt* to defend the discretion it vests in the Township to modify any of the sign restrictions on a case-by-case basis. Instead, Canton simply ignored it. And to do so after conceding its materiality was fatal. *See New York Times Co. v. United States*, 403 U.S. 713, 714 (1971) (cleaned up) ("The Government thus carries a heavy burden of showing justification for the imposition of such a restraint.").

The Sign Ordinance imposes a prior restraint through a three-layer structure. At the threshold, Section 6A.04 vests Canton with pure discretionary authority – it "may" permit a modification of "any" sign restriction "in such [an] appealed instance," or it "may" not. § 6A.04. The Ordinance itself defines "may" as "permissive," in contrast to "shall," which "is always mandatory and not discretionary." § 1.02.B. Nothing in Section 6A.04 requires Canton to proceed. Nothing requires it to explain a refusal to proceed. The Township may simply say no – or nothing at all. Only if Canton chooses

17

to proceed do the Section 27.05.D.1 criteria come into the picture. Canton's motion attempts to address the second step exclusively. It never defends the first.

But what Canton fails to recognize is that there's simply no amount of downstream criteria that can cure a discretionary gateway where "the face of the ordinance itself contains no explicit limits on [Canton's] discretion" to move forward with a request in the first place. *Lakewood*, 486 U.S. at 769. Section 6A.04 expressly vests Canton with a bare grant of "permissive" authority whether to engage with a speaker's request. That's glaringly unconstitutional and Canton's motion does not argue otherwise.

## III. The subjective and arbitrary "criteria" compound the constitutional flaw.

The so-called "criteria" Canton invokes to justify discretionary relief are hopelessly "subjective" – and that is not merely Outdoor's description. It's Canton's. In a resolution exercising its powers to grant discretionary relief from the Sign Ordinance's requirements, Canton described its process as "the **subjective** application of the remedial powers vested in the ZBA." Compl. Ex. 9, ECF 1-10, PageID.128 (emphasis added). Outdoor couldn't agree more. Canton's own description of how its scheme operates concedes the constitutional defect at the center of this case.

Canton's admission of the scheme's "subjectiv[ity]" is not merely extraordinary, it's descriptively accurate. Like the facially unconstitutional scheme in *Macdonald v. City of Pontiac*, if Canton chose to proceed in an "appealed instance" under Section 6A.04, only then did the Section 27.05.D.1 criteria "come into play." 916 F. Supp. 644, 649-50

18

(E.D. Mich. 1995) (citing *Lakewood*, 486 U.S. at 771) (explaining that the scheme "contained no standards for the mayor to use when denying a permit," and the criteria "come into play only when the [City] decides to issue a permit"). As the plain text confirms, it's Canton's discretion which forms the basis of each layer in its scheme. And for the reasons explained in *Lakewood* and further applied in *Macdonald*, even flawless downstream criteria cannot cure a standardless threshold gateway.

### A. They are not "narrow, objective, and definite," but arbitrary, subjective, and open-ended.

A prior restraint is unconstitutional unless it contains "narrow, objective, and definite standards to guide the licensing authority." *Shuttlesworth*, 394 U.S. at 151. Canton insists its criteria are "extensive," but when it finally attempts to defend them, it can bring itself only to (mis)quote four words—and without citation. See Canton Br., PageID.1412 (quoting only "practical difficulty [sic]" and "substantial justice"). Canton found room in its brief to block-quote pages of variance criteria from a 2026 ordinance which – by its own admission – Outdoor has not challenged. Yet it could not manage more than two two-word quotes of the "extensive" criteria it bears the burden of defending – and got one of them wrong on top of that.

If Canton decides to grant a request under Section 6A.04, it must ground it in criteria such as: a) whether the appeal "would do **substantial justice**," b) provide "**substantial relief**" to the applicant, c) "be **more consistent with justice** to other property owners," d) whether "the **spirit of the ordinance will be observed**," e)

19

whether "**public safety and welfare is secured**," f) whether any "**exceptional or extraordinary circumstances**" exist, g) whether any "**exceptional or extraordinary . . . conditions**" exist, h) whether such undefined "**circumstances or conditions**" identified by Canton "apply **generally** to other properties," i) evaluating what constitutes a "**substantial** property right[]," j) and then an evaluation of whether such "**substantial** property rights" are "possessed by **other** property owners," k) whether the granting of relief "will not be **materially detrimental** to the **public welfare**," l) whether granting the relief would be "**materially injurious** to other **nearby** properties or improvements," m) whether the relief would "endanger **public safety**," n) whether the relief "will not **unreasonably** diminish or impair the value of surrounding properties," o) whether the relief "will not **impair public health, safety, comfort, morals, or welfare**," and p) whether the relief "will not alter the **essential character** of the neighborhood." § 27.05.D.1. (emphasis added). The D.2 criteria, though not applicable to relief sought in an appealed instance, fare no better, relying on whimsical criteria such as evaluating the "**character**" of the relief, whether such relief is "in **harmony** with surrounding land use" and gauging whether the relief would result in "**undesirable impacts** on surrounding properties." § 27.05.D.2. (emphasis added).

That is not a set of "narrow, objective, and definite standards." *Shuttlesworth*, 394 U.S. at 151. That's everything the prior restraint doctrine prohibits. What constitutes "substantial justice"? § 27.05.D.1. When has "the spirit of the ordinance" been "observed"? *Id.* Where is the line between relief that is merely "detrimental" (apparently

20

ok) to the public "welfare" and that which is "materially detrimental" (not ok)? *Id.* What is the "spirit of the ordinance"? *Id.* Canton provides no answers. Its criteria "conferred upon the [Township] virtually unbridled and absolute power" because officials were "guided only by their own ideas" of what they meant. *Shuttlesworth*, 394 U.S. at 150. That's unconstitutional.

### B. The two unpublished opinions Canton offers in its defense are of no help.

First, Canton relies on the unpublished decision in *Rzadkowolski v. Metamora Township* for the proposition that its subjective variance standards can be considered precise and definite if backed by "additional language that resolve[s] the infirmities." Canton Br., PageID.1410. There's just one problem. Canton never comes forward with any "additional language" in its Ordinance that defines its subjective and arbitrary standards. The "criteria" are not backed by the "objective and specific definitions" Canton itself says are "necessary for the standards to pass constitutional muster." Canton Br., PageID.1412 (cleaned up). None are clarified, qualified, or explained by "additional language" anywhere in the Ordinance. Here, Canton falls far short of meeting its own standard.

Second, Canton cites (but tellingly does not quote) the unpublished decision *R.S.W.W., Inc. v. City of Keego Harbor* in support of the erroneous proposition that "the availability of judicial review of the ZBA's decision mitigates against a claim that the permitting process is an unconstitutional prior restraint." Canton Br., PageID.1412 (citing *R.S.W.W.,* 2006 WL 1155228 at *4). As an initial matter, *R.S.W.W.* said no such

21

thing. The district court upheld the ordinance in that case because it "d[id] not grant overly broad discretion" *in addition* to containing "effective judicial review." *R.S.W.W.*, 2006 WL 1155228, at *4. Canton has the review, but not the standards – which is exactly backwards from what the case law requires. The Supreme Court holds that "[e]ven if judicial review were relatively speedy, such review cannot substitute for concrete standards to guide the decision-maker's discretion," because without such standards "the difficulties of proof and the case-by-case nature of 'as applied' challenges render the licensor's action in large measure effectively unreviewable." *Lakewood*, 486 U.S. at 758-59, 771. It's obvious why. A state court judge would have no objective law to apply on appeal where Canton's discretionary gateway and downstream criteria are hopelessly subjective – rendering a decision by Canton "effectively unreviewable." *Id.* at 759. Contrary to Canton's thinking, the case law makes clear that judicial review is no substitute for the "narrow, objective, and definite standards" the First Amendment requires. *Shuttlesworth*, 394 U.S. at 151.

## IV. The "conditions" clause adds an independent basis for facial invalidity which Canton never addresses.

A speaker who clears the Section 6A.04 gateway and downstream "criteria" is still not free to speak. Canton "may impose conditions with an affirmative decision." § 27.05.C.3. No standards govern those conditions. And, again, the use of the word "may" leaves no doubt about the "permissive" meaning of the text. *Compare id.*, *with* §1.02.B. Like the Section 6A.04 gateway, Canton's brief does not address that provision.

22

The Supreme Court also holds prior restraints are unconstitutional where the government can impose "terms and conditions" in the permitting of speech where it "deemed [it] necessary and reasonable." *Lakewood*, 486 U.S. at 753-54 (cleaned up). That component independently renders the scheme in this case indefensible. In any event, Canton doesn't even make the effort to try.

## V. Canton misunderstands the mootness doctrine.

Canton states that "Plaintiff's Request for Equitable and Prospective Relief is Moot." That's doctrinally incoherent. The Supreme Court holds that a case becomes moot *only* when it is "impossible for the court to grant *any* effectual relief whatever to a prevailing party." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (cleaned up) (emphasis added); *see Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 387 (6th Cir. 2005) (citations omitted) (holding that "the existence of a damages claim ensures that this dispute is a live one and one over which Article III gives us continuing authority"); *Chafin v. Chafin*, 568 U.S. 165, 177 (2013) (cleaned up) (emphasis added) (holding "even the availability of a *partial* remedy is sufficient to prevent a case from being moot"). Outdoor's damages claim keeps this case live – which Canton ends up conceding after all. Canton Br., PageID.1408. Having conceded that Outdoor's damages claim survives, Canton has answered the only question the mootness doctrine asks.

## CONCLUSION

Canton's motion for summary judgment fails at every level. It ignores almost all of the text that renders the Sign Ordinance unconstitutional on its face. It ends up only

23

quoting four words from the downstream criteria, but never demonstrates how they are even remotely narrow, objective, or definite. Rather, it admits the scheme is subjective. And the two unpublished authorities it offers in its defense affirmatively undermine its position. What Canton's motion does establish is that the Township cannot defend its scheme on the merits – and concluded that much when it abandoned it. For the foregoing reasons, the Court should deny Canton's motion for summary judgment, grant Outdoor's motion for partial summary judgment, and set this matter for trial to address damages.

Respectfully submitted,<br>
By:/s/Donald R. Sheff II<br>
    Donald R. Sheff II (P78262)<br>
General Counsel<br>
OUTDOOR ONE COMMUNICATIONS LLC<br>
Attorney for Plaintiff<br>
220 South Main Street<br>
Royal Oak, Michigan 48067<br>
248-289-5895 │ dsheff@primesitellc.com

Date: April 3, 2026

24

## CERTIFICATE OF SERVICE

I hereby certify that, on April 3, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

By: /s/Donald R. Sheff II
    Donald R. Sheff II (P78262)
General Counsel
OUTDOOR ONE COMMUNICATIONS LLC
Attorney for Plaintiff
220 South Main Street
Royal Oak, Michigan 48067
Date: April 3, 2026          248-289-5895 | dsheff@primesitellc.com