UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTDOOR ONE COMMUNICATIONS, LLC,

                                              Case No. 2:23-cv-10492

      Plaintiff,                          Hon. Shalina D. Kumar

v.

CHARTER TOWNSHIP OF CANTON,

      Defendant.

---

## REPLY BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**\*Oral Argument Requested\***

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................. iii

REPLY ARGUMENT ....................................................................................1

CERTIFICATE OF SERVICE .......................................................................8

ii

## TABLE OF AUTHORITIES

### CASES

*Barrett v. Brown,* 977 F.2d 580 (Table), 1 fn. 1 (6th Cir. 1992) ...............................2

*City of Austin, Texas v. Reagan National Advertising of Austin, LLC*, 142 S.Ct. 1464 (2022) ...............................................................................................7

*Freedman v. State of Maryland,* 380 U.S. 51 (1965) ................................................4

*Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789 (1984) ..............................................................................2

*Outdoor One Communications, LLC v. Charter Township of Canton,* 155 F.4th 776 (6th Cir. 2025) ...................................................................................6, 7

*Prime Media Inc. v. City of Brentwood*, 398 F.3d 814 (6th Cir. 2005) .....................7

*R.S.W.W., Inc. v. Keego Harbor,* No. 98-40377, 2006 WL 1155228 (E.D. Mich. May 1, 2006) ...................................................................................4

*Rzadkowolski v. Metamora Township, No. 14-12480, 2016 WL 2756518 at *5 (E.D. Mich. May 12, 2016)* ...............................................................................5

*Thomas v. Chicago Park District,* 534 U.S. 316 (2002) .............................................4

### ORDINANCES

SO §6A.04 ............................................................................................... 1, 2, 3

SO §6A.26 ......................................................................................................3

SO §6A.27 ..................................................................................................2, 3

ZO §27.05(D) .......................................................................................... 1, 2, 3

ZO §28.04.E ...................................................................................................2

## REPLY ARGUMENT

Plaintiff's response argument largely relies on a flawed self-constructed dichotomy between what it styles as the "gateway" provision of Original SO §6A.04 and the "downstream" variance/appeal review criteria of ZO §27.05(D). Plaintiff claims that the Township fails to acknowledge that Original SO §6A.04 somehow gives the Township "'permissive' authority whether to engage with a speaker's request" and decide whether or not to send a request to the Zoning Board of Appeals ("ZBA") (Plaintiff's Response, ECF No. 39, PageID.1549.) But, it does no such thing, and is far more limited than Plaintiff suggests. Lest there be any confusion, Original SO §6A.04, provides, in its entirety:

> The provisions of this chapter [article] shall be construed, if possible in such manner as to much such provisions compatible and consistent with the provisions of all existing and future zoning and other ordinances of the township and all amendments thereto; provided, however, that where any inconsistency or conflict cannot be avoided, then the most restrictive of such inconsistent or conflicting provisions shall control and prevail. **If there is believed to be a conflict between the stated intent and any specific provisions of this chapter, the zoning board of appeals may, in accordance with established procedures, permit modification of such specific provisions while retaining the intent in such appealed instance.**

(Original SO §6A.04, ECF No. 36-2, PageID.1284, emphasis added.)

The notion that this provision somehow means that the Township has freedom to ignore an application for a sign permit, or that this provision is somehow self-executing is simply a gross misreading of the provision without any textual support.

The possibility for a "modification" as contemplated by this provision is clearly predicated on a situation of an "appealed instance" in which "there is believed to be a conflict between the stated intent and specific provisions of this chapter."  This inevitably implicates the appeal provision of Original SO §6A.27, which provides that "any component of this chapter [article] is subject to appeal by the zoning board of appeals in accordance with section 28.04.E.6."  (Original SO §6A.27, ECF No. 36-2, PageID.1320).  ZO §28.04.E, as it existed at the time that Plaintiff filed the instant Complaint was the ZBA's jurisdictional provision. (Ex. 1, ZO §28.04.) Where the ZBA has jurisdiction, the variance and appeal review criteria of ZO §27.05(D) necessarily apply.  (ZO §27.05(D), ECF No. 16-6, PageID.653.)  Thus, Plaintiff's attempt to portray the Township as "not defending" Original SO §6A.04 standing alone is misguided because Original SO §6A.04 does not stand alone, and Plaintiff's attempt to find unbridled discretion in Original SO §6A.04 by itself ignores the fundamental tenet of statutory construction that provisions that are *in pari materia* must be read together.  *See, e.g., Barrett v. Brown,* 977 F.2d 580 (Table), 1 fn. 1 (6th Cir. 1992), citing *Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789 (1984).

Moreover, to the extent that Plaintiff claims that the Township does not "defend" the idea that Original SO §6A.04 neither "requires Canton to proceed" nor "requires it to explain a refusal to proceed," that is because Original SO §6A.04 has

2

nothing to do with giving a choice whether or not to review a permit application. Plaintiff ignores Original SO §6A.26 that provides that the "sign permits shall be issued by the building division" and that the "building official shall review and issue permits for signs only when such signs are in compliance with this article." (Original SO §6.26, ECF No. 36-2, PageID.1320.) And, Plaintiff again ignores Original SO §6A.27, which provides for an appeal, which brings us back to ZO §27.05(D).

Plaintiff's attempt to divorce Original SO §6A.04 from the variance and appeal review criteria also is flawed for the fundamental reason that nothing in the Complaint indicates that Plaintiff was "self-censoring" because there was some "conflict between the stated intent and any specific provisions of this chapter" that Plaintiff was claiming, or that the Township was claiming.  Rather, Plaintiff's claim to standing via "self-censorship" was squarely pled with respect to its assertion that it wants to construct billboards, that there is no place that it can apply for a billboard without seeking a variance, and it is bothered by the variance review criteria.  To the extent that the "self-censorship" claim at the pleadings stage was based on distaste for Original SO §6A.04, here, on the merits on summary judgment, Plaintiff fails to present any coherent argument as to how it somehow would even be subject to Original SO §6A.04, or how that section somehow even could operate independently of the variance/review criteria to affect its proposed speech.

Plaintiff also protests that the ZBA is granted discretion insofar as it "may"

3

grant a variance/appeal, and that this discretion renders the ZBA to have "unbridled discretion." That is what a variance/appeal review is – discretionary. Plaintiff's exact line of reasoning focusing on the use of the word "may"  has been firmly rejected by the Supreme Court in *Thomas v. Chicago Park District,* 534 U.S. 316 (2002), which opined that the permissive use of "may" in relation to speech-related waiver criteria "furthers, rather than restricts, speech." *Id.,* at 325.

Plaintiff's attempt to discredit the Township as misrepresenting *R.S.W.W., Inc. v. Keego Harbor,* No. 98-40377, 2006 WL 1155228 (E.D. Mich. May 1, 2006) also falls flat. Plaintiff's disgust with the Township's presentation derives from its own misconstruction of the instant case as dealing with content-based regulations that should be evaluated *Freedman v. State of Maryland,* 380 U.S. 51 (1965), and Plaintiff's misreading of the Township as advocating that judicial review is itself sufficient, which the Township never said. Rather, the Township points to *R.S.W.W., Inc.* to push back on Plaintiff's adherence to *Freedman* relative to content-neutral regulations*,* and cited it in the Township's principal brief to emphasize the role of judicial review in the total consideration of the review criteria.

Plaintiff also faults the Township for allegedly not explaining why the Township's variance criteria are sufficiently objective, but does not itself present case law affirmatively showing that they are not. Indeed, as articulated in the Township's principal brief, this is largely an issue of first impression, and Plaintiff's

4

criticism of the Township citing the unpublished *Rzadkowolski v. Metamora Township,* No. 14-12480, 2016 WL 2756518 at \*5 (E.D. Mich. May 12, 2016) case as a comparator is not followed up with any authority (published or unpublished) to suggest that the Township's comparison of its variance review standards to those in *Rzadkowolski* is off point. As noted, the variance review criteria in place at the time consisted of 18 comprehensive points that, despite Plaintiff's characterization of the Township referencing only "four words" in its brief, are fully delineated in the incorporated exhibit, and clearly contain more protracted descriptive verbiage than those held to be unconstitutional in the cases that Plaintiff prefers.

Lacking any substantive non-conclusory arguments about the variance procedures themselves, Plaintiff reverts to complaining about signs that the Township approved for IKEA and Art Van, but those examples do nothing for Plaintiff. The IKEA development as a whole was approved pursuant to a Planned Development Agreement in 2005. A First Amendment to Agreement for IDEA Planned Development District was executed in 2014. (First Amendment to IKEA PDD Agreement, ECF No. 16-7, PageID.658.) As part of that First Amendment, IKEA agreed to provide a community benefit by paying the cost of certain road improvements around the area of the development. Id., at PageID.659. Within that agreement, it also received certain variances, including "Variances to the sign ordinance requirements as shown on the attached plan." Id. The plans attached to the

5

First Amendment to the PDD clearly show the signs that Plaintiff finds objectionable. The very purpose of planned developments is to allow for developments that do not perfectly fit within the ZO, and to allow for the negotiation of benefits to the community in exchange for relaxation of zoning requirements within the planned development district. (See, e.g., Planned Development ZO Provisions, ECF No. 16-8, PageID.702.) Plaintiff has not invoked any interest in pursuing a sign pursuant to a Planned Development District negotiation.

To the extent that Plaintiff takes issue with a sign at the long-defunct furniture store Art Van, it ironically supports the Township's case. It is undisputed that Art Van was approved for a variance by the ZBA. (2016 Art Van Minutes, ECF No. 15-8, PageID.454-457). Plaintiff did not seek a variance. And, the fact that IKEA and Art Van got signs that were in variance of the SO's provisions, this only bolsters the Township's position that the ZBA's charge that it "may" grant a variance "furthers, rather than restricts" speech.

The balance of Plaintiffs' arguments are unavailing and disconnected from the actual matter at hand. First, while the Sixth Circuit correctly observed, "we don't even know whether Outdoor seeks to construct only signs that are too big." *Outdoor One Communications, LLC v. Charter Township of Canton,* 155 F.4th 776 (6th Cir. 2025), we can plausibly presume that any sign would be of some size and in some place, and thus subject to height, area, and locational requirements which, even if

6

they resulted in prohibiting Plaintiff's signs, are the epitome of constitutional content-neutral regulations. See, e.g. *Prime Media Inc. v. City of Brentwood*, 398 F.3d 814 (6th Cir. 2005). Moreover, insofar as Plaintiff attempts to characterize the Original SO's distinction between off-premises and on-premises sign as content-based, the Supreme Court has expressly held such distinctions to be content-neutral location regulations. *City of Austin, Texas v. Reagan National Advertising of Austin, LLC*, 142 S.Ct. 1464 (2022). And, as we know that Plaintiff's interest is in erecting a billboard, not a de minimus permit-exempt sign (it certainly has not presented summary judgment-worthy evidence to the contrary), it lacks standing, as it did in *Outdoor One* (1), supra, to challenge those provisions, and those provisions are severable for the reasons stated in the Township's other briefs.

For these reasons, and those stated in its principal brief, Defendant, CHARTER TOWNSHIP OF CANTON, respectfully requests that this Honorable Court grant its motion for summary judgment, enter judgment in favor of the Township, award costs and fees, and grant any other relief deemed appropriate.

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/Matthew J. Zalewski
MATTHEW J. ZALEWSKI (P72207)
Attorney for Defendant
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331-3550
mzalewski@rsjalaw.com
Dated: April 17, 2026      (248) 489-4100

7

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email on April 17, 2026.

ROSATI, SCHULTZ, JOPPICH &
 AMTSBUECHLER, P.C.

/s/ Dawn Hallman
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331-3550
(248) 489-4100