**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| Outdoor One Communications LLC, | |
| Plaintiff, | Case No. 23-cv-10492 |
| v. | Hon. Shalina D. Kumar |
| Charter Township of Canton, | |
| Defendant. | |

**PLAINTIFF OUTDOOR ONE COMMUNICATIONS LLC's**
**REPLY BRIEF IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

INDEX OF AUTHORITIES ......................................................................................... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................. iii

   I. Canton's mental state has no bearing on Outdoor's facial challenge. ...................... 1

   II. *Thomas* does not endorse "speech-related waiver criteria." ...................................... 2

   III. Canton says its scheme is a "subjective" exercise "of remedial powers." ............ 3

   IV. *Rzadkowolski* and *R.S.W.W.* confirm the constitutional defects. ........................... 4

   V. Canton drops the ball on the conditions clause. ...................................................... 5

   VI. Canton continues to ignore the substantive doctrine and the law of the case. ..... 6

   VII. Canton continues to misunderstand Rule 56. ........................................................ 7

# INDEX OF AUTHORITIES

## Cases

*City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750 (1988) .................................. 5, 6, 7

*Forsyth Cnty., Ga. v. Nationalist Movement*, 505 U.S. 123 (1992) ........................................... 5

*Freedman v. State of Md.*, 380 U.S. 51 (1965) ........................................................................ 6

*Int'l Outdoor, Inc. v. Troy*, 974 F.3d 690 (6th Cir. 2020) ...................................................... 7

*King Enters., Inc. v. Thomas Twp.*, 215 F.Supp.2d 891 (E.D. Mich. 2002) ......................... 1

*McGlone v. Bell*, 681 F.3d 718 (6th Cir. 2012) ....................................................................... 3

*McPherson v. Kelsey*, 125 F.3d 989 (6th Cir. 1997) ............................................................... 6

*Outdoor One Commc'ns LLC v. Charter Twp. of Canton, Michigan (Outdoor II)*, 155 F.4th 776 (6th Cir. 2025) ............................................................................................................... 1, 6

*R.S.W.W., Inc. v. City of Keego Harbor*, No. CIV. 98-40377, 2006 WL 1155228 (E.D. Mich. May 1, 2006) ........................................................................................................... 4

*Rzadkowolski v. Metamora Twp.*, No. 14-12480, 2016 WL 3230535 (E.D. Mich. June 13, 2016) ...................................................................................................................................... 4

*Schmitt v. LaRose*, 933 F.3d 628 (6th Cir. 2019) ................................................................... 2

*Shuttlesworth v. City of Birmingham*, 394 U.S. 147 (1969) ....................................................... 5

*Thomas v. Chicago Park Dist.*, 534 U.S. 316 (2002) ........................................................... 2, 3

## Local Ordinances

Canton Charter Township Code, Appendix A, Article 6A.00 ........................................ 3, 6

Canton Charter Township Code, Appendix A, Section 27.05 ....................................... 1, 5

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147 (1969) ("holding that a law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority" or which can be "withheld in the discretion of [government] official[s]" is unconstitutional).

*Freedman v. State of Md.*, 380 U.S. 51 (1965) (holding that the cure to an unconstitutional prior restraint's constitutional problem "is to incorporate" the required standards into the statutory scheme).

*City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750 (1988) (holding that "[o]nly standards limiting the licensor's discretion will eliminate" a prior restraint's constitutional defect "[a]nd only a facial challenge can effectively test the statute for these standards").

Compl. Ex.9, ECF 1-10, PageID.128 (Canton admitting that its scheme of prior restraint constitutes "the subjective application of the remedial powers vested in the ZBA.").

Compl. Ex.11, ECF 1-12, PageID.138 (Canton admitting that it accepted a large payment of cash "[a]s an enticement for the Township to exercise its discretion" in providing "[v]ariances to the sign ordinance requirements").

42 U.S.C. § 1983.

Fed. R. Civ. P. 56.

## I. Canton's mental state has no bearing on Outdoor's facial challenge.

Canton concedes Section "6A.04 provides the context that the 'zoning board of appeals my [sic] permit…modification of [the Sign Ordinance]," but contends Outdoor "has not pled any facts, or pointed to any evidence in its motion, to indicate that the Township 'believed to be a conflict between the stated intent and any specific provisions'…so as to trigger review with respect to any undefined future sign applications of Plaintiff." Canton Br., ECF 38, PageID.1507. Canton confuses the issue.

The Sixth Circuit has already concluded Outdoor's current allegations "trigger review" of the Sign Ordinance's constitutionality – "facial" review. *Outdoor One Commc'ns LLC v. Canton (Outdoor II)*, 155 F.4th 776, 785 (6th Cir. 2025). What Canton actually "believe[s]" about "future sign applications" is irrelevant. *See, e.g.*, *King Enters., Inc. v. Thomas Twp.*, 215 F.Supp.2d 891, 907 (E.D. Mich. 2002) (citing *Belle Maer Harbor v. Harrison Township*, 170 F.3d 553, 556–57 (6th Cir.1999)) ("When First Amendment rights are implicated, the relevant scope of inquiry is focused on the text of the law, not the facts surrounding its application."). The text that Canton enacted is the sole focus of this inquiry. Section 6A.04 conditions the right to speak entirely on what Canton "believe[s]," layering *that* subjective trigger on top of a permissive remedy ("may") on top of subjective and arbitrary criteria (Section 27.05.D.1.) on top of permissive conditions to relief (Section 27.05.C.3.). Section 6A.04 lacks any of the standards the First Amendment requires. Outdoor need not divine Canton's "belie[fs]" to successfully challenge the scheme's constitutionality.

1

## II. *Thomas* does not endorse "speech-related waiver criteria."

Canton tries to justify the Section 6A.04 gateway by quoting six words (out of context) from Justice Scalia's opinion in *Thomas v. Chicago Park District* for the proposition "that the permissive use of 'may' in relation to speech-related waiver criteria 'furthers, rather than restricts [sic], speech [sic].'" Canton Br., PageID.1524 (misquoting 534 U.S. 316, 325 (2002)). Could it be that the Supreme Court upended ninety-plus years of unbroken prior-restraint jurisprudence as Canton suggests? Of course not.

Per usual, Canton omits the detail that turns its own argument on its head. The permitting scheme in *Thomas* targeted "*all* activity" – not speech. *Thomas*, 534 U.S. at 322 (emphasis in original). The Chicago ordinance was a "regulation of the use of a public forum" that was "not even directed to communicative activity as such, but rather to *all* activity conducted in a public park." *Id.* The "picnicker and soccer player, no less than the political activist or parade marshal, must apply for a permit if the 50-person limit [was] to be exceeded." *Id.* That's why *Thomas* held the Chicago ordinance "does not raise the censorship concerns that prompted [the Court] to impose the extraordinary procedural safeguards on the film licensing process in *Freedman*." *Id.* at 323; *see Schmitt v. LaRose*, 933 F.3d 628, 637 (6th Cir. 2019) (cleaned up) (*Thomas*-type schemes are "a step removed from the communicative aspect" of speech and "do not involve the same risk of censorship inherent in prior-restraint cases").

Here, Canton's argument collapses because it ignores first principles. The Sixth Circuit defines a prior restraint as "any law forbidding certain **communications** when

2

issued in advance of the time that such communications are to occur." *McGlone v. Bell*, 681 F.3d 718, 733 (6th Cir. 2012) (cleaned up) (emphasis added). Chicago targeted activity of any kind above fifty people. Canton's Sign Ordinance targets only speech. The two schemes are not in the same doctrinal category.

That's why Canton's six-word quote from *Thomas* cannot mean what Canton says it means. It erroneously labeled the criteria in *Thomas* as "speech-related waiver criteria," Canton Br., PageID.1524, when *Thomas* made clear that the object of the permitting scheme was "*all* activity" in a park. 534 U.S. at 322. The "may" *Thomas* countenanced was not tied to speech licensing, but to the coordination of "*all* activity" in a public forum. *Id.* at 322-24. On top of that, *Thomas* concluded Chicago's discretion was cabined by "specific and objective standards," *id.* at 324, whereas the "may" in this case is cabined by nothing but, as Canton concedes, its own "belie[fs]." § 6A.04. If that wasn't enough, the ordinance in *Thomas* required Chicago to "clearly explain its reasons for any denial," 534 U.S. at 324. Under Section 6A.04, Canton is required to explain nothing; the Township "may" simply say no – or say nothing at all.

## III. Canton says its scheme is a "subjective" exercise "of remedial powers."

The criteria invoked to grant discretionary relief from the Sign Ordinance's restrictions are "subjective" – so says Canton. In a resolution exercising its powers to grant relief from the Sign Ordinance's requirements, Canton described its process as "the <u>subjective</u> application of the remedial powers vested in the ZBA." Compl. Ex.9, ECF 1-10, PageID.128 (emphasis added). The record also contains a separate admission

3

where Canton admits it accepted a large payment of cash "[a]s an <u>enticement</u> for the Township <u>to exercise its discretion</u>" in providing "[v]ariances to the sign ordinance requirements." Compl. Ex.11, ECF 1-12, PageID.138 (emphasis added). Canton's own admissions concede the constitutional defect at the center of this case.

**IV. *Rzadkowolski* and *R.S.W.W.* confirm the constitutional defects.**

Once again, Canton cites two unpublished cases for propositions neither supports. First, Canton relies on *Rzadkowolski v. Metamora Township* for the proposition that its subjective variance standards can be considered precise and definite if backed by "additional language that resolve[s] the infirmities." Canton Br., PageID.1522. Fair enough. But Canton never points to any "additional language in the ordinance" that "define[s]" its subjective and arbitrary standards. *Rzadkowolski,* No. 14-12480, 2016 WL 3230535, at *3 (E.D. Mich. June 13, 2016). The "criteria" are not backed by the "objective and specific definitions" Canton itself says are "necessary for the standards to pass constitutional muster." Canton Br., PageID.1524 (cleaned up). Second, Canton cites (but tellingly doesn't quote) *R.S.W.W., Inc. v. City of Keego Harbor* in support of the erroneous proposition that "the availability of judicial review of the ZBA's decision mitigates against a claim that the permitting process is an unconstitutional prior restraint." Canton Br., PageID.1525. *R.S.W.W.* said no such thing. The district court upheld the ordinance in that case because it "d[id] not grant overly broad discretion" *in addition* to containing "effective judicial review." *R.S.W.W.*, No. 98-40377, 2006 WL 1155228, at *4 (E.D. Mich. May 1, 2006). Canton has the review, but not the standards

4

– which is exactly backwards from what the case law requires. *See City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 758-59, 771 (1988) (cleaned up) (holding that "judicial review . . . cannot substitute for concrete standards to guide the decision-maker's discretion"). Its scheme is far from content-neutral because a regulation of speech "that allows arbitrary application is inherently inconsistent with a valid time, place, and manner regulation because such discretion has the potential for becoming a means of suppressing a particular point of view." *Forsyth Cnty., Ga. v. Nationalist Movement*, 505 U.S. 123, 130 (1992) (cleaned up). Judicial review is no substitute for the "narrow, objective, and definite standards" the First Amendment requires. *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 151 (1969).

**V. Canton drops the ball on the conditions clause.**

A speaker who clears the Section 6A.04 gateway and downstream "criteria" is still not free to speak. Canton "may impose conditions with an affirmative decision." § 27.05.C.3. Canton admits this clause is material,[1] but fails to point to the objective standards necessary to cabin this open-ended discretion. That's fatal because this defect independently renders Canton's scheme unconstitutional on its face. *See Lakewood*, 486 U.S. at 769-70 (cleaned up) (holding that imposing "terms and conditions" in the

---

[1] Canton's admission simultaneously faults Outdoor for not pointing out that Canton purports to derive this power under "*section 603 of the Michigan Zoning Enabling Act.*" Canton Br., PageID.1506. But that section does not authorize Canton to impose conditions on speakers and does not cabin those conditions by any standards. It merely describes the questions the ZBA may hear and the vote margins required to act. How is that relevant?

5

permitting of speech where "deemed necessary and reasonable" is unconstitutional). In any case, Canton's habitual failure to defend on this front "waive[s]" the argument. *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997).

## VI. Canton continues to ignore the substantive doctrine and the law of the case.

Canton remains silent on the remedial framework the substantive doctrine prescribes in this case. It concedes Outdoor complains that "the *Sign Ordinance* functions as an unconstitutional prior restraint on speech," *compare* Canton Br., PageID.1506, *with* Compl. ECF 1, ¶149, that the Sixth Circuit held that "Outdoor has standing to bring its facial challenge," *id.* at PageID.1507, but then incorrectly asserts Outdoor's standing is "limited to its challenge to ZO § 6A.04 and ZO § 27.05." *Id.* at PageID.1518. That assertion misreads the complaint, the Sixth Circuit's holding, and the substantive doctrine that controls the remedy. None permits the slicing Canton wants.

The Sign Ordinance functions as an integrated scheme of prior restraint because the discretionary provisions are expressly linked to "any" of its restrictions. § 6A.04. The Sign Ordinance itself says so. *Id.* And the Sixth Circuit said so. *Outdoor II*, 155 F.4th at 786-87 (emphasis added) ("[W]e can't excise the *discretionary provisions* to make the prior restraint claim disappear."). Because the cure to the constitutional problem "is to incorporate" the standards into a defective scheme of prior restraint, *Freedman v. State of Md.*, 380 U.S. 51, 60 (1965) (emphasis added), an "ordinance providing for unbridled licensing discretion is void on its face." *Lakewood*, 486 U.S. at 756 (cleaned up). The Sixth Circuit confirmed the remedial roadmap in *Troy* holding that:

6

> [T]he variance provision of the . . . Sign Ordinance . . . is not independent from other provisions of the ordinance, but rather *inextricably linked to them* by providing a way of relaxing the very restrictions imposed by the Sign Ordinance. It would amount to circular logic to say that [the plaintiff] lacks standing to challenge the ordinance because it challenges the very provision that gives it standing to challenge the ordinance. Such an approach would render the constitutionality of most variance provisions unreviewable. *Int'l Outdoor, Inc. v. Troy*, 974 F.3d 690, 702 (6th Cir. 2020).

Canton offers no engagement with *Lakewood*, *Freedman*, or *Troy*, nor does it attempt to square its "limited" remedial hopes with the plain language of the complaint or the Sixth Circuit's own words in this case. Its argument here is simply unserious.

## VII. Canton continues to misunderstand Rule 56.

Canton says Outdoor has failed to provide "evidence supporting its contention that it wished to display other signs in the Township." Canton Br., PageID.1506. Not true. Fed. R. Civ. P. 56(c)(1) requires a party disputing a fact to support the assertion by citing materials such as "declarations." Outdoor has provided two. Canton has provided nothing. Nor could it in this instance because "[s]elf-censorship is immune to an 'as applied' challenge, for it derives from the individual's own actions, not an abuse of government power." *Lakewood*, 486 U.S. at 757. That's why "courts must entertain an immediate facial attack on the law." *Id.* at 759.

Respectfully submitted,
By: /s/Donald R. Sheff II
   Donald R. Sheff II (P78262)
OUTDOOR ONE COMMUNICATIONS LLC
Attorney for Plaintiff
220 South Main Street
Royal Oak, Michigan 48067
Date: April 17, 2026          248-289-5895 │dsheff@primesitellc.com

7

## CERTIFICATE OF SERVICE

I hereby certify that, on April 17, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

By:/s/Donald R. Sheff II
    Donald R. Sheff II (P78262)
General Counsel
OUTDOOR ONE COMMUNICATIONS LLC
Attorney for Plaintiff
220 South Main Street
Royal Oak, Michigan 48067
Date: April 17, 2026       248-289-5895 │ dsheff@primesitellc.com